IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | Case No. BK 19-41937 |
| | ) | |
| BRIAN C PODWINSKI, | ) | |
| | ) | |
| | ) | |
| Debtor(s). | ) | Chapter 7 |

**OBJECTION TO AMENDED MOTION TO EXTEND TIME FOR FILING OBJECTION TO DISCHARGEABILITY AND ADVERSARY ACTION BY CREDITORS TOMEK & DELOZIER**

COME(S) NOW the Debtor(s), by and through his attorney, John A. Lentz, and hereby resists the Amended Motion to Extend Time for Filing Objection to Dischargeability and Adversary Action ("Motion to Extend") by Charles S. Tomek and Tadd Delozier ("Creditors") for the following reasons and each of them:

1. Debtor admits that he consented to an initial extension of the deadline for Creditors to file a complaint objecting to discharge, which extended the deadline from March 23, 2020 to June 21, 2020.
2. Debtor admits this extension was to allow the parties to discuss a possible settlement of Creditors' intention to file a complaint objecting to discharge.
3. Debtor admits he and Creditors had several discussions related to settlement, however, he disputes Creditors' assertion that a full and complete settlement was arrived at between the parties.
4. Debtor would state that Creditors' "reduction to writing" of the terms was a list prepared by Creditors' counsel of terms that had been discussed. No drafted agreement was ever prepared by either Creditors' attorneys or Debtor's counsel. Neither party signed any agreement and it was not a fully formed agreement at the time.
5. Debtor would state that the parties were still negotiating terms of settlement until and through Creditors' extended deadline to file their complaint on June 21, 2020.
6. Creditors argue in their motion that Debtor's statement concerning terms being acceptable, with some considerations/suggestions for actual settlement induced Creditors' counsel to refrain from protecting Creditors' interest by filing either an additional motion to extend deadline, or filing a complaint. However, deadlines and the filing of a complaint, or abandonment thereof was never a term discussed by the parties. In addition, in an email dated June 17, 2020, counsel for Creditors informed Debtor's counsel the deadline to file complaint was in July, stating "Our July discharge objection deadline is looming and Chuck and Tadd want this done. I'm sure Brian wants that too." Debtor's counsel assumed this was accurate since it was Creditors' deadline to keep track of.
7. To now state that the missed deadline was purposeful is disingenuous and an outright misrepresentation to this Court.
8. As of June 19, 2020, Creditors and Debtor were still negotiating possible repayment terms and possible repercussions in the event of default. Debtor continued discussions

9. upon the mistaken assertion by Creditors' counsel that the deadline to object to discharge was in July, but was not aware that was a false assertion.

9. On June 24, 2020, Debtor's counsel and Creditors' counsel discussed the status of settlement in the context of an upcoming hearing set for later that week concerning Debtor's Motion to Avoid Lien of Tomek. Creditors' counsel indicated "Based on my discussions with my clients this afternoon, I believe we are **tentatively** settled." At this time, no drafted settlement agreement had been proposed and no particular language reviewed other than general terms.

10. Debtor discovered that Creditors had missed their deadline on June 24, 2020 and promptly notified Creditors' counsel that Debtor did not desire to continue settlement negotiations as a result of Creditors' abandonment of their potential claim(s).

11. The deadline imposed by Rule 4007(c) is strictly construed and permits an extension of time only when the request is filed before the time has expired. *See e.g.*:
    *Grand v. Harbaugh* (In re Harbaugh), 301 BR 317 (8th Cir. BAP 2003);
    *In re Earlywine*, 2016 Bankr. LEXIS 1832, No. 15-01359 (Bankr. S.D. Iowa, April 25, 2016);
    *Bel Fury Inv. Group, LLC v. Kacin*, (In re Kacin), 2010 Bankr. LEXIS 1868, No. 09-82566 (Bankr. D. Neb. June 8, 2010)
    *Hruza v. Holt*, (In re Holt), 1997 Bankr. LEXIS 2415, No. 96-82049 (Bankr. D. Neb. May 1, 1997);
    *In re Julien*, 2012 Bankr. LEXIS 2764, No. 10-82442 (Bankr. D. Neb. June 18, 2012);
    *Mitchell v. Begelow*, (In re Mitchell), 2008 Bankr. LEXIS 1, No. 05-05637 (Bankr. N. D. Iowa January 3, 2008);

12. No impairment prevented Creditors from preserving their ability to file a Complaint or an additional extension of the deadline under Rule 4007(c). No negotiation was had as to Creditors impairing their ability to file a timely complaint or filing a timely request to extend deadline.

13. Many courts have found that there is no equitable exception, or it is a very limited tolling and which requires extraordinary circumstances to deviate from the strictly enforced deadline under Rule 4007(c). *See e.g.*,:
    *Anwar v. Johnnson*, 720 F. 3d. 1183 (9th Cir, 2013);
    *Seyedan v. Beauty Illusions, Inc.* (In re Kanaan), 217 Bankr. LEXIS 295, No 16-10443 (Bankr. C.D. Cal. February 1, 2017) ;
    *Martin v. Thompson* (In re Thompson), 2018 Bankr. LEXIS 2429, No. 18-1018 (Bankr. E.D. Tenn. August 15, 2018);
    *United Cmty. Bank v. Harper*, (In re Harper), 489 B.R. 251 (Bankr. N.D. Ga. 2013);
    *Deere & Co. v. Grabowski*, (In re Grabowski), 2016 Bankr. LEXIS 2015, No. 15-40381 (Bankr. S.D. Ill. May 16, 2016)
    *In re Bressler*, 600 B.R. 739 (Bankr. S.D. N.Y. 2019).

14. Creditors can point to no extraordinary circumstance that prevent them from preserving their pursuit respect to dischargeability.

15. The goals of the Bankruptcy Code concerning Debtor's fresh start place the burden of diligence upon Creditors under the very unambiguous Rule 4007(c).

WHEREFORE Debtor(s) pray that Creditors' Motion to Extend be denied.

By:   /s/ John A. Lentz
John A. Lentz, #24420
Lepant & Lentz, PC, LLO
650 J Street, Suite 215B
Lincoln, NE 68508
(402) 421-9676
john@lepantandlentz.com
Attorney for Debtor(s)

**CERTIFICATE OF SERVICE**

The undersigned relies on the ECF system to provide notice of the foregoing to the Office of the United States Trustee, John Stalnaker, Chapter 7 Trustee and counsel for Creditors, Charles S. Tomek and Tadd Delozier.

 /s/ John A. Lentz
John A. Lentz