IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | Case No. BK 19-419637 |
| | ) | |
| BRIAN C PODWINSKI, | ) | |
| | ) | |
| | ) | |
| Debtor(s). | ) | Chapter 13 |

## <u>OBJECTION TO MOTION TO APPROVE COMPROMISE AND ENFORCE SETTLEMENT</u>

COME(S) NOW the Debtor(s), by and through his attorney, John A. Lentz, and hereby resists the Motion to Approve Compromise and Enforce Settlement ("Motion to Compromise") for the following reasons *in addition to Debtor's Objection to Amended Motion to Extend Time for Filing Objection to Dischargeability and Adversary Action* filed by Charles S. Tomek and Tadd Delozier ("Creditors"), and each of them:

1.  As noted in Debtor's other objection, Creditors failed to preserve their ability to file a complaint objecting to discharge, and failed to request an extension prior to the dischargeability deadline, which is strictly enforced, under Rule 4007(c).

2.  Creditor's lack of diligence is not due to any extraordinary circumstance that prevented them from preserving their claims and there is limited, or no equitable exception to Rule 4007(c)'s deadline.

3.  Creditors would have this Court believe that they intentionally did not file a motion to extend deadline or file a complaint to preserve their claim due to the alleged "full settlement with specific, enforceable terms."  However, this proposition is disingenuous.  There were no terms related to the filing of an extension or complaint, or agreements as to not filing such items in any settlement negotiations.  In an email dated June 17, 2020, counsel for Creditors informed Debtor's counsel that the deadline to object to discharge was extended to July.  The undersigned believed Creditors' counsel knew his deadlines and relied upon this material statement until June 24th when he discovered this was in fact not the case and discussed with Debtor, who immediately caused undersigned to inform Creditors' counsel that Debtor no longer wished to negotiate a settlement due to the passing of the deadline.

4.  The assertion in an email dated June 17th  made by counsel for Creditors as to the deadline was mistaken and Debtor relied upon this assertion in continuing to negotiate after June 21, 2020.  This mistake is material in that the deadline imposed by Rule 4007(c) is strictly enforced.  Such mistake would allow Debtor to rescind any alleged agreement, however, Debtor still would argue no fully enforceable agreement was ever arrived at.

5.  Under contract law, this mistake was either mutual or it was unilateral:
    a.  If mutual mistake, then both parties must be mistaken as to a material fact.  A "hard and fast" deadline under the Bankruptcy Code is material to settlement regarding Creditors' rights which expired upon the deadline of June 21, 2020.  Thus, Debtor could and did rescind;

    b.      If the mistake was unilateral, Creditors induced Debtor to believe the deadline was not until July by their counsel's assertion, to which Debtor was not aware was mistaken until June 24, 2020 and Debtor immediately ceased any further settlement discussion after learning of the deadline passing.

6.      Prior to Debtor withdrawing from settlement discussion, on June 24, 2020, Creditors' counsel indicated that it appeared "we are **tentatively** settled."

7.      No proposed agreement had been provided to counsel or Debtor of the alleged "full settlement with specific, enforceable terms" prior to Debtor's withdrawal from negotiation.

8.      As of June 19, 2020, the parties were still negotiating possible repayment terms and repercussions in the event of default.  Debtor continued to act in good faith to find a settlement and received no response to some of his concerns until after the deadline on the 21st of June.

9.      Because as of June 21, 2020, Creditors' time to file either a complaint objecting to discharge or another extension of that deadline, lapsed, there was no matter in controversy of which to settle upon, irrespective of any prior negotiations between the parties.

10.      In addition to the uncertainty of counsel for Creditors' assertion that "we are **tentatively** settled," as of June 21, 2020,  and due to various options proposed back and forth, it is anybody's guess what the actual term Creditors agreed to given the fact that Debtor never received an actual legally binding document to which he was asked to bind himself.  Debtor was still concerned with the following items that, to the best of his belief were not agreed upon by the parties:

    a.      Term of payback was unclear and Creditors' desire for a shorter term with balloon payment was not yet determined. Repayment start date was still an open question;

    b.      Payment start date;

    c.      Cure provision affording flexibility due to some large tax debt contemplated to be owed by Debtor to IRS.

11.      Debtor has never and would never admit to the debts owed to Creditors as being non-dischargeable for any reason under 11 U.S.C. §523.  This was indicated early on and Debtor remained consistent in the assertion that he did not commit any acts that would lead a trier of fact to determine the debts were nondischargeable if a trial were had.  Instead, even though the claims by Creditors were for a substantial amount of money, Debtor did not wish to risk the possibility of losing at trial, incurring more expenses for his own attorney and risk incurring more expenses of counsel for Creditors.  Debtor was and still is in a bad financial position and could not and can not afford the costs to defend himself in an adversary.

12.      As indicated in Debtor's other objection to Creditors' motion, Many courts have found that there is either no equitable exception, or is very limited which requires extraordinary circumstances to toll or deviate from the deadline set by Rule 4007(c).

13.      Nothing in the settlement negotiations or otherwise caused a situation where Creditors could not preserve their claims by filing either a motion to extend deadline or a complaint to determine dischargeability.

14.      Debtor and his counsel never misled Creditors or their counsel about deadlines.  Rather, Creditors' counsel misled Debtor and his counsel.

WHEREFORE Debtor(s) pray that Creditors' Motion to Approve Compromise and Enforce Settlement be denied.

By:    /s/ John A. Lentz
       John A. Lentz, #24420
       Lepant & Lentz, PC, LLO
       650 J Street, Suite 215B
       Lincoln, NE 68508
       (402) 421-9676
       john@lepantandlentz.com
       Attorney for Debtor(s)

## CERTIFICATE OF SERVICE

The undersigned relies on the ECF system to provide notice of the foregoing to the Office of the United States Trustee, John Stalnaker, Chapter 7 Trustee and counsel for Creditors Charles S. Tomek and Tadd Delozier.

       /s/ John A. Lentz
       John A. Lentz