UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In re: | ) | CASE NO. BK 19-41937 |
| | ) | |
| BRIAN C PODWINSKI | ) | |
|     Debtor, | ) | |
| | ) | |

**MOTION FOR JUDGMENT ON THE PLEADINGS,
OR REQUEST FOR
DETERMINATION BY THIS COURT AS TO EQUITABLE TOLLING OF RULE 4007(c) or
4004(a) DEADLINES**

    COMES NOW the Debtor, Brian C. Podwinski, and pursuant to Fed. R. Civ. P. 12(c), and Fed. R. Bankr. P. 7002, 7007, and 7012, respectfully requests that this Court dismiss with prejudice, Creditors, Charles S. Tomek and Tadd Delozier's: (1) Motion to Approve Compromise and Enforce Settlement; and (2) Amended Motion to Extend Time for Filing Objection to Dischargeability and Adversary Action. As more fully set forth in Debtor's Brief filed contemporaneously herewith, Debtor would state:

1. Creditors have filed two motions. One of which seeks extension of Rule 4007(c)'s deadline to file a complaint requesting determination of discharge and the other requests this Court approve a compromise and enforce a settlement between the parties.

2. Both of Creditors' motions rely upon equitable doctrines of promissory estoppel, equitable estoppel, equitable tolling and waiver and forefeiture.

3. Creditors' motions request this court enter a judgment as to non-dischargeability of the debts owed to them and **not** a wholesale denial of discharge under 11 U.S.C. §727.

4. Creditors have not alleged the debt falls within the kind specified by 11 U.S.C. §523(a)(1), (3), (5), (7) or (8)-(19), which means the Complaint by Creditors would likely fall under 11 U.S.C. §523(a)(2), (4), or (6), subject to the deadline found within Rule 4007(c).

5. As more fully detailed in Debtor's Brief in support of this motion, it appears there is a very limited equitable tolling of the deadline imposed by Rule 4007(c).

6. On September 1, 2020, this Court issued an order regarding the parties' Preliminary Pretrial Statement wherein it dictated: "Surely there are relevant facts that the parties can agree to."

7. It is Debtor's position and concern that admitting to relevant facts would waive any argument that there exists limited or no tolling of Rule 4007(c)'s deadline. Thus, Debtor seeks this Court's determination, via this motion, as to whether or not the deadline Creditors have requested an extension of and the purported compromise and settlement can be tolled/enforced by this Court's equitable powers considering Rule 4007(c)'s strict deadline.

        Brian C. Podwinski, Debtor

By:   /s/ John A. Lentz
John A. Lentz, #24420
Lepant & Lentz, PC, LLO
650 J St., STE 215B
Lincoln, NE 68508
402-421-9676
John@lepantandlentz.com
Attorney for Defendant(s)

## NOTICE OF RESISTANCE DATE

YOU AND EACH OF YOU ARE HEREBY NOTIFIED, pursuant to Neb. R. Bankr. P. 9013, that on September 11, 2020 the undersigned filed the attached Motion To Dismiss Plaintiff's Adversary Proceeding in the above-entitled case in the office of the Clerk of the U.S. Bankruptcy Court. Any resistance or request for hearing on said motion must be filed and served by **October 2, 2020.** Pursuant to Local Rule 9013, any resistance or objection to said motion shall set forth the specific factual and legal basis for the objection/resistance and conclude with a particular request for relief. If the resistance period expires without the filing of any resistance or request for hearing, the Court will consider entering an order granting the relief sought without further hearing. If a timely resistance or request for hearing is filed and served, the clerk shall schedule a hearing.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed with the Clerk of the Bankruptcy Court using the CM/ECF system, which sent notification of such filing to the following on this 11th day of September, 2020:

The United States Trustee

John Stalnaker, Chapter 7 Trustee

Counsel for Creditors Charles S. Tomek and Tadd Delozier at:

dkoukol@westomahalaw.com, michele@westomahalaw.com

        /s/ John A. Lentz
        John A. Lentz