UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In re: | ) | CASE NO. BK 19-41937 |
| | ) | |
| BRIAN C PODWINSKI | ) | |
|     Debtor, | ) | |
| | ) | |

**DEBTOR'S BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

**I.   INTRODUCTION**

This Court has set matters for trial arising from a dispute between Charles S. Tomek and Tadd Delozier ("Creditors") who are creditors of Debtor, Brian C. Podwinski ("Debtor"). The dispute has arisen based on Creditors' two motions: (1) Amended motion to Extend Time for Filing Objection to Dischargeability and Adversary Action (Docket #48) ; and (2) Motion to Approve Compromise and Enforce Settlement (Docket #52), which both motions have been objected to by Debtor.

It is Debtor's position that, based on case and statutory law, the basis Creditors cite for the relief requested being wholly equitable in nature, is neither applicable nor compelling in either extending or forgiving the deadline to either object to discharge or request this Court to determine dischargeability of the debts owed to Creditors. The deadline to object to discharge either under Rule 4007(c) or Rule 4004 is strictly adhered to based on Rule 4004(b) and precedent regarding Rule 4007(c). For the reasons indicated below, there is no material facts as alleged by Creditors to which this Court can order the remedy Creditors seek, and Debtor is entitled to judgment as a matter of law, denying both of Creditors' motions. In the alternative, if this Court should decide there are indeed matters of fact to be decided which would affect this Court's decision, Debtor requests a determination by this Court as to the equitable tolling of the deadlines imposed by Rules 4004 and 4007(c) and a determination of what facts are necessary for Creditor's equitable argument for purposes of conducting an efficient trial on the

matter.

## II. FACTS ALLEGED

Taking Creditors' two motions into consideration, and Debtor's response, the facts alleged are the following:

1. Debtor filed a voluntary petition under Chapter 7 bankruptcy on November 21, 2019;

2. Creditor Tomek has at least one secured claim reduced to judgment;

3. Creditor Delozier has at least one unsecured claim not reduced to judgment;

4. Creditors are owed approximately $400,000.00

5. The Deadline to object to dischargeability was initially set by this Court as March 23, 2020;

6. Creditors requested, and Debtor consented, to an extension of the deadline for objecting to dischargeability on March 20, 2020, which was extended by this Court only as to Creditors to June 21, 2020 (Docket Nos.: 24 and 28);

7. Creditors allege that the parties utilized the extended time to negotiate a full settlement with specific enforceable terms including payment, payment timing, security, non-dischargeability and other terms of enforcement to be contained in a written settlement agreement and that such terms were reduced to writing and circulated by the parties on April 22, 2020 for approval. Debtor has denied this.

8. Creditors allege that the parties treated the matter as settled from approximately April 22, 2020 through present, and the last few months were utilized in finishing up miscellaneous provisions. Debtor has denied this.

9. On June 16, 2020, Debtor's counsel confirmed via email to Creditors' counsel that "Brian's good with the terms as outlined" noting only "just a few

considerations/suggestions for a stip."

10. Creditors allege that the email from Debtor's counsel on June 16, 2020 induced them to not pursue filing an adversary action or extension of the deadline by June 21, 2020.

11. On June 24, 2020, Creditors confirmed their agreement to final settlement terms via email to Debtor's counsel;

12. Later, Debtor's counsel indicated Debtor no longer will settle the matter because of the passing of the deadline to file the adversary;

13. Debtor has admitted the following:

   a. That he consented to an initial extension of the deadline for Creditors to file a complaint objecting to discharge;

   b. That he and Creditors, through counsel, had several discussions regarding a possible settlement.

### III.    ARGUMENT

**A.    Legal Standards for a Rule 12(c) Motion For Judgment on the Pleadings**

"'Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law,'" *Ashley Cty. v. Pfizer*, 552 F.3d 659, 665 (8th Cir. 2009) (*quoting Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006)).  It is Debtor's argument that the facts cited by Creditors, whether agreed to by Debtor or not, are not material facts given case and statutory law on the deadlines imposed by Rule 4004 and Rule 4007(c).

