# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | BK No. 19-41937-TLS |
| Brian C. Podwinski, | **Resistance to Debtor's Motion for Judgment on the Pleadings** |
| Ch. 7 Debtor. | |

Creditors and interested parties Charles S. Tomek and Tadd Delozier (the "Creditors") pursuant to Neb. R. Bankr. P. 9013 resist Debtor, Brian C. Podwinski's (the "Debtor") Motion for Judgment on the Pleadings (collectively the "Parties"). Creditors reserve the right to submit a supplemental brief in support of this resistance pursuant to any briefing schedule set by the Court. In support of their resistance, Creditors state as follows:

## Factual and Procedural Background

1. On June 25, 2020, Creditors filed an Amended Motion to Extend Time for Filing Objection to Dischargeability and Adversary Action (the "Motion to Extend"). (Filing 48).

2. On June 25, 2020, Creditors filed a Motion to Approve Compromise and Enforce Settlement ("Motion to Approve"). (Filing 52).

3. The factual and procedural background of this matter is set forth in detail in both motions at Filing 48 and Filing 52. The factual and procedural background of those filings is incorporated herein by reference.

## Standard of Review

4. A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1]

5. "To survive a motion to dismiss under Rule 12(b)(6), a complaint must also contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[2]

6. In evaluating a motion for judgment on the pleadings, "[t]he court accepts as true all factual allegations, but is 'not bound to accept as true a legal conclusion couched as a factual allegation.'"[3]

7. A motion for judgment on the pleadings is properly granted when it appears from the pleadings that only questions of law are presented.[4]

8. "Whether a contract exists is a question of fact."[5]

## Argument

9. Simply stated, Creditors' Motion to Extend and Motion to Approve are factual issues. Creditors have made factual allegations which show that there is an enforceable settlement agreement wherein the Debtor knowingly and intentionally waived his right to discharge of Creditors' debts. As a result of such waiver, this court should not need to address the issue of whether the Fed. R. Bankr. P. 4007(c) deadline should be extended. However, alternatively, equitable

---

[1] *Sevela v. Kozeny & McCubbin, L.C.*, No. 8:18CV390, 2019 WL 2066924, at *2 (D. Neb. May 2, 2019).
[2] *Anderson v. Nebraska*, No. 4:17-CV- 3073, 2018 WL 3009115, at *4 (D. Neb. June 15, 2018).
[3] *Midwest Athletics & Sports All. LLC v. Xerox Corp.*, No. 8:17CV478, 2018 WL 1400426, at *1 (D. Neb. Mar. 20, 2018) (quotations omitted).
[4] *Korth v. Luther*, 304 Neb. 450, 474 (2019); *Foundation One Bank v. Svoboda*, 303 Neb. 624, 931 N.W.2d 431 (2019).
[5] *Braunger Foods, LLC v. Sears*, 286 Neb. 29, 33, 834 N.W.2d 779, 783 (2013).

tolling, waiver, forfeiture, and contract enforcement necessitate the extension of the objection to discharge deadline.[6] As such, this Court should deny Debtor's Motion for Judgment on the Pleadings.

10. A settlement agreement is subject to the general principles of contract law.[7]

11. To have a settlement agreement, there must be a definite offer and an unconditional acceptance.[8] Mutual assent to an agreement is determined by the objective manifestations of intent by the parties, not by their subjective statements of intent.[9] Whether a binding agreement has been reached is ordinarily a question of fact.[10]

12. "We note that although lawyers retain apparent authority to make procedural and tactical decisions through the existence of the attorney-client relationship, a lawyer cannot settle a client's claim without express authority from the client."[11]

13. The allegations of fact and supporting documentation attached to Creditors' Motion to Approve support that there is a valid, enforceable agreement which this Court should approve.[12] Since the formation of a contract is a factual determination, *which the Court must accept as true,* Debtor's motion for Judgment on the Pleadings should be denied.