**B.      Creditors' Motions Fail to State a Claim Upon Which Relief Can be Granted, and this Court can decide on the relief requested by virtue of law rather than fact.**

<u>1.      Creditors Did Not Request An Extension of the Deadline Imposed by Rules 4004 and 4007 of the Federal Rules of Bankruptcy Procedure, as Extended by This Court, or File a Complaint prior to Said Deadline</u>.

Although Creditors have not particularly described the basis for objecting to Debtor's discharge in either of their motions, or in the original unopposed motion to extend time, they also haven't made any allegations which would allow such objection to fall under any subsection of 11 U.S.C. §727(a) or 11 U.S.C. §523.  Regardless of the basis for objection to discharge, Creditors failed to either request an extension of the extended deadline this Court set prior to June 21, 2020, or file a timely complaint objecting to discharge preserving their claims against Debtor's discharge generally.

Under Rule 4004(a) of the Federal Rules of Bankruptcy Procedure, "a complaint, or a motion under §727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a)."  Rule 4004(b) indicates that the time period proscribed by the rule may be extended **if and only if** the motion is filed before the time has expired subject to the exceptions found in Rule 4004(b)(2), which states that a late motion is allowable if:

> "A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to permit an objection. The motion shall be filed promptly after the movant discovers the facts on which the objection is based."

"Only the Court may grant extensions after notice and hearing, and even then, the motion for an extension to object to discharge must be made before the time to object to the discharge expires."  In re Perez, 177 B.R. 319, 322 (Bankr. D. Neb. 1995).  Creditors have identified no facts which would tend to suggest a late objection should be allowed under Rule 4004(b)(2).

Under Rule 4007(c), the time to file a complaint under 11 U.S.C. §523(c) in a Chapter 7 Liquidation, among others, is "no later than 60 days after the first date set for the meeting of creditors under §341(a)." However, that subsection of the Rule also indicates, "On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." 11 U.S.C. 523(c) subjects the deadline if the objecting party finds basis for objection to discharge under 11 U.S.C. §§523(a)(2); (4) and (6). In other words, if the complaint objecting to discharge finds basis under 11 U.S.C §§523 (a)(2), (4) or (6), then it must be filed no later than 60 days after the first date set for the meeting of creditors, unless, by motion, after hearing on notice, the court, for cause, extends the deadline, but only prior to expiration of the deadline.

Creditors have neither filed a complaint objecting to discharge, asked for a further extension of the deadline prior to expiration, nor have Creditors identified the ultimate basis for said objection in their Motions. However, one can surmise based on the compilation of settlement terms attached to Creditors' Motion to Approve Compromise and Enforce Settlement, and specifically the reference to 11 U.S.C. §523(a)(4) on page 2, that the basis Creditors would have argued is found within subsection (a)(2), (a)(4) or (a)(6) of 11 U.S.C. §523. Creditors have simply failed to preserve their action by filing a timely complaint or an extension of the deadline. Based on Federal Rules of Bankruptcy Procedure, Creditors are out of time and their motions requesting extension of time and enforcement of a settlement agreement for a claim Creditors failed to preserve should be denied.

In deciding whether or not to extend the time proscribed by both Rules 4004(b) and 4007(c), if the **motion for extension is not filed within the required deadline, the Court has no discretion to grant the motion.** 9 *Collier on Bankruptcy* ¶4004.03[1] (16th Ed. 2009) (*citing In re Santos*, 112 B.R. 1001 (B.A.P. 9th Cir. 1990); *Dombroff v. Greene* (In re Dombroff), 192 B.R. 615 (S.D.N.Y. 1996); *In re Harvey*, 69 B.R. 411 (N.D. Ohio 1987); *In re McDowell*, 85 B.R. 717 (M.D. Pa. 1986); *In re Whitfield*, 41 B.R. 734 (Bankr. W.D. Ark. 1984); *Vazquez v. Cruz* (In re Cruz), 323 B.R. 827 (B.A.P. 1st Cir. 2005);

*Noll v. Noll* (In re Noll), 249 B.R. 568 (M.D. Fla. 2000).  Additionally, Bankruptcy Rule 9006(b)(3) indicates "Enlargement Governed By Other Rules. The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 4008(a), 8002, and 9033, **only to the extent and under the conditions stated in those rules**" (emphasis added).