---

[6] *See* filing 48 at ¶¶ 1-27 and filing 52 at ¶¶ 1-18.
[7] *Strategic Staff Mgmt. v. Roseland*, 260 Neb. 682, 619 N.W.2d 230 (2000); *Woodmen of the World Life Ins. Soc. v. Kight*, 246 Neb. 619, 522 N.W.2d 155 (1994).
[8] *Heese Produce Co. v. Lueders*, 233 Neb. 12, 443 N.W.2d 278 (1989).
[9] See *Viking Broadcasting Corp. v. Snell Publishing Co.*, 243 Neb. 92, 497 N.W.2d 383 (1993).
[10] *Id.*
[11] *Luethke v. Suhr*, 264 Neb. 505, 650 N.W.2d 220 (2002). See, also, Neb. Ct. R. of Prof. Cond. § 3-501.2(a) (rev. 2008) (lawyer may act on behalf of client as is "impliedly authorized" to carry out representation, however lawyer "shall abide by a client's decision whether to settle a matter").
[12] Filing 52 at ¶¶ 1-18, Exs. A and B.

14. "Waiver is defined as the intentional relinquishment of a known right."[13]

15. "Whether a waiver has occurred is a question of fact that is established by showing that a party actually intended to relinquish a known right or privilege."[14]

16. A party can waive a statute of limitations defense.[15]

17. "In order to establish a waiver of a legal right, there must be clear, unequivocal, and decisive action of a party showing such purpose, or acts amounting to estoppel on his or her part. A written contract may be waived in whole or in part, either directly or inferentially, and the waiver may be proved by express declarations manifesting the intent not to claim the advantage, or by so neglecting and failing to act as to induce the belief that it was the intention to waive. Conditions precedent in a contract may be waived."[16]

18. "A party may prove the waiver of a contract by (1) a party's express declarations manifesting the intent not to claim an advantage or (2) a party's neglecting and failing to act so as to induce the belief that it intended to waive."[17]

19. The basis of the settlement agreement in Creditors' Motion to Approve is that the Debtor's debt is nondischargeable. As alleged in the Motion to Approve, the enforceable settlement agreement is "an intentional relinquishment of [Debtor's]

---

[13] *In re Tatge*, 212 B.R. 604, 609 (8th Cir.BAP (Iowa)); citing *First Nat'l Bank v. Allen,* 118 F.3d 1289, 1294-95 (8th Cir.1997); *European Am. Bank v. Benedict (In re Benedict),* 90 F.3d 50, 55 (2d Cir.1996).
[14] *In re Tatge* at 609 (internal citations omitted).
[15] *Bonness v. Armitage*, 305 Neb. 747, 753 (2020) (citing *McGill v. Lion Place Condo. Assn.*, 291 Neb. 70, 864 N.W.2d 642 (2015)).
[16] *Weber v. North Loup River Public Power and Irrigation District*, 288 Neb. 959, 968, 854 N.W.2d 263, 272 (2014).
[17] *Omaha Police Union Local 101 v. City of Omaha*, 292 Neb. 381, 391-92 (2016).

known right" to a discharge.[18] Moreover, Debtor approved the settlement terms[19] which shows his "express declaration manifesting the intent not to claim the advantage."

20. Specifically, "the Bankruptcy Court would enter a confessed/stipulated judgment stating the Tomek Debt and the Delozier Debt are non-dischargeable in bankruptcy."[20] This fact, taken as true for purposes of a motion for judgment on the pleadings, establishes that Debtor waived and "intentionally relinquished his known right" of discharge pursuant to the enforceable settlement agreement.

21. Moreover, Creditors allege that the settlement agreement became enforceable on June 16, 2020, when there was a definitive offer and acceptance.[21] This date is *before* the objection deadline. Thus, since the settlement agreement (wherein Debtor *specifically and intentionally* waived his right to discharge of Creditors' debts) was enforceable before the discharge objection deadline, there is no need for an adversary action to be filed and the Court should not need to address whether an extension of objection to discharge is allowed as a result of the waiver.

22. Nonetheless, and alternatively, the Debtor's actions in this matter relating to the settlement of Creditors' claims against the Debtor show a lack of good faith and fair dealing. The doctrines of waiver, estoppel, and equitable tolling should be considered by this Court due to Debtor's bad faith. As a result, this Court

---

[18] Filing 52 at Ex. A.
[19] Filing 52 at Exs. A and B.
[20] *Id.* at p. 2.
[21] Filing 52 at ¶¶ 3, 5-7, at Exs. A and B.

should extend the objection to discharge deadline and adversary filing deadline for cause.