2. Creditors' Equitable Arguments Fail Because Creditors Can Not Show Something Extraordinary Stood in Their Way in Requesting Extension of, or filing a Complaint prior to the Deadlines Imposed by Rules 4004 and 4007(c) of Federal Rules of Bankruptcy Procedure.

Creditors have identified a myriad of equitable arguments in support of both further extending the deadlines imposed by Rules 4004 and 4007.  This includes promissory estoppel, waiver and forfeiture, equitable tolling, and equitable estoppel.  Creditors reference various state law cases regarding these equitable concepts in the context of settlement, however, it appears that this Court as well as courts in the Eighth Circuit and across the country have only applied equity to remedy a missed deadline with respect to objections to discharge in very limited circumstances.  The case at hand does not present one of these limited circumstances.  In addition, "[t]hese [equitable] defenses must be applied in a manner consistent with the Bankruptcy Code and 'the manifest goals of Congress to resolve the matter of dischargeability promptly and definitively in order to ensure that the debtor receives a fresh start unobstructed by lingering doubts about the finality of the bankruptcy decree.'  *Deere & Co. v. Grabowski* (In re Grabowski), Nos. 15-40381, 16-04000, 2016 Bankr. LEXIS 2015, at *10 (Bankr. S.D. Ill. May 16, 2016) (*quoting* Grabitske, 2010 U.S. Dist. LEXIS 96856, 2010 WL 3666990 at * 5 (*citing* United States v. Locke, 471 U.S. at 94, n. 10)).

The deadline by Rule 4007 (and arguably 4004) is to be "strictly construed, similar to a statute of limitations." *In re Earlywine*, No. 15-01359-als7, 2016 Bankr. LEXIS 1832, at *6 (Bankr. S.D. Iowa Apr. 25, 2016) (*citing* Harbaugh (In re Harbaugh), 301 B.R. 317, 320 (B.A.P. 8th Cir. 2003): ('The rule permits the court to extend that deadline for cause,' but such a motion must be filed before the sixty (60)

day deadline expires.")).  Regardless of what occurred prior to the time Creditors missed the extended deadline they obtained to object to discharge, Creditors simply failed to abide by the Rules, which are to be strictly construed.

Creditors' waiver and forfeiture claims stems from a United States Supreme Court case wherein the:

> Court held that the time limit in Rule 4004(a) is not a matter of subject matter jurisdiction, but rather a procedural complaint-processing rule.  Therefore, a debtor who did not raise the untimeliness of a creditor's complaint until after the bankruptcy court had granted summary judgment to the creditor was precluded from arguing that the court had no jurisdiction to enter that judgment.  The debtor had 'forfeited' the right to raise timeliness by failing to raise it in time...The Supreme Court expressly declined to rule on whether there could be equitable exceptions to the deadline...The better view is that Rule 4007© provides the only circumstances in which the deadline can be extended.