23. There is an implied covenant of good faith and fair dealing in every contract which requires that none of the parties to the contract do anything which will injure the right of another party to receive the benefit of the contract.[22]

24. Debtor and Debtor's counsel are barred from opposing this extension of the adversary action deadline by the doctrine of equitable estoppel because of the parties' full negotiation of an enforceable settlement, on which Creditors reasonably relied without knowledge of Debtor's apparent intentions to renege in bad faith.[23]

25. Rule 4004 and 4007 "is not jurisdictional but, rather, subject to the defenses of waiver, estoppel and equitable tolling."[24]

26. The Court in *In re Perkins* held that "a bankruptcy court may extend the deadline by which to file a complaint objecting to a debtor's discharge or dischargeability of a debt, if equitable grounds exist for doing so."[25]

27. Creditors have sufficiently alleged the facts supporting the Debtor should be prohibited from discharging Creditors' debts on the basis of waiver, estoppel, and

---

[22] *Reichert v. Rubloff Hammond, L.L.C.*, 264 Neb. 16, 645 N.W.2d 519 (2002).

[23] See, e.g., *Mays v. Midnite Dreams*, 300 Neb. 485, 494 (2018) ("The doctrine of equitable estoppel is based upon the principle that one who has previously taken a position with reference to a transaction and thereby obtained a benefit from the other party cannot thereafter take an inconsistent position which would result in prejudice to the party who relied on the original position."); *Olsen v. Olsen*, 265 Neb. 299, 307, 657 N.W.2d 1, 8 (2003) (Equitable estoppel applies when one lulls his or her adversary into a false sense of security, thereby causing that person to subject his or her claim to the bar of the statute of limitations, and then pleads the very delay caused by his or her conduct as a defense to the action when it is filed.)

[24] *In re Perkins*, 271 B.R. 607, 611 (8th Cir. BAP (Minn.)) citing *Moss v. Block*, 266 B.R. 697, 700 n.4 (8th Cir.BAP 2001) (Rules 4004 and 4007 "are not jurisdictional in nature, but instead are subject to the defenses of waiver, estoppel and equitable tolling.").

[25] *In re Perkins*, 271 B.R. at 612.

equitable tolling in their Motion to Extend[26] and that "equitable grounds exist" for extending the objection to discharge deadline.

## Conclusion

28. Debtor's Motion for Judgment on the Pleadings should be denied because the Debtor knowingly and intentionally waived its right to discharge as a result of the enforceable settlement agreement entered into by the parties. As a result of Debtor's waiver, this Court should not need to decide if the deadline for objection to discharge should be extended. However, in the alternative, equitable grounds exist for this Court to extend the objection to discharge deadline and the circumstances around such finding are factual in nature, and therefore this Court should deny Debtor's motion

## Requests for Relief

Tomek and Delozier request this Court enter an order for the following relief:

A. Deny Debtor's Motion for Judgment on the Pleadings;

B. Approve the compromise and enforce the settlement between Tomek, Delozier, and Debtor;

C. Enter a judgment of non-dischargeability, and enter judgment on all other matters contained in the parties written settlement terms; and

D. Enter an Order for such other and further relief as the Court deems appropriate in favor of Creditors.

Date: October 2, 2020

---

[26] *See* Filing 48.

           Charles S. Tomek and Tadd Delozier,
           Creditors and Interested Parties.

By: /s/ Tyler A. Masterson
   Michael W. Milone #25800
   David J. Koukol #18102
   Tyler A. Masterson #26601
   KOUKOL & JOHNSON, LLC
   12020 Shamrock Plz., Suite 333
   Omaha, NE 68154
   Email: mmilone@westomahalaw.com
   Phone: (402) 934-9499, ext. 211
   Fax: (402) 934-7730
   Counsel for Tomek and Delozier

## Certificate of Service

I hereby certify that on October 2, 2020, I electronically filed the foregoing and this certificate of service with the Clerk of the Bankruptcy Court using the CM/ECF system, which sent notification of such filings to the following: Chapter 7 Trustee James Overcash; U.S. Trustee Jerry Jensen; Debtor's attorney John A. Lentz; and all parties registered to use the CM/ECF system.

           /s/ Tyler A. Masterson