9 *Collier on Bankruptcy* ¶4004.04[1][a] (16th Ed. 2009) (*citing Kontrick v. Ryan*, 540 U.S. 443 (2004); *In re Alton*, 837 F.2d 457, 459 (11th Cir. 1988); *Neeley v. Murchison*, 815 F.2d 345, 346-47 (5th Cir. 1987). But see *Nardei v. Maughan* (In re Maughan), 340 F.3d 337 (6th Cir. 2003) (time limit subject to equitable tolling); *European Am. Bank v. Benedict* (In re Benedict), 90 F.3d 50, 36 C.B.C.2d 550 (2d Cir.1996) (time limit waived by debtor's stipulation to extend time). *See also,* 9 *Collier on Bankruptcy* ¶4004.02[4] (16th Ed. 2009) (Likewise, "The better view is that Rule 4004(b) provides the only circumstances in which the deadline can be extended.").  Notably, the Supreme Court found that a debtor forfeited the defense of the untimeliness of a creditor's complaint objecting to discharge because the debtor did not raise the defense until after the lower court had awarded summary judgment.  This case does not stand for the position that waiver and forfeiture can be an equitable remedy for a creditor who misses a deadline to object to dischargeability prior to litigation.  In fact, **"the timeliness issue may be raised any time before the case is litigated**." *Bel Fury Inv. Grp., LLC v. Kacin* (In re Kacin), Nos.

BK09-82566-TJM, A10-8001-TJM, 2010 Bankr. LEXIS 1868, at *1-2 (Bankr. D. Neb. June 8, 2010) (emphasis added)).  Debtor raised timeliness well before the case has been litigated.  In fact, technically, there's no case yet since Creditors still have not filed a Complaint.

This Court has decided a matter similar to this case at hand.  In *In re Julien*, this Court denied a creditor's motion for extension of time as required by Rule 4007(c) based on newly discovered evidence because the creditor could not show it diligently pursued or investigated its rights prior to the expiration date and could not point to any extraordinary circumstances that stood in its way prior to that date even while debtor was not cooperative during a Rule 2004 examination.  In doing so, this Court did point that the deadlines required by Rules 4004 and 4007 are not jurisdictional and are thus subject to the defenses of waiver, estoppel and equitable tolling. however, only under certain circumstances.  *In re Julien*, No. BK10-82442-TLS, 2012 Bankr. LEXIS 2764, at *5-6 (Bankr. D. Neb. June 18, 2012) (*citing Block v. Moss* (In re Moss), 266 B.R. 408, 414 (8th Cir. BAP 2001)).  This court pointed to the fact that a:

> 'litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'...Equitable exceptions to the deadline in Bankruptcy Rule 4007© must be construed strictly in favor of the debtor and  consistent with the goal of promptly resolving dischargeability issues.

In re Julien, No. BK10-82442-TLS, 2012 Bankr. LEXIS 2764, at *5-6 (Bankr. D. Neb. June 18, 2012) (*quoting* Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); (*citing* Opportunity Bank, N.A. v. Martinsen (In re Martinsen), 449 B.R. 917, 924 (Bankr. W.D. Wis. 2011)).  Although this Court did not point to a definition of "extraordinary circumstance." in this context, a definition in a legal context could be:

> Circumstances that are rare and extreme when compared to likely circumstances. Extraordinary circumstances are events or conditions so different from the circumstances that one would reasonably expect, that the circumstances justify unusual

> treatment under the law. In particular, extraordinary circumstances justify the revision of a court order, a contract, a treaty, or other instrument, in order to reflect a change in circumstances from those anticipated in the future as it was predictable at the time of the original order, contract, treaty or other instrument.

Stephen Michael Sheppard, *The Wolters Kluwer Bouvier Law Dictionary Desk Edition*. Another way of defining extraordinary circumstances is to state ""[a] litigant invoking the doctrine [of equitable tolling] must show that timely filing was far beyond his control." *Deere & Co. v. Grabowski* (In re Grabowski), Nos. 15-40381, 16-04000, 2016 Bankr. LEXIS 2015, at *8 (Bankr. S.D. Ill. May 16, 2016) (*quoting In re Ye Young Lee*, 2015 Bankr. LEXIS 216, 2015 WL 251992 at *3 (Bankr.N.D.Ill. 2015)).

In the case at hand, Creditors have claimed that "[b]ecause the parties had settled their positions and disputes with one another, Tomek, Delozier, and their counsel did not believe it was appropriate to file an adversary action and complaint to determine the non-dischargeability of Debtor's debts by June 21, 2020." *Amended Morton to Extend Time for Filing Objection to Dischargeability and Adversary Action*, Doc, # 48, ¶14. Creditors' allegations as to settlement may possibly show that they diligently pursued their rights, however, the other requirement from above is that some extraordinary circumstance stood in Creditors' way. Creditors have pointed to no such circumstance, nor can they. Creditors were able to file a motion to extend time at first, even while discussions of settlement were being made, but has pointed to nothing which made it impossible to do so again, or to file a complaint within the deadline extended by this Court. Moreover, of the list of terms of settlement Creditors have attached to their motion, no mention of **not** filing another motion to extend or **not** filing a complaint objecting to discharge is made. Finally, if Creditors believed the matter was settled, then wouldn't that necessitate the filing of a complaint-something of which to settle? As of June 22, 2020, there simply was no matter to settle between the parties because Creditors failed to preserve their claims.

This Court has also held that there can be an enlargement of the time for taking action under Rule

4007(c) **only to the extent stated within the Rule itself** even if a pleading is received one day late. *Hruza v. Holt* (In re Holt), Nos. BK96-82049, A97-8007, 7, (11, 12), 1997 Bankr. LEXIS 2415, at *3-4 (Bankr. D. Neb. May 1, 1997) ("In addition, this court is prohibited by Fed. R. Bankr. P. 9006(b)3) from enlarging the time limits of Rule 4007(c). Rule 9006(b)(3) provides: 'The court may enlarge the time for taking action under Rule[] . . . 4007(c) . . . only to the extent and under the conditions stated in those rules.' The court may therefore only enlarge the time for taking action under Rule 4007(c) if a party makes a motion for such enlargement prior to the expiration of the sixty day period. Since an extension was not requested in this case, this court is powerless to extend the time period, even by one day."). In *Holt*, this Court dismissed an adversary complaint received by mail one day after the deadline. In that case, this Court did not take into consideration any equitable arguments as to the deadlines imposed by 4004 of 4007.

At least one case has held that a verbal agreement between counsel to extend a deadline objecting to discharge, without timely application to the court can not provide the basis for equitable relief. *In re Bressler*, 600 B.R. 739 (Bankr. S.D.N.Y. 2019). There, debtor's counsel agreed to extend the deadline under Rule 4007, however, that court found that "[A] motion to extend the bar date must be filed prior to the expiration of the bar date and only the court may extend the deadline. To determine otherwise would allow the parties to determine among themselves to what extent the bar date would be extended and would remove the court control over extensions which is mandated by the rules." *In re Bressler*, 600 B.R. 739, 746 (Bankr. S.D.N.Y. 2019) (*quoting Schunck v. Santos* (In re Santos), 112 B.R. 1007-1008 (B.A.P. 9th Cir. 1990)). In addition, the *Bressler* court indicated that equitable estoppel requires reasonable reliance. Under Nebraska law, equitable estoppel requires:

> (1) conduct which amounts to a false representation or concealment of material facts or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such

> conduct shall be acted upon by, or influence, the other party or other persons; (3) knowledge, actual or constructive, of the real facts; (4) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (5) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (6) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel.

*In re Kip*, No. BK15-40070, 2019 Bankr. LEXIS 3100, at *22 (Bankr. D. Neb. Sep. 30, 2019) (*citing Olson v. City of Atkinson, Nebraska*, 2018 U.S. Dist. LEXIS 205827, 2018 WL 6421723, at *3 (D. Neb. Dec. 6, 2018) (*citing* Woodard v. City of Lincoln, 256 Neb. 61, 588 N.W.2d 831, 836 (Neb. 1999)).

Admittedly, the above case is not controlling precedent, however, it is instructive to the extent that this Court and this Court alone has the ability to extend the deadline. Congress has decided that the deadlines under both Rule 4004 and Rule 4007 can not be extended prior to the expiration of their deadline. This Court initially extended the deadline via its authority, however, Creditors' subsequent request to extend the deadline is untimely and should be denied. In the *Bressler* case, the parties had agreed to extension of the deadline, but that was held to be insufficient to toll the deadline. In the case at hand, not only was there no agreement as to extension of deadline, but there was no agreement as to the lack of filing of a complaint by Creditors. To reward Creditors' lack of diligence at the peril of Debtor is contradictory to the Code and this Circuit's adherence to abiding by the deadline imposed by Rule 4007 strictly. Moreover, Creditors have not plead, nor can they plead reasonable reliance upon any statement by Debtor with respect to the deadline to object to discharge. Nothing within the list of terms attached to Creditors' motions indicate any discussion or agreement as to deadlines or the desire by Debtor for Creditors to not file their complaint in a timely manner. The reliance Creditors point to is aimed at the fact that the parties discussed settlement and terms of settlement. Once June 22, 2020 arrived, there was no matter to settle and Creditors can not now state that they reasonably relied upon settlement discussions to **not** preserve their claim in Debtor's bankruptcy.

Finally, Creditors appeal to the doctrine of promissory estoppel, which this Court has identified as "'a promise which the promisor should reasonably expect to induce action or forbearance is binding if injustice can be avoided only by enforcement of the promise. Promissory estoppel requires that reliance be reasonable and foreseeable.'" *Weitz Co., L.L.C. v. Great W. Bank* (In re Brandeis Lofts, L.L.C.), Nos. BK07-80482-TLS, A07-8048-TLS, 2009 Bankr. LEXIS 2200, at *17 (Bankr. D. Neb. July 21, 2009) (*quoting Cass County Bank v. Dana P'ship*, 275 Neb. 933, 750 N.W.2d 701, 708 (Neb. 2008)). Creditors have pointed to no promises by Debtor as to the deadline to object to dischargeability, nor do Creditors show in their list of settlement terms any agreement as to the deadline to object to dischargeability or the refraining by Creditors from filing a complaint objecting to discharge. There simply is no promise. Even if Debtor had promised to settle the matter **if** Creditors refrained from filing a complaint or preserving their claim, Creditors could not reasonably rely upon such a promise considering it effectually would cause them to abandon their claim against Debtor. Moreover, after June 22, 2020, there was nothing for Debtor to promise since Creditors had abandoned their claim by virtue of the strict deadlines imposed by Rules 4004 and 4007.

## IV.    CONCLUSION

Debtor is entitled to a judgment as a matter of law on both of Creditors' motions. Creditors failed to file a further extension of the deadlines proscribed by Rules 4004 and 4007, and have not plead sufficient facts which would lead this Court to believe either an extended deadline should be provided to Creditors, or that the alleged settlement negotiations should be utilized to toll said deadline, or to enforce settlement of a claim Creditors abandoned by failing to preserve their claims by either filing a complaint in a timely manner, or requesting a further extension of the deadline prior to its expiration as required by statute. After June 21, 2020, there was nothing to compromise: no matter in controversy, no issues for this Court to decide. That remains the case irrespective of any settlement negotiations between the parties and Creditors can point to no facts which will alter the requirements in law or equity of this court in opposition to the tenant that exceptions to the deadlines imposed by Rules 4004 and 4007 must be strictly construed in favor of the debtor and with the goal of promptly resolving dischargeability issues.

                Brian C. Podwinski, Debtor

By:    /s/ John A. Lentz
        John A. Lentz, #24420
        Lepant & Lentz, PC, LLO
        650 J St., STE 215B
        Lincoln, NE 68508
        402-421-9676
        John@lepantandlentz.com
        Attorney for Defendant(s)

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that the foregoing was filed with the Clerk of the Bankruptcy Court using the CM/ECF system, which sent notification of such filing to the following on this 11th day of September, 2020:

The United States Trustee
John Stalnaker, Chapter 7 Trustee
Counsel for Creditors Charles S. Tomek and Tadd Delozier at:
dkoukol@westomahalaw.com, michele@westomahalaw.com

                                                /s/ John A. Lentz
                                                John A. Lentz