IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | BK No. 19-41937-TLS |
| Brian C. Podwinski, | |
| Ch. 7 Debtor. | **Stipulated Summary of Facts** |

Creditors Charles Tomek and Tadd Delozier and Debtor Brian Podwinski submit the following stipulated summary of facts to the Court pursuant to the Court's docket text order permitting this filing (*See* ECF 78):

1. The parties engaged in a series of settlement negotiations, primarily by e-mail, from approximately January 24, 2020 through approximately June 24, 2020.

2. The parties' settlement negotiations focused on whether Tomek and Delozier's claims against Podwinski would be determined non-dischargeable and repayment of those claims over time through a voluntary payment plan.

3. On April 22, 2020, Tomek and Delozier reduced to writing an outline compiling the settlement terms the parties discussed during negotiations and submitted the compilation to Podwinski through his counsel for approval.

4. On May 14, 2020, Podwinski's counsel e-mailed Tomek and Delozier's counsel stating that he was still waiting on final approval of the compiled settlement terms, but believed "the terms have all been agreed to through months of emails but I want to get his approval prior to telling you that we have a deal and let's do a stip."

5. On June 16, 2020, Podwinski's counsel e-mailed Tomek and Delozier's counsel stating: "Sounds like Brian's good with the terms as outlined . . . ." and mentioned "just a few considerations/suggestions for stip"

6.   The "considerations/suggestions" Podwinski requested involved a repayment start date, Podwinski's confirmation that he had obtained a life insurance policy under the outlined settlement terms, default triggers/terms, and transfer of any shares held by Tomek and Delozier in Barrel Aged Labs, LLC back to Podwinski "after all payments contemplated are made."

7.   Regarding these "considerations/suggestions":

   a.   The parties agreed by e-mail on June 17, 2020 to a transfer of any shares held by Tomek and Delozier in Barrel Aged Labs, LLC back to Podwinski after all settlement payments contemplated were made, with an additional $750 payment to Delozier.

   b.   The parties agreed by e-mail on June 17, 2020 that Podwinski would provide confirmation that he had obtained a life insurance policy under the outlined settlement terms.

   c.   The parties agreed by e-mail on June 18, 2020 to a repayment start date of November 1, 2020, however, Podwinswki still expressed concerns regarding default triggers and terms.

8.   On June 24, 2020 Podwinski's counsel e-mailed Tomek and Delozier's counsel and inquired as to whether Tomek and Delozier had accepted the new terms tentatively in the context of timing relative to a hearing on Podwinski's Motion to Avoid Lien.

9.   Tomek and Delozier's counsel replied by e-mail on June 24, 2020, confirmed the parties were tentatively settled, and stated the parties should inform the court of their settlement and ask for additional time for "finishing touches."  At this time, no draft of an actual Settlement Agreement had occurred.

10.   On June 24, 2020, Podwinski's counsel sent an e-mail to Tomek and Delozier's counsel stating Podwinski was no longer interested in settling the matter with Delozier or Tomek.

11.  Debtor discovered that Creditors had missed their deadline on June 24, 2020 and notified Creditors' counsel that Debtor did not desire to continue settlement negotiations.

12.  The parties then filed the following pleadings:

 a.  June 24, 2020 – Tomek and Delozier filed a motion to extend the time for filing actions to determine debtor's debts non-dischargeable;

 b.  June 25, 2020 – Tomek and Delozier filed an amended motion to extend the time for filing actions to determine debtor's debts non-dischargeable;

 c.  June 25, 2020 – Tomek and Delozier filed a motion to approve the compromise and enforce the settlement they contend the parties reached;

 d.  July 17, 2020 – debtor objected to Tomek and Delozier's amended motion to extend time and motion to approve the compromise;

 e.  August 31, 2020 – the parties submitted a joint preliminary pre-trial statement restating their respective positions;

 f.  September 14, 2020 – debtor filed a motion for judgment on the pleadings regarding Tomek and Delozier's motions, which the court denied by written order on October 19, 2020.

13.  Creditors prepared and emailed a "Stipulated Settlement Document" on July 15, 2020, based on what Creditors' counsel understood the parties had agreed upon, but this was after the June 24, 2020 notice from Debtor's counsel that Debtor was no longer interested in settling the matter with Creditors.

14.  The parties agree the compiled e-mails, pleadings, and other documents attached as Exhibit A shall be offered and received without objection for purposes of resolving the pending motions to extend adversary deadline, motion to approve and enforce compromise, and objections thereto.

*Approved as to form and content by:*

By: /s/ David J. Koukol
David J. Koukol #18102
KOUKOL & JOHNSON, LLC
12020 Shamrock Plz., Suite 333
Omaha, NE 68154
Email: dkoukol@westomahalaw.com
Phone: (402) 934-9499, ext. 211
Fax: (402) 934-7730
Counsel for Charles Tomek and Tadd
Delozier

By /s/ John A. Lentz
John A. Lentz
LEPANT & LENTZ, PC, LLO
650 J Street, Suite #215B
Lincoln, Nebraska 68508
Phone: (402) 421-9676
Email: john@lepantandlentz.com
Counsel for Brian Podwinski

## Michael Milone

| | |
|---|---|
| **From:** | Michael Milone |
| **Sent:** | Friday, January 24, 2020 3:02 PM |
| **To:** | John Lentz |
| **Cc:** | David Koukol; Tyler Masterson; Josiah Shanks; Michele Lastovica |
| **Subject:** | Brian Podwinski/Blue Blood Ch. 7 - Neb. Bk. No. 19-41937 - Settlement Offer Invitation |

John,

Thanks for the call about this case today.
This e-mail confirms that my clients are open to settling their claims against Brian and Blue Blood to avoid the need for discovery and potential adversary action.
We discussed in our call that Brian would be willing to consider settling on the following terms:

(1) Full repayment of the debts owed to Chuck Tomek ("Tomek") and Tadd Delozier ("Delozier");
(2) Reducing the Delozier claim to judgment;
(3) Entry of non-dischargeability judgments for the Tomek and Delozier debts, which could be accomplished through some kind of stipulated adversary proceeding or settlement language; and
(4) Securing the Tomek and Delozier debts with a lien in the Podwinski home that survives the bankruptcy.

I have spoken with my clients, and they are open to settling on terms like this.
Other things my clients mentioned to me that they would like to resolve in our settlement negotiations included:

(a) Whether the judgments would accrue interest over the life of the settlement's payment structure, given that they both advanced Brian significant sums of money;
(b) Whether Brian would be paying any amount of attorney fees; and
(c) Whether Amanda Podwinski would be willing to be party to the settlement agreement or sign separate security documents that pledge her interest in the home as collateral for our settlement value.

Because I'm not aware of Brian's long-term plans for employment/income or what resources may be available to him for settlement, I'd invite you to send me an offer on these general terms.
The expectation would be that we hammer out the details and reach a formal settlement agreement that memorializes final terms if we can agree.
Tomek and Delozier are willing to be flexible on repayment structure and timing to facilitate getting this done and minimizing everyone's costs.
But I can also say, based on my experience, that a 30-year repayment plan or one that pays nominal dollars each month is less likely to get things settled.

Please let me know your thoughts once you've had time to talk things through with Brian.
I'm around to discuss all this at your convenience.

Best,

Michael W. Milone
*Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730

1

EXHIBIT A

mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, work-product immunity, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

FDCPA: This is an attempt to collect a debt and any information obtained will be used for that purpose.
This firm and the lawyer signing this document may be considered debt collectors under the Fair Debt
Collection Practices Act.

**Michael Milone**

| | |
|---|---|
| **From:** | John Lentz <john@lepantandlentz.com> |
| **Sent:** | Tuesday, February 11, 2020 4:58 PM |
| **To:** | Michael Milone |
| **Cc:** | David Koukol; Tyler Masterson; Josiah Shanks; Michele Lastovica |
| **Subject:** | RE: Brian Podwinski/Blue Blood Ch. 7 - Neb. Bk. No. 19-41937 - Settlement Offer Invitation |

Michael,

*For Settlement Purposes Only*

I have discussed your points as well as attempted to nail down some specifics as to a stipulation with Mr. Tomek and Mr. Delozier. To that aim, the following are responses to your inquiry as well as some points Mr. Podwinski would like to see in a stipulation:

1. **Amount.** Mr. Podwinski would agree to a full repayment of the debts owed to both Tomek and Delozier. Tomek already has a claim reduced to judgment at a judgment interest rate, which Mr. Podwinski would agree to agree to reaffirm/exclude from discharge and Mr. Podwinski would agree to a full repayment of Mr. Delozier's claim, and allow it to be reduced to judgment, at the judgment interest rate and exclude it from discharge. Podwinski will agree to pay the claims in full, at judgment interest accruing over the life of the payment structure, however, he does not wish to pay attorney fees and costs, especially given Tomek has no claim for attorney fees in his judgment. There should also be very little in the way of attorney fees if we resolve this. Judgment rate of interest would accrue from the date the court approves the stipulation and continue until paid in full.

2. **Non-Dischargeability.** Podwinski is willing to stipulate to non-dischargeability, but will not admit to fraud. If the theory is under Section 523, maybe we state in the stipulation that the basis is "breach of a fiduciary duty under 11 USC 523(a)4". Podwinski would like to start another business, or businesses and it would be best if he is not haunted by a judgment showing fraud/etc. It is in the best interest of both Tomek and Delozier that Podwinski is able to return to work as currently only his VA pension is income and the sooner Podwinski can pay your clients off, the better for everyone. Podwinski will need something vague enough in the stipulation as to be able to start over, which is in everyone's best interest.

3. **Disclosure to 3ptys.** Podwinski has been informed that Delozier has been telling other creditors and associates that Podwinski defrauded/stole from him. That will need to stop for the same reasons indicated under #2, but to resolve this matter fully, the stipulation should have some verbiage regarding confidentiality to 3rd parties as to both the deal and the underlying legal theories of either party, other than what is necessary to disclose to the Court for approval of the stipulation.

4. **Specific basis for Non-Dischargeability.** Podwinski will not, for obvious reasons, stipulate as to any denial of discharge under 727-only 523.

5. **Liens to secure performance.** Tomek will keep his lien on the real property and Podwinski will consent to one for Delozier as part of the confession of judgment to be entered in DC, however neither Tomek nor Delozier shall execute on the liens if timely payments are made, and Podwinski will not attempt to avoid them in the BK. Podwinski will not agree to liens on any future business ventures. Podwinski will work to strip any liens by Ironhide Construction and other entities to help secure Tomek and Delozier's position.

6. **Amanda Podwinski.** Podwinski does not want Amanda Podwinski to be any part of the settlement or sign separate security documents pledging her interest in the collateral. The Tomek judgment is against Podwinski only and not Amanda and Amanda had no part in the operation of Blue Bloods, nor

did she receive any benefit from the debt owed to Tomek and/or Delozier. I understand that Delozier filed suit against both Podwinski and Amanda, however, that was never reduced to a judgment. Frankly, the only thing keeping Podwinski afloat at this point is Amanda's income and it would be best if she is left out of this. She did not file bankruptcy and if everything falls apart-the debt is non-dischargeable as to Podwinski, but if there's a default in the stipulation by Podwinski, then Delozier and Tomek would be back to pursuing claims against either under state law-the having been NOT discharged as to either.

7. **Timing:** Podwinski's worry is whether or not there are other creditors out there to pursue a similar course of action. I would hate to have something squared away with Tomek and Delozier, but then another creditor we haven't heard from files a 727 complaint. I have received no other information that would lead me to believe that would be the case, but to make sure, Podwinski would agree that Tomek and Delozier AND ONLY Tomek and Delozier be granted an extension of the time to file a complaint determining discharge for any certain number of days and once we are after the deadline for all others, we execute the stipulation resolving the complaint/etc. This way everyone knows where they stand. It is in Tomek and Delozier's best interest that their debts are the only carved out from discharge rather than a wholesale under 727/etc. for collection purposes. I figure we can have everything lined up as to the stipulation, and then sign on day 61 from the 341.

8. **Payment Structure.** This is the tough one. Right now, Podwinski's only source of income is his disability pay. This is clearly not sufficient to pay either debt down in a meaningful amount of time and maintain living at the same time. As a starting point, Podwinksi would suggest a payment structure of:
   a. $250/month each to Tomek and Delozier for the 12 months following stipulation approval by the Court to allow Podwinski to get a new business venture going (total $500/month)
   b. $750/month each to Tomek and Delozier for 24 months after
   c. $1,000.00/month each to Tomek and Delozier for remainder of term to pay debt and accrued interest
   d. Assuming a total of approx. $361,000.00 is due to both of your clients, we're looking at a total repayment time of around 29 years total, which I'm sure is not desirable, however, Podwinski needs some breathing room at the outset to get his business venture going. We could build some percentages of revenue/etc. once he gets running and Podwinksi would agree to provide annual W-2s, 1099s, Returns and Profit and Loss statements for himself personally as well as any business in which he is a majority owner to allow full disclosure of his finances for the term. If Podwinski has enough to live on and re-invest in his business, I think he would be fine with a % obligation of net revenue after a standard of living defined amount, which we can work on if this is appealing to your clients.
   e. Podwinski wants to agree to something manageable, but at the same time will use best efforts to pay down the debt as soon as he can. Assuming the debts are carved out from discharge after trial/etc., Tomek and Delozier would be in a better position, although receiving less than they like initially and for a longer term, but at least they would have full access to Podwinski's financials if he should default on the terms.
   f. Financials and payments can be submitted to your office so you can monitor and distribute proceeds.

9. **Future Business.** Podwinski is working on getting Barrel Aged Labs up and running, and wanted to get a final plan to you as to future projections/etc., however, Podwinski is still working to that aim and would be amenable to allow Delozier and Tomek part of that business, liens on that equipment/etc. which would further secure and pay down the debt much faster. Podwinski just doesn't have the numbers and I'd want Mr. Podwinski to await the Chapter 7 Trustee's determination as to assets (so far I have not received the document request Stalnaker alluded to at the 341 and I haven't seen any abandonment or Notice of Intent to Claim).

Please let me know what works for your clients and what we need to work on.

**John A. Lentz**
Lepant & Lentz, PC, LLO
Offices in Lincoln and Omaha
402-421-9676

https://johnlentz.com/

---

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Tuesday, February 4, 2020 12:36 PM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>; Tyler Masterson <tmasterson@westomahalaw.com>; Josiah Shanks <jshanks@westomahalaw.com>; Michele Lastovica <mlastovica@westomahalaw.com>
**Subject:** RE: Brian Podwinski/Blue Blood Ch. 7 - Neb. Bk. No. 19-41937 - Settlement Offer Invitation

John,

Any updates on the settlement discussed below?

I've got an exemption objection deadline coming up in a few weeks and an adversary deadline of 3/23.
Ultimately I need to know if I should be preparing those things, along with whether I need to be preparing a motion for a 2004 examination.
If I don't hear from Brian by 2/14, I'll plan to protect those deadlines and make appropriate filings.

Best,

Michael W. Milone
*Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com



KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, work-product immunity, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

---

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Friday, January 24, 2020 3:04 PM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>; Tyler Masterson <tmasterson@westomahalaw.com>; Josiah Shanks <jshanks@westomahalaw.com>; Michele Lastovica <mlastovica@westomahalaw.com>
**Subject:** RE: Brian Podwinski/Blue Blood Ch. 7 - Neb. Bk. No. 19-41937 - Settlement Offer Invitation

Thanks–I'll discuss with Mr. Podwinski and let you know what we come up with.

**John A. Lentz**
Lepant & Lentz, PC, LLO
Offices in Lincoln and Omaha
402-421-9676

https://johnlentz.com/

---

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the

purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Friday, January 24, 2020 3:02 PM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>; Tyler Masterson <tmasterson@westomahalaw.com>; Josiah Shanks <jshanks@westomahalaw.com>; Michele Lastovica <mlastovica@westomahalaw.com>
**Subject:** Brian Podwinski/Blue Blood Ch. 7 - Neb. Bk. No. 19-41937 - Settlement Offer Invitation

John,

Thanks for the call about this case today.
This e-mail confirms that my clients are open to settling their claims against Brian and Blue Blood to avoid the need for discovery and potential adversary action.
We discussed in our call that Brian would be willing to consider settling on the following terms:

(1) Full repayment of the debts owed to Chuck Tomek ("Tomek") and Tadd Delozier ("Delozier");
(2) Reducing the Delozier claim to judgment;
(3) Entry of non-dischargeability judgments for the Tomek and Delozier debts, which could be accomplished through some kind of stipulated adversary proceeding or settlement language; and
(4) Securing the Tomek and Delozier debts with a lien in the Podwinski home that survives the bankruptcy.

I have spoken with my clients, and they are open to settling on terms like this.
Other things my clients mentioned to me that they would like to resolve in our settlement negotiations included:

(a) Whether the judgments would accrue interest over the life of the settlement's payment structure, given that they both advanced Brian significant sums of money;
(b) Whether Brian would be paying any amount of attorney fees; and
(c) Whether Amanda Podwinski would be willing to be party to the settlement agreement or sign separate security documents that pledge her interest in the home as collateral for our settlement value.

Because I'm not aware of Brian's long-term plans for employment/income or what resources may be available to him for settlement, I'd invite you to send me an offer on these general terms.
The expectation would be that we hammer out the details and reach a formal settlement agreement that memorializes final terms if we can agree.
Tomek and Delozier are willing to be flexible on repayment structure and timing to facilitate getting this done and minimizing everyone's costs.
But I can also say, based on my experience, that a 30-year repayment plan or one that pays nominal dollars each month is less likely to get things settled.

Please let me know your thoughts once you've had time to talk things through with Brian.
I'm around to discuss all this at your convenience.

Best,

Michael W. Milone
*Associate Attorney* | Koukol & Johnson, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730

mmilone@westomahalaw.com | www.westomahalaw.com



## KOUKOL & JOHNSON, LLC
### ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, work-product immunity, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

FDCPA: This is an attempt to collect a debt and any information obtained will be used for that purpose.
This firm and the lawyer signing this document may be considered debt collectors under the Fair Debt
Collection Practices Act.

**Michael Milone**

| | |
|---|---|
| **From:** | John Lentz <john@lepantandlentz.com> |
| **Sent:** | Wednesday, February 12, 2020 8:06 AM |
| **To:** | Michael Milone |
| **Cc:** | David Koukol; Tyler Masterson; Josiah Shanks; Michele Lastovica |
| **Subject:** | RE: Brian Podwinski/Blue Blood Ch. 7 - Neb. Bk. No. 19-41937 - Settlement Offer Invitation |

Great, thanks!  And Mr. Podwinski corrected what may have been a misstatement on my part in #9-but to clear any possible issues-Barrel Aged Labs does NOT currently have any equipment, but Podwinski would be willing to provide a lien on any equipment to your clients that it acquires in the future to secure payment.

**John A. Lentz**
Lepant & Lentz, PC, LLO
Offices in Lincoln and Omaha
402-421-9676

https://johnlentz.com/

---

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party.  Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Wednesday, February 12, 2020 8:01 AM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>; Tyler Masterson <tmasterson@westomahalaw.com>; Josiah Shanks

<jshanks@westomahalaw.com>; Michele Lastovica <mlastovica@westomahalaw.com>
**Subject:** RE: Brian Podwinski/Blue Blood Ch. 7 - Neb. Bk. No. 19-41937 - Settlement Offer Invitation

John,

I forwarded this on to my clients this morning.
We'll spend some time mulling this over and be back to you with a response in the near future.
My initial impression is this seems reasonable given where we are now, so that's something positive to start.

Best,

Michael W. Milone
*Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, work-product immunity, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Tuesday, February 11, 2020 4:58 PM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>; Tyler Masterson <tmasterson@westomahalaw.com>; Josiah Shanks <jshanks@westomahalaw.com>; Michele Lastovica <mlastovica@westomahalaw.com>
**Subject:** RE: Brian Podwinski/Blue Blood Ch. 7 - Neb. Bk. No. 19-41937 - Settlement Offer Invitation

Michael,

*For Settlement Purposes Only*

I have discussed your points as well as attempted to nail down some specifics as to a stipulation with Mr. Tomek and Mr. Delozier. To that aim, the following are responses to your inquiry as well as some points Mr. Podwinski would like to see in a stipulation:

1. **Amount.** Mr. Podwinski would agree to a full repayment of the debts owed to both Tomek and Delozier. Tomek already has a claim reduced to judgment at a judgment interest rate, which Mr. Podwinski would agree to agree to reaffirm/exclude from discharge and Mr. Podwinski would agree to a full repayment of Mr. Delozier's claim, and allow it to be reduced to judgment, at the judgment interest rate and exclude it from discharge. Podwinski will agree to pay the claims in full, at judgment interest accruing over the life of the payment structure, however, he does not wish to pay attorney fees and costs, especially given Tomek has no claim for attorney fees in his judgment. There should also be very little in the way of attorney fees if we resolve this. Judgment rate of interest would accrue from the date the court approves the stipulation and continue until paid in full.

2. **Non-Dischargeability.** Podwinski is willing to stipulate to non-dischargeability, but will not admit to fraud. If the theory is under Section 523, maybe we state in the stipulation that the basis is "breach of a fiduciary duty under 11 USC 523(a)4). Podwinski would like to start another business, or businesses and it would be best if he is not haunted by a judgment showing fraud/etc. It is in the best interest of both Tomek and Delozier that Podwinski is able to return to work as currently only his VA pension is

2

income and the sooner Podwinski can pay your clients off, the better for everyone. Podwinski will need something vague enough in the stipulation as to be able to start over, which is in everyone's best interest.

3. **Disclosure to 3ptys.** Podwinski has been informed that Delozier has been telling other creditors and associates that Podwinski defrauded/stole from him. That will need to stop for the same reasons indicated under #2, but to resolve this matter fully, the stipulation should have some verbiage regarding confidentiality to 3rd parties as to both the deal and the underlying legal theories of either party, other than what is necessary to disclose to the Court for approval of the stipulation.

4. **Specific basis for Non-Dischargeability.** Podwinski will not, for obvious reasons, stipulate as to any denial of discharge under 727-only 523.

5. **Liens to secure performance.** Tomek will keep his lien on the real property and Podwinski will consent to one for Delozier as part of the confession of judgment to be entered in DC, however neither Tomek nor Delozier shall execute on the liens if timely payments are made, and Podwinski will not attempt to avoid them in the BK. Podwinski will not agree to liens on any future business ventures. Podwinski will work to strip any liens by Ironhide Construction and other entities to help secure Tomek and Delozier's position.

6. **Amanda Podwinski.** Podwinski does not want Amanda Podwinski to be any part of the settlement or sign separate security documents pledging her interest in the collateral. The Tomek judgment is against Podwinski only and not Amanda and Amanda had no part in the operation of Blue Bloods, nor did she receive any benefit from the debt owed to Tomek and/or Delozier. I understand that Delozier filed suit against both Podwinski and Amanda, however, that was never reduced to a judgment. Frankly, the only thing keeping Podwinski afloat at this point is Amanda's income and it would be best if she is left out of this. She did not file bankruptcy and if everything falls apart-the debt is non-dischargeable as to Podwinski, but if there's a default in the stipulation by Podwinski, then Delozier and Tomek would be back to pursuing claims against either under state law-the having been NOT discharged as to either.

7. **Timing:** Podwinski's worry is whether or not there are other creditors out there to pursue a similar course of action. I would hate to have something squared away with Tomek and Delozier, but then another creditor we haven't heard from files a 727 complaint. I have received no other information that would lead me to believe that would be the case, but to make sure, Podwinski would agree that Tomek and Delozier AND ONLY Tomek and Delozier be granted an extension of the time to file a complaint determining discharge for any certain number of days and once we are after the deadline for all others, we execute the stipulation resolving the complaint/etc. This way everyone knows where they stand. It is in Tomek and Delozier's best interest that their debts are the only carved out from discharge rather than a wholesale under 727/etc. for collection purposes. I figure we can have everything lined up as to the stipulation, and then sign on day 61 from the 341.

8. **Payment Structure.** This is the tough one. Right now, Podwinski's only source of income is his disability pay. This is clearly not sufficient to pay either debt down in a meaningful amount of time and maintain living at the same time. As a starting point, Podwinksi would suggest a payment structure of:
   a. $250/month each to Tomek and Delozier for the 12 months following stipulation approval by the Court to allow Podwinski to get a new business venture going (total $500/month)
   b. $750/month each to Tomek and Delozier for 24 months after
   c. $1,000.00/month each to Tomek and Delozier for remainder of term to pay debt and accrued interest
   d. Assuming a total of approx. $361,000.00 is due to both of your clients, we're looking at a total repayment time of around 29 years total, which I'm sure is not desirable, however, Podwinski needs some breathing room at the outset to get his business venture going. We could build some percentages of revenue/etc. once he gets running and Podwinksi would agree to provide annual W-2s, 1099s, Returns and Profit and Loss statements for himself personally as well as any business in which he is a majority owner to allow full disclosure of his finances for the

term. If Podwinski has enough to live on and re-invest in his business, I think he would be fine with a % obligation of net revenue after a standard of living defined amount, which we can work on if this is appealing to your clients.

e. Podwinski wants to agree to something manageable, but at the same time will use best efforts to pay down the debt as soon as he can. Assuming the debts are carved out from discharge after trial/etc., Tomek and Delozier would be in a better position, although receiving less than they like initially and for a longer term, but at least they would have full access to Podwinski's financials if he should default on the terms.

f. Financials and payments can be submitted to your office so you can monitor and distribute proceeds.

9. **Future Business.** Podwinski is working on getting Barrel Aged Labs up and running, and wanted to get a final plan to you as to future projections/etc., however, Podwinski is still working to that aim and would be amenable to allow Delozier and Tomek part of that business, liens on that equipment/etc. which would further secure and pay down the debt much faster. Podwinski just doesn't have the numbers and I'd want Mr. Podwinski to await the Chapter 7 Trustee's determination as to assets (so far I have not received the document request Stalnaker alluded to at the 341 and I haven't seen any abandonment or Notice of Intent to Claim).

Please let me know what works for your clients and what we need to work on.

**John A. Lentz**
Lepant & Lentz, PC, LLO
Offices in Lincoln and Omaha
402-421-9676

https://johnlentz.com/

---

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing

or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Tuesday, February 4, 2020 12:36 PM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>; Tyler Masterson <tmasterson@westomahalaw.com>; Josiah Shanks <jshanks@westomahalaw.com>; Michele Lastovica <mlastovica@westomahalaw.com>
**Subject:** RE: Brian Podwinski/Blue Blood Ch. 7 - Neb. Bk. No. 19-41937 - Settlement Offer Invitation

John,

Any updates on the settlement discussed below?

I've got an exemption objection deadline coming up in a few weeks and an adversary deadline of 3/23.
Ultimately I need to know if I should be preparing those things, along with whether I need to be preparing a motion for a 2004 examination.
If I don't hear from Brian by 2/14, I'll plan to protect those deadlines and make appropriate filings.

Best,

Michael W. Milone
*Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com


KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, work-product immunity, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Friday, January 24, 2020 3:04 PM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>; Tyler Masterson <tmasterson@westomahalaw.com>; Josiah Shanks <jshanks@westomahalaw.com>; Michele Lastovica <mlastovica@westomahalaw.com>
**Subject:** RE: Brian Podwinski/Blue Blood Ch. 7 - Neb. Bk. No. 19-41937 - Settlement Offer Invitation

Thanks-I'll discuss with Mr. Podwinski and let you know what we come up with.

**John A. Lentz**
Lepant & Lentz, PC, LLO
Offices in Lincoln and Omaha
402-421-9676

https://johnlentz.com/

---

STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Friday, January 24, 2020 3:02 PM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>; Tyler Masterson <tmasterson@westomahalaw.com>; Josiah Shanks <jshanks@westomahalaw.com>; Michele Lastovica <mlastovica@westomahalaw.com>
**Subject:** Brian Podwinski/Blue Blood Ch. 7 - Neb. Bk. No. 19-41937 - Settlement Offer Invitation

John,

Thanks for the call about this case today.
This e-mail confirms that my clients are open to settling their claims against Brian and Blue Blood to avoid the need for discovery and potential adversary action.
We discussed in our call that Brian would be willing to consider settling on the following terms:

(1) Full repayment of the debts owed to Chuck Tomek ("Tomek") and Tadd Delozier ("Delozier");
(2) Reducing the Delozier claim to judgment;
(3) Entry of non-dischargeability judgments for the Tomek and Delozier debts, which could be accomplished through some kind of stipulated adversary proceeding or settlement language; and
(4) Securing the Tomek and Delozier debts with a lien in the Podwinski home that survives the bankruptcy.

I have spoken with my clients, and they are open to settling on terms like this.
Other things my clients mentioned to me that they would like to resolve in our settlement negotiations included:

(a) Whether the judgments would accrue interest over the life of the settlement's payment structure, given that they both advanced Brian significant sums of money;
(b) Whether Brian would be paying any amount of attorney fees; and
(c) Whether Amanda Podwinski would be willing to be party to the settlement agreement or sign separate security documents that pledge her interest in the home as collateral for our settlement value.

Because I'm not aware of Brian's long-term plans for employment/income or what resources may be available to him for settlement, I'd invite you to send me an offer on these general terms.

The expectation would be that we hammer out the details and reach a formal settlement agreement that memorializes final terms if we can agree.

Tomek and Delozier are willing to be flexible on repayment structure and timing to facilitate getting this done and minimizing everyone's costs.

But I can also say, based on my experience, that a 30-year repayment plan or one that pays nominal dollars each month is less likely to get things settled.

Please let me know your thoughts once you've had time to talk things through with Brian.
I'm around to discuss all this at your convenience.

Best,

Michael W. Milone
*Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, work-product immunity, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

FDCPA: This is an attempt to collect a debt and any information obtained will be used for that purpose.
This firm and the lawyer signing this document may be considered debt collectors under the Fair Debt
Collection Practices Act.

**Michael Milone**

| | |
|---|---|
| **From:** | John Lentz <john@lepantandlentz.com> |
| **Sent:** | Tuesday, February 25, 2020 3:49 PM |
| **To:** | Michael Milone |
| **Cc:** | David Koukol; Tyler Masterson; Josiah Shanks; Michele Lastovica |
| **Subject:** | RE: Brian Podwinski/Blue Blood Ch. 7 - Neb. Bk. No. 19-41937 - Settlement Offer Invitation |

Michael,

With respect to our conversation last week, Mr. Podwinski had the following concerns/counters:

1. Brian is willing to share returns for any businesses he may be involved in, however, because his individual tax return is a joint return with his wife, he is not comfortable sharing his personal returns. Any angel investment credit for 2019 would be taken either by the IRS/NE or Trustee.
2. Brian is in the process of acquiring quotes for life insurance and I will provide them to you once completed, but Brian would rather go the insurance option than Amanda subordinating her interest in the home to Tomek/Delozier
3. The corporate documents are not up-to-date, however, Brian is working on obtaining the bylaws/etc. for reference as to contributions/equity. Brian also noted that any borrowing of money was done with shareholder/BOD approval.

Let me know your clients' thoughts.

**John A. Lentz**
Lepant & Lentz, PC, LLO
Offices in Lincoln and Omaha
402-421-9676

https://johnlentz.com/

---

**STATEMENT OF INTENDED USE:**

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

1

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party.  Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Wednesday, February 12, 2020 8:01 AM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>; Tyler Masterson <tmasterson@westomahalaw.com>; Josiah Shanks <jshanks@westomahalaw.com>; Michele Lastovica <mlastovica@westomahalaw.com>
**Subject:** RE: Brian Podwinski/Blue Blood Ch. 7 - Neb. Bk. No. 19-41937 - Settlement Offer Invitation

John,

I forwarded this on to my clients this morning.
We'll spend some time mulling this over and be back to you with a response in the near future.
My initial impression is this seems reasonable given where we are now, so that's something positive to start.

Best,

Michael W. Milone
*Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com



KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, work-product immunity, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

---

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Tuesday, February 11, 2020 4:58 PM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>; Tyler Masterson <tmasterson@westomahalaw.com>; Josiah Shanks <jshanks@westomahalaw.com>; Michele Lastovica <mlastovica@westomahalaw.com>
**Subject:** RE: Brian Podwinski/Blue Blood Ch. 7 - Neb. Bk. No. 19-41937 - Settlement Offer Invitation

Michael,

*For Settlement Purposes Only*

I have discussed your points as well as attempted to nail down some specifics as to a stipulation with Mr. Tomek and Mr. Delozier.  To that aim, the following are responses to your inquiry as well as some points Mr. Podwinski would like to see in a stipulation:

1. **Amount.**  Mr. Podwinski would agree to a full repayment of the debts owed to both Tomek and Delozier.  Tomek already has a claim reduced to judgment at a judgment interest rate, which Mr.

Podwinski would agree to agree to reaffirm/exclude from discharge and Mr. Podwinski would agree to a full repayment of Mr. Delozier's claim, and allow it to be reduced to judgment, at the judgment interest rate and exclude it from discharge. Podwinski will agree to pay the claims in full, at judgment interest accruing over the life of the payment structure, however, he does not wish to pay attorney fees and costs, especially given Tomek has no claim for attorney fees in his judgment. There should also be very little in the way of attorney fees if we resolve this. Judgment rate of interest would accrue from the date the court approves the stipulation and continue until paid in full.

2. **Non-Dischargeability.** Podwinski is willing to stipulate to non-dischargeability, but will not admit to fraud. If the theory is under Section 523, maybe we state in the stipulation that the basis is "breach of a fiduciary duty under 11 USC 523(a)4). Podwinski would like to start another business, or businesses and it would be best if he is not haunted by a judgment showing fraud/etc. It is in the best interest of both Tomek and Delozier that Podwinski is able to return to work as currently only his VA pension is income and the sooner Podwinski can pay your clients off, the better for everyone. Podwinski will need something vague enough in the stipulation as to be able to start over, which is in everyone's best interest.

3. **Disclosure to 3ptys.** Podwinski has been informed that Delozier has been telling other creditors and associates that Podwinski defrauded/stole from him. That will need to stop for the same reasons indicated under #2, but to resolve this matter fully, the stipulation should have some verbiage regarding confidentiality to 3rd parties as to both the deal and the underlying legal theories of either party, other than what is necessary to disclose to the Court for approval of the stipulation.

4. **Specific basis for Non-Dischargeability.** Podwinski will not, for obvious reasons, stipulate as to any denial of discharge under 727-only 523.

5. **Liens to secure performance.** Tomek will keep his lien on the real property and Podwinski will consent to one for Delozier as part of the confession of judgment to be entered in DC, however neither Tomek nor Delozier shall execute on the liens if timely payments are made, and Podwinski will not attempt to avoid them in the BK. Podwinski will not agree to liens on any future business ventures. Podwinski will work to strip any liens by Ironhide Construction and other entities to help secure Tomek and Delozier's position.

6. **Amanda Podwinski.** Podwinski does not want Amanda Podwinski to be any part of the settlement or sign separate security documents pledging her interest in the collateral. The Tomek judgment is against Podwinski only and not Amanda and Amanda had no part in the operation of Blue Bloods, nor did she receive any benefit from the debt owed to Tomek and/or Delozier. I understand that Delozier filed suit against both Podwinski and Amanda, however, that was never reduced to a judgment. Frankly, the only thing keeping Podwinski afloat at this point is Amanda's income and it would be best if she is left out of this. She did not file bankruptcy and if everything falls apart-the debt is non-dischargeable as to Podwinski, but if there's a default in the stipulation by Podwinski, then Delozier and Tomek would be back to pursuing claims against either under state law-the having been NOT discharged as to either.

7. **Timing:** Podwinski's worry is whether or not there are other creditors out there to pursue a similar course of action. I would hate to have something squared away with Tomek and Delozier, but then another creditor we haven't heard from files a 727 complaint. I have received no other information that would lead me to believe that would be the case, but to make sure, Podwinski would agree that Tomek and Delozier AND ONLY Tomek and Delozier be granted an extension of the time to file a complaint determining discharge for any certain number of days and once we are after the deadline for all others, we execute the stipulation resolving the complaint/etc. This way everyone knows where they stand. It is in Tomek and Delozier's best interest that their debts are the only carved out from discharge rather than a wholesale under 727/etc. for collection purposes. I figure we can have everything lined up as to the stipulation, and then sign on day 61 from the 341.

8. **Payment Structure.** This is the tough one. Right now, Podwinski's only source of income is his disability pay. This is clearly not sufficient to pay either debt down in a meaningful amount of time

and maintain living at the same time.  As a starting point, Podwinksi would suggest a payment structure of:

    a. $250/month each to Tomek and Delozier for the 12 months following stipulation approval by the Court to allow Podwinski to get a new business venture going (total $500/month)

    b. $750/month each to Tomek and Delozier for 24 months after

    c. $1,000.00/month each to Tomek and Delozier for remainder of term to pay debt and accrued interest

    d. Assuming a total of approx. $361,000.00 is due to both of your clients, we're looking at a total repayment time of around 29 years total, which I'm sure is not desirable, however, Podwinski needs some breathing room at the outset to get his business venture going.  We could build some percentages of revenue/etc. once he gets running and Podwinski would agree to provide annual W-2s, 1099s, Returns and Profit and Loss statements for himself personally as well as any business in which he is a majority owner to allow full disclosure of his finances for the term.  If Podwinski has enough to live on and re-invest in his business, I think he would be fine with a % obligation of net revenue after a standard of living defined amount, which we can work on if this is appealing to your clients.

    e. Podwinski wants to agree to something manageable, but at the same time will use best efforts to pay down the debt as soon as he can.  Assuming the debts are carved out from discharge after trial/etc., Tomek and Delozier would be in a better position, although receiving less than they like initially and for a longer term, but at least they would have full access to Podwinski's financials if he should default on the terms.

    f. Financials and payments can be submitted to your office so you can monitor and distribute proceeds.

9. **Future Business.**  Podwinski is working on getting Barrel Aged Labs up and running, and wanted to get a final plan to you as to future projections/etc., however, Podwinski is still working to that aim and would be amenable to allow Delozier and Tomek part of that business, liens on that equipment/etc. which would further secure and pay down the debt much faster.  Podwinski just doesn't have the numbers and I'd want Mr. Podwinski to await the Chapter 7 Trustee's determination as to assets (so far I have not received the document request Stalnaker alluded to at the 341 and I haven't seen any abandonment or Notice of Intent to Claim).

Please let me know what works for your clients and what we need to work on.

**John A. Lentz**
Lepant & Lentz, PC, LLO
Offices in Lincoln and Omaha
402-421-9676

https://johnlentz.com/

---

**STATEMENT OF INTENDED USE:**

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure.  The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication.  Although this e-mail message and any attachments are believed to be

free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Tuesday, February 4, 2020 12:36 PM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>; Tyler Masterson <tmasterson@westomahalaw.com>; Josiah Shanks <jshanks@westomahalaw.com>; Michele Lastovica <mlastovica@westomahalaw.com>
**Subject:** RE: Brian Podwinski/Blue Blood Ch. 7 - Neb. Bk. No. 19-41937 - Settlement Offer Invitation

John,

Any updates on the settlement discussed below?

I've got an exemption objection deadline coming up in a few weeks and an adversary deadline of 3/23.
Ultimately I need to know if I should be preparing those things, along with whether I need to be preparing a motion for a 2004 examination.
If I don't hear from Brian by 2/14, I'll plan to protect those deadlines and make appropriate filings.

Best,

Michael W. Milone
*Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com



KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, work-product immunity, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

---

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Friday, January 24, 2020 3:04 PM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>; Tyler Masterson <tmasterson@westomahalaw.com>; Josiah Shanks <jshanks@westomahalaw.com>; Michele Lastovica <mlastovica@westomahalaw.com>
**Subject:** RE: Brian Podwinski/Blue Blood Ch. 7 - Neb. Bk. No. 19-41937 - Settlement Offer Invitation

Thanks-I'll discuss with Mr. Podwinski and let you know what we come up with.

**John A. Lentz**
Lepant & Lentz, PC, LLO
Offices in Lincoln and Omaha
402-421-9676

https://johnlentz.com/

---

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Friday, January 24, 2020 3:02 PM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>; Tyler Masterson <tmasterson@westomahalaw.com>; Josiah Shanks <jshanks@westomahalaw.com>; Michele Lastovica <mlastovica@westomahalaw.com>
**Subject:** Brian Podwinski/Blue Blood Ch. 7 - Neb. Bk. No. 19-41937 - Settlement Offer Invitation

John,

Thanks for the call about this case today.
This e-mail confirms that my clients are open to settling their claims against Brian and Blue Blood to avoid the need for discovery and potential adversary action.
We discussed in our call that Brian would be willing to consider settling on the following terms:

(1) Full repayment of the debts owed to Chuck Tomek ("Tomek") and Tadd Delozier ("Delozier");
(2) Reducing the Delozier claim to judgment;

(3) Entry of non-dischargeability judgments for the Tomek and Delozier debts, which could be accomplished through some kind of stipulated adversary proceeding or settlement language; and
(4) Securing the Tomek and Delozier debts with a lien in the Podwinski home that survives the bankruptcy.

I have spoken with my clients, and they are open to settling on terms like this.
Other things my clients mentioned to me that they would like to resolve in our settlement negotiations included:

(a) Whether the judgments would accrue interest over the life of the settlement's payment structure, given that they both advanced Brian significant sums of money;
(b) Whether Brian would be paying any amount of attorney fees; and
(c) Whether Amanda Podwinski would be willing to be party to the settlement agreement or sign separate security documents that pledge her interest in the home as collateral for our settlement value.

Because I'm not aware of Brian's long-term plans for employment/income or what resources may be available to him for settlement, I'd invite you to send me an offer on these general terms.
The expectation would be that we hammer out the details and reach a formal settlement agreement that memorializes final terms if we can agree.
Tomek and Delozier are willing to be flexible on repayment structure and timing to facilitate getting this done and minimizing everyone's costs.
But I can also say, based on my experience, that a 30-year repayment plan or one that pays nominal dollars each month is less likely to get things settled.

Please let me know your thoughts once you've had time to talk things through with Brian.
I'm around to discuss all this at your convenience.

Best,

Michael W. Milone
*Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com


KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, work-product immunity, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

FDCPA: This is an attempt to collect a debt and any information obtained will be used for that purpose.
This firm and the lawyer signing this document may be considered debt collectors under the Fair Debt
Collection Practices Act.

**Michael Milone**

| | |
|---|---|
| **From:** | John Lentz <john@lepantandlentz.com> |
| **Sent:** | Wednesday, February 26, 2020 2:57 PM |
| **To:** | Michael Milone |
| **Cc:** | David Koukol; Tyler Masterson; Josiah Shanks; Michele Lastovica |
| **Subject:** | RE: Brian Podwinski/Blue Blood Ch. 7 - Neb. Bk. No. 19-41937 - Settlement Offer Invitation |

Michael,

To follow up on the email yesterday, Brian indicated he has gotten a premium quote:

Insurance for $350k for 20 years is $75 a month and $55/month for 10 years.

I think the best proposal would be for Brian to obtain the insurance and name Tomek and Delozier as beneficiaries and yearly/annually provide proof the policy is in effect, or to provide a release to you so that you can call the agent to verify coverage.



## John A. Lentz

Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

601 Old Cheney Rd., Ste B
Lincoln, NE 68512

**www.JohnLentz.com**

---

## STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

**From:** John Lentz
**Sent:** Tuesday, February 25, 2020 3:49 PM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>; Tyler Masterson <tmasterson@westomahalaw.com>; Josiah Shanks <jshanks@westomahalaw.com>; Michele Lastovica <mlastovica@westomahalaw.com>
**Subject:** RE: Brian Podwinski/Blue Blood Ch. 7 - Neb. Bk. No. 19-41937 - Settlement Offer Invitation

Michael,

With respect to our conversation last week, Mr. Podwinski had the following concerns/counters:

1. Brian is willing to share returns for any businesses he may be involved in, however, because his individual tax return is a joint return with his wife, he is not comfortable sharing his personal returns. Any angel investment credit for 2019 would be taken either by the IRS/NE or Trustee.
2. Brian is in the process of acquiring quotes for life insurance and I will provide them to you once completed, but Brian would rather go the insurance option than Amanda subordinating her interest in the home to Tomek/Delozier
3. The corporate documents are not up-to-date, however, Brian is working on obtaining the bylaws/etc. for reference as to contributions/equity. Brian also noted that any borrowing of money was done with shareholder/BOD approval.

Let me know your clients' thoughts.

**John A. Lentz**
Lepant & Lentz, PC, LLO
Offices in Lincoln and Omaha
402-421-9676

https://johnlentz.com/

---

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended

recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party.  Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Wednesday, February 12, 2020 8:01 AM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>; Tyler Masterson <tmasterson@westomahalaw.com>; Josiah Shanks <jshanks@westomahalaw.com>; Michele Lastovica <mlastovica@westomahalaw.com>
**Subject:** RE: Brian Podwinski/Blue Blood Ch. 7 - Neb. Bk. No. 19-41937 - Settlement Offer Invitation

John,

I forwarded this on to my clients this morning.
We'll spend some time mulling this over and be back to you with a response in the near future.
My initial impression is this seems reasonable given where we are now, so that's something positive to start.

Best,

Michael W. Milone
*Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com



KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, work-product immunity, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

---

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Tuesday, February 11, 2020 4:58 PM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>; Tyler Masterson <tmasterson@westomahalaw.com>; Josiah Shanks <jshanks@westomahalaw.com>; Michele Lastovica <mlastovica@westomahalaw.com>
**Subject:** RE: Brian Podwinski/Blue Blood Ch. 7 - Neb. Bk. No. 19-41937 - Settlement Offer Invitation

Michael,

*For Settlement Purposes Only*

I have discussed your points as well as attempted to nail down some specifics as to a stipulation with Mr. Tomek and Mr. Delozier. To that aim, the following are responses to your inquiry as well as some points Mr. Podwinski would like to see in a stipulation:

1. **Amount.** Mr. Podwinski would agree to a full repayment of the debts owed to both Tomek and Delozier. Tomek already has a claim reduced to judgment at a judgment interest rate, which Mr. Podwinski would agree to agree to reaffirm/exclude from discharge and Mr. Podwinski would agree to a full repayment of Mr. Delozier's claim, and allow it to be reduced to judgment, at the judgment interest rate and exclude it from discharge. Podwinski will agree to pay the claims in full, at judgment interest accruing over the life of the payment structure, however, he does not wish to pay attorney fees and costs, especially given Tomek has no claim for attorney fees in his judgment. There should also be very little in the way of attorney fees if we resolve this. Judgment rate of interest would accrue from the date the court approves the stipulation and continue until paid in full.

2. **Non-Dischargeability.** Podwinski is willing to stipulate to non-dischargeability, but will not admit to fraud. If the theory is under Section 523, maybe we state in the stipulation that the basis is "breach of a fiduciary duty under 11 USC 523(a)4). Podwinski would like to start another business, or businesses and it would be best if he is not haunted by a judgment showing fraud/etc. It is in the best interest of both Tomek and Delozier that Podwinski is able to return to work as currently only his VA pension is income and the sooner Podwinski can pay your clients off, the better for everyone. Podwinski will need something vague enough in the stipulation as to be able to start over, which is in everyone's best interest.

3. **Disclosure to 3ptys.** Podwinski has been informed that Delozier has been telling other creditors and associates that Podwinski defrauded/stole from him. That will need to stop for the same reasons indicated under #2, but to resolve this matter fully, the stipulation should have some verbiage regarding confidentiality to 3rd parties as to both the deal and the underlying legal theories of either party, other than what is necessary to disclose to the Court for approval of the stipulation.

4. **Specific basis for Non-Dischargeability.** Podwinski will not, for obvious reasons, stipulate as to any denial of discharge under 727-only 523.

5. **Liens to secure performance.** Tomek will keep his lien on the real property and Podwinski will consent to one for Delozier as part of the confession of judgment to be entered in DC, however neither Tomek nor Delozier shall execute on the liens if timely payments are made, and Podwinski will not attempt to avoid them in the BK. Podwinski will not agree to liens on any future business ventures. Podwinski will work to strip any liens by Ironhide Construction and other entities to help secure Tomek and Delozier's position.

6. **Amanda Podwinski.** Podwinski does not want Amanda Podwinski to be any part of the settlement or sign separate security documents pledging her interest in the collateral. The Tomek judgment is against Podwinski only and not Amanda and Amanda had no part in the operation of Blue Bloods, nor did she receive any benefit from the debt owed to Tomek and/or Delozier. I understand that Delozier filed suit against both Podwinski and Amanda, however, that was never reduced to a judgment. Frankly, the only thing keeping Podwinski afloat at this point is Amanda's income and it would be best if she is left out of this. She did not file bankruptcy and if everything falls apart-the debt is non-dischargeable as to Podwinski, but if there's a default in the stipulation by Podwinski, then Delozier and Tomek would be back to pursuing claims against either under state law-the having been NOT discharged as to either.

7. **Timing:** Podwinski's worry is whether or not there are other creditors out there to pursue a similar course of action. I would hate to have something squared away with Tomek and Delozier, but then another creditor we haven't heard from files a 727 complaint. I have received no other information that would lead me to believe that would be the case, but to make sure, Podwinski would agree that Tomek and Delozier AND ONLY Tomek and Delozier be granted an extension of the time to file a complaint determining discharge for any certain number of days and once we are after the deadline for all others, we execute the stipulation resolving the complaint/etc. This way everyone knows where they stand. It

is in Tomek and Delozier's best interest that their debts are the only carved out from discharge rather than a wholesale under 727/etc. for collection purposes. I figure we can have everything lined up as to the stipulation, and then sign on day 61 from the 341.

8. **Payment Structure.** This is the tough one. Right now, Podwinski's only source of income is his disability pay. This is clearly not sufficient to pay either debt down in a meaningful amount of time and maintain living at the same time. As a starting point, Podwinksi would suggest a payment structure of:

   a. $250/month each to Tomek and Delozier for the 12 months following stipulation approval by the Court to allow Podwinski to get a new business venture going (total $500/month)

   b. $750/month each to Tomek and Delozier for 24 months after

   c. $1,000.00/month each to Tomek and Delozier for remainder of term to pay debt and accrued interest

   d. Assuming a total of approx. $361,000.00 is due to both of your clients, we're looking at a total repayment time of around 29 years total, which I'm sure is not desirable, however, Podwinski needs some breathing room at the outset to get his business venture going. We could build some percentages of revenue/etc. once he gets running and Podwinksi would agree to provide annual W-2s, 1099s, Returns and Profit and Loss statements for himself personally as well as any business in which he is a majority owner to allow full disclosure of his finances for the term. If Podwinski has enough to live on and re-invest in his business, I think he would be fine with a % obligation of net revenue after a standard of living defined amount, which we can work on if this is appealing to your clients.

   e. Podwinski wants to agree to something manageable, but at the same time will use best efforts to pay down the debt as soon as he can. Assuming the debts are carved out from discharge after trial/etc., Tomek and Delozier would be in a better position, although receiving less than they like initially and for a longer term, but at least they would have full access to Podwinski's financials if he should default on the terms.

   f. Financials and payments can be submitted to your office so you can monitor and distribute proceeds.

9. **Future Business.** Podwinski is working on getting Barrel Aged Labs up and running, and wanted to get a final plan to you as to future projections/etc., however, Podwinski is still working to that aim and would be amenable to allow Delozier and Tomek part of that business, liens on that equipment/etc. which would further secure and pay down the debt much faster. Podwinski just doesn't have the numbers and I'd want Mr. Podwinski to await the Chapter 7 Trustee's determination as to assets (so far I have not received the document request Stalnaker alluded to at the 341 and I haven't seen any abandonment or Notice of Intent to Claim).

Please let me know what works for your clients and what we need to work on.


**John A. Lentz**
Lepant & Lentz, PC, LLO
Offices in Lincoln and Omaha
402-421-9676

https://johnlentz.com/

---

**STATEMENT OF INTENDED USE:**

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary

products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Tuesday, February 4, 2020 12:36 PM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>; Tyler Masterson <tmasterson@westomahalaw.com>; Josiah Shanks <jshanks@westomahalaw.com>; Michele Lastovica <mlastovica@westomahalaw.com>
**Subject:** RE: Brian Podwinski/Blue Blood Ch. 7 - Neb. Bk. No. 19-41937 - Settlement Offer Invitation

John,

Any updates on the settlement discussed below?

I've got an exemption objection deadline coming up in a few weeks and an adversary deadline of 3/23.
Ultimately I need to know if I should be preparing those things, along with whether I need to be preparing a motion for a 2004 examination.
If I don't hear from Brian by 2/14, I'll plan to protect those deadlines and make appropriate filings.

Best,

Michael W. Milone
*Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, work-product immunity, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Friday, January 24, 2020 3:04 PM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>; Tyler Masterson <tmasterson@westomahalaw.com>; Josiah Shanks <jshanks@westomahalaw.com>; Michele Lastovica <mlastovica@westomahalaw.com>
**Subject:** RE: Brian Podwinski/Blue Blood Ch. 7 - Neb. Bk. No. 19-41937 - Settlement Offer Invitation

Thanks-I'll discuss with Mr. Podwinski and let you know what we come up with.

**John A. Lentz**
Lepant & Lentz, PC, LLO
Offices in Lincoln and Omaha
402-421-9676


https://johnlentz.com/

---

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Friday, January 24, 2020 3:02 PM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>; Tyler Masterson <tmasterson@westomahalaw.com>; Josiah Shanks <jshanks@westomahalaw.com>; Michele Lastovica <mlastovica@westomahalaw.com>
**Subject:** Brian Podwinski/Blue Blood Ch. 7 - Neb. Bk. No. 19-41937 - Settlement Offer Invitation

John,

Thanks for the call about this case today.

This e-mail confirms that my clients are open to settling their claims against Brian and Blue Blood to avoid the need for discovery and potential adversary action.

We discussed in our call that Brian would be willing to consider settling on the following terms:

(1) Full repayment of the debts owed to Chuck Tomek ("Tomek") and Tadd Delozier ("Delozier");
(2) Reducing the Delozier claim to judgment;
(3) Entry of non-dischargeability judgments for the Tomek and Delozier debts, which could be accomplished through some kind of stipulated adversary proceeding or settlement language; and
(4) Securing the Tomek and Delozier debts with a lien in the Podwinski home that survives the bankruptcy.

I have spoken with my clients, and they are open to settling on terms like this.

Other things my clients mentioned to me that they would like to resolve in our settlement negotiations included:

(a) Whether the judgments would accrue interest over the life of the settlement's payment structure, given that they both advanced Brian significant sums of money;
(b) Whether Brian would be paying any amount of attorney fees; and
(c) Whether Amanda Podwinski would be willing to be party to the settlement agreement or sign separate security documents that pledge her interest in the home as collateral for our settlement value.

Because I'm not aware of Brian's long-term plans for employment/income or what resources may be available to him for settlement, I'd invite you to send me an offer on these general terms.

The expectation would be that we hammer out the details and reach a formal settlement agreement that memorializes final terms if we can agree.

Tomek and Delozier are willing to be flexible on repayment structure and timing to facilitate getting this done and minimizing everyone's costs.

But I can also say, based on my experience, that a 30-year repayment plan or one that pays nominal dollars each month is less likely to get things settled.

Please let me know your thoughts once you've had time to talk things through with Brian.

I'm around to discuss all this at your convenience.

Best,

Michael W. Milone
*Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, work-product immunity, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

FDCPA: This is an attempt to collect a debt and any information obtained will be used for that purpose.
This firm and the lawyer signing this document may be considered debt collectors under the Fair Debt
Collection Practices Act.

**Michael Milone**

| | |
|---|---|
| **From:** | John Lentz <john@lepantandlentz.com> |
| **Sent:** | Friday, March 20, 2020 10:31 AM |
| **To:** | Michael Milone |
| **Subject:** | Podwinski |

Michael,

Just a couple points from our conversation the other day:

1. Brian is still resistant to the idea of everyone having Amanda's income information, however, he is agreeable to the sharing of total 2019 returns, but in future years, he would like to limit this to his information from the return, so W-2s, 1099s/K-1s and any Schedules E, C, etc. attributable to Brian.
2. He's still working on finding corporate documents
3. Brian agrees to burdening his interest in the home.
4. Down payment is going to be tough considering Brian doesn't have a good source of income currently, however, he would be agreeable to $500 and then maybe more once he gets his tax returns completed, but he doesn't have them done yet.

As a side note, I wanted to give you the heads up that like Tomek/Delozier, I have a deadline approaching as to filing motions to avoid liens on the home. I will be filing one for the Ponte lien, Ironhide Construction and Tomek, but I understand that if we have a deal down the road, I will withdraw the motion, or we simply incorporate that into the settlement agreement.



## John A. Lentz
Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

601 Old Cheney Rd., Ste B
Lincoln, NE 68512

**www.JohnLentz.com**

## WE'RE MOVING! As of March 30th our new address is
## 650 J St. #215B, Lincoln, NE 68508 (FREE Parking)

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client

privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

**Michael Milone**

| | |
|---|---|
| **From:** | Michael Milone |
| **Sent:** | Friday, March 27, 2020 12:44 PM |
| **To:** | John Lentz |
| **Cc:** | David Koukol |
| **Subject:** | Podwinski BK - More Settlement Considerations for Review |

John,

After reviewing the points below, here are some of what I expect are the last points and counter-points my clients will throw into the mix for consideration.

1. We are agreeable to seeing the 2019 tax returns in full, while limiting future years to disclosing information only attributable to Brian.
   a. I take this to mean that we would still get all of Brian's tax information for each tax year going forward, but not Amanda's.
   b. We would facilitate this information exchange directly through my office at the time Brian files each year.
2. My clients are agreeable to a $500 down payment upon settlement. But let me qualify:
   a. I want to be clear that they do want to be paid more – amount to be determined – if the Podwinskis receive a significant tax refund for tax year 2019.
   b. I do expect, based on my investigation, the Podwinskis will be getting a large tax refund – perhaps $50,000 or $100,000, not the $2,000 Brian estimated.
      If that's not right, I'd like them or someone from the State to tell me why.
   c. A larger down payment significantly reduces risk to my clients, and agreeing to a long-term payment plan presents them plenty of risk to mitigate.
   d. I acknowledge the law is any portion of the refund attributable to Brian's work is likely property of the estate. But the same law says any portion attributable to Amanda is hers, and therefore it can be used to fund a down payment if we can agree to one.
   e. Because the Podwinskis have not filed their 2019 returns, and because filing deadlines are now extended by law, I'm unsure how we will know how much can be paid from any tax refund they receive. I suggest we simply agree – if we agree at all – to some kind of percentage split if they're open to it.
      That way, we don't need to know a final refund amount and we can still make a definite agreement in the present.
3. My clients also propose a balloon payment deal structure rather than one that escalates and stretches payments over a 30-year term.
   a. This could look a lot like the payment structure you initially proposed with escalating payments from $250/month, to $750/month, to $1,000/month to start.
   b. But we would propose at some point – probably between years 10 and 20 – that there be a final balloon payment for the remaining balances due to Mr. Tomek and Mr. Delozier.
   c. This still gives Brian and Amanda plenty of time to get their finances in order by paying down mortgage debt, paying vehicle loans, and paying down student loans.
      It also gives Brian a large window to get back into the marketplace with a new business or find new employment.
   d. This balloon payment is feasible using ordinary refinancing tools like a bank loan or home equity line of credit.

I'm in the office next week once you've had a chance to review with the Podwinskis.
Feel free to call or write me if you need anything.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Friday, March 20, 2020 10:31 AM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Subject:** Podwinski

Michael,

Just a couple points from our conversation the other day:

1. Brian is still resistant to the idea of everyone having Amanda's income information, however, he is agreeable to the sharing of total 2019 returns, but in future years, he would like to limit this to his information from the return, so W-2s, 1099s/K-1s and any Schedules E, C, etc. attributable to Brian.
2. He's still working on finding corporate documents
3. Brian agrees to burdening his interest in the home.
4. Down payment is going to be tough considering Brian doesn't have a good source of income currently, however, he would be agreeable to $500 and then maybe more once he gets his tax returns completed, but he doesn't have them done yet.

As a side note, I wanted to give you the heads up that like Tomek/Delozier, I have a deadline approaching as to filing motions to avoid liens on the home. I will be filing one for the Ponte lien, Ironhide Construction and Tomek, but I understand that if we have a deal down the road, I will withdraw the motion, or we simply incorporate that into the settlement agreement.

 # John A. Lentz
Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

601 Old Cheney Rd., Ste B
Lincoln, NE 68512

**www.JohnLentz.com**

## WE'RE MOVING! As of March 30th our new address is
## 650 J St. #215B, Lincoln, NE 68508 (FREE Parking)

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party.  Any person who is not the addressee should seek specific advice from an independent tax advisor.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | BK No. 19-41937-TLS |
| Brian C. Podwinski, | **Unopposed Motion to Extend Time For Filing Objecting to Dischargeability and Adversary Action** |
| Ch. 7 Debtor. | |

Creditors and interested parties Charles S. Tomek and Tadd Delozier move the Court for an Order extending the time in which they may object to discharge, challenge the dischargeability of specific debts, and pursue an adversary action in this bankruptcy filed by Brian C. Podwinski ("Mr. Podwinski"). Counsel for Tomek and Delozier has spoken to debtor's counsel about the request made in this motion, and neither counsel nor Debtor object to the court granting the relief requested below.

**Factual and Procedural Background**

1. Mr. Podwinski filed a voluntary petition for Chapter 7 bankruptcy on November 21, 2019.

2. Tomek has at least one secured claim reduced to judgment against Debtor that should be considered in these proceedings.

3. Delozier has at least one unsecured claim not yet reduced to judgment against Debtor that should be considered in these proceedings.

4. The total balance due to Tomek and Delozier is approximately $400,000.

5. The deadline to object to dischargeability is currently set by the Court to expire on March 23, 2020. (ECF 12 at 2).

6.  Tomek and Delozier have not previously asked for extension of any deadlines.

7.  Debtor and Debtor's counsel do not oppose this motion.

8.  Granting this extension will help the parties determine whether adversary

    proceedings are necessary or whether settlement is possible.

9.  Because this motion is unopposed and the current dischargeability deadline has

    not expired, this Court should grant this motion.

### Requests for Relief

Tomek and Delozier request this Court extend the time in which they may

object to discharge, challenge the dischargeability of specific debts, and pursue an

adversary action against the Debtor in this bankruptcy by no more than 90 days

from the date of the order granting this motion. and for such other and further relief

as is just.

Date: March 20, 2020

Charles S. Tomek and Tadd Delozier,
Creditors and Interested Parties

By:    /s/ Michael W. Milone
       Michael W. Milone #25800
       David J. Koukol #18102
       KOUKOL & JOHNSON, LLC
       12020 Shamrock Plz., Suite 333
       Omaha, NE 68154
       Email: mmilone@westomahalaw.com
       Phone: (402) 934-9499, ext. 211
       Fax: (402) 934-7730
       Counsel for Tomek and Delozier

## Certificate of Service

I hereby certify that on March 20, 2020, I electronically filed the foregoing Unopposed Motion and this certificate of service with the Clerk of the Bankruptcy Court using the CM/ECF system, which sent notification of such filings to the following: Chapter 7 Trustee James Overcash; U.S. Trustee Jerry Jensen; Debtor's attorney John A. Lentz; and all parties registered to use the CM/ECF system. I further certify that I sent notice of this filing by first class mail to: none.

/s/ Michael W. Milone

**Michael Milone**

| | |
|---|---|
| **From:** | John Lentz <john@lepantandlentz.com> |
| **Sent:** | Thursday, April 09, 2020 6:54 AM |
| **To:** | Michael Milone |
| **Cc:** | David Koukol |
| **Subject:** | RE: Podwinski BK - More Settlement Considerations for Review |

Michael,

I have confirmed with Mr. Podwinksi that:

1. He's agreeable to this and it sounds like we have this resolved.
2. Brian doesn't believe there's going to be much of a refund, but frankly, it's anyone's guess at this point due to the fact that the returns haven't been prepared. Brian has some fairly significant tax debt that would need to be taken care of and I'd imagine your clients would want paid since a tax lien on all of his assets would affect their ability to collect. Brian will be working on coming up with the returns for 2019.
3. Brian is open to a balloon, he is working on figuring out what will work best as to time and amount.



# John A. Lentz
Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

---

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and

destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Friday, March 27, 2020 12:44 PM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** Podwinski BK - More Settlement Considerations for Review

John,

After reviewing the points below, here are some of what I expect are the last points and counter-points my clients will throw into the mix for consideration.

1.  We are agreeable to seeing the 2019 tax returns in full, while limiting future years to disclosing information only attributable to Brian.
    a.  I take this to mean that we would still get all of Brian's tax information for each tax year going forward, but not Amanda's.
    b.  We would facilitate this information exchange directly through my office at the time Brian files each year.
2.  My clients are agreeable to a $500 down payment upon settlement. But let me qualify:
    a.  I want to be clear that they do want to be paid more – amount to be determined – if the Podwinskis receive a significant tax refund for tax year 2019.
    b.  I do expect, based on my investigation, the Podwinskis will be getting a large tax refund – perhaps $50,000 or $100,000, not the $2,000 Brian estimated.
        If that's not right, I'd like them or someone from the State to tell me why.
    c.  A larger down payment significantly reduces risk to my clients, and agreeing to a long-term payment plan presents them plenty of risk to mitigate.
    d.  I acknowledge the law is any portion of the refund attributable to Brian's work is likely property of the estate. But the same law says any portion
        attributable to Amanda is hers, and therefore it can be used to fund a down payment if we can agree to one.
    e.  Because the Podwinskis have not filed their 2019 returns, and because filing deadlines are now extended by law, I'm unsure how we will know
        how much can be paid from any tax refund they receive. I suggest we simply agree – if we agree at all – to some kind of percentage split if they're open to it.
        That way, we don't need to know a final refund amount and we can still make a definite agreement in the present.
3.  My clients also propose a balloon payment deal structure rather than one that escalates and stretches payments over a 30-year term.
    a.  This could look a lot like the payment structure you initially proposed with escalating payments from $250/month, to $750/month, to $1,000/month to start.
    b.  But we would propose at some point – probably between years 10 and 20 – that there be a final balloon payment for the remaining balances due to
        Mr. Tomek and Mr. Delozier.

    c. This still gives Brian and Amanda plenty of time to get their finances in order by paying down mortgage debt, paying vehicle loans, and paying down student loans.
It also gives Brian a large window to get back into the marketplace with a new business or find new employment.

    d. This balloon payment is feasible using ordinary refinancing tools like a bank loan or home equity line of credit.

I'm in the office next week once you've had a chance to review with the Podwinskis.
Feel free to call or write me if you need anything.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

---

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Friday, March 20, 2020 10:31 AM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Subject:** Podwinski

Michael,

Just a couple points from our conversation the other day:

1. Brian is still resistant to the idea of everyone having Amanda's income information, however, he is agreeable to the sharing of total 2019 returns, but in future years, he would like to limit this to his information from the return, so W-2s, 1099s/K-1s and any Schedules E, C, etc. attributable to Brian.
2. He's still working on finding corporate documents
3. Brian agrees to burdening his interest in the home.
4. Down payment is going to be tough considering Brian doesn't have a good source of income currently, however, he would be agreeable to $500 and then maybe more once he gets his tax returns completed, but he doesn't have them done yet.

As a side note, I wanted to give you the heads up that like Tomek/Delozier, I have a deadline approaching as to filing motions to avoid liens on the home. I will be filing one for the Ponte lien, Ironhide Construction and Tomek, but I understand that if we have a deal down the road, I will withdraw the motion, or we simply incorporate that into the settlement agreement.

 John A. Lentz
Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

601 Old Cheney Rd., Ste B
Lincoln, NE 68512

**www.JohnLentz.com**

# WE'RE MOVING! As of March 30th our new address is
## 650 J St. #215B, Lincoln, NE 68508 (FREE Parking)

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party.  Any person who is not the addressee should seek specific advice from an independent tax advisor.

**Michael Milone**

---

| | |
|---|---|
| **From:** | Michael Milone |
| **Sent:** | Wednesday, April 22, 2020 1:20 PM |
| **To:** | John Lentz |
| **Cc:** | David Koukol |
| **Subject:** | Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment |
| **Attachments:** | Settlement Terms Compilation v.1 4-22-20.docx |

John,

As promised, attached you'll find my compilation of the settlement terms we've been discussing these last 3 months.

Since it seems like we are very close and there is only a little left to work out, I'm providing the attached hoping we can use it to finish this settlement up.

I'm mindful that we have a hearing on your motion to avoid Mr. Tomek's lien coming up shortly, and I'd propose continuing that for 30 to 60 days to accommodate settlement.

I don't think Judge Saladino will have any problem with that, as Ponte will get to keep his existing hearing date and it will mean less for the Judge to deal with.

Please let me know what you think when you get a chance. I did include a fair bit of detail, so it may take some time to work through.

I will be reviewing the attached with my clients to confirm this represents the deal we've all been discussing, though I don't have any doubts as I write this.

If we're successful in working out remaining details soon, it should be pretty easy to turn this compilation into a formal settlement document.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

*For settlement purposes only under* Neb. Rev. Stat. § 27-408

       June 1, 2035 or something similar if settlement is confirmed
       on June 1, 2020.

5. On the balloon payment date, Podwinski would be
   responsible for paying the remaining balances due to
   Mr. Tomek and Mr. Delozier in full through whatever means
   he has available.

6. Podwinski accepts the proposed balloon payment structure.
   Tomek and Delozier are open to further discussing the
   details of this balloon payment structure.

*For settlement purposes only under Neb. Rev. Stat. § 27-408*

    c. Life Insurance

        i. Podwinski obtains a term life insurance policy covering 20 to 30 years as a further security mechanism for ensuring payment of settlement funds.

        ii. Podwinski estimates insurance for $350,000 for 20 years will cost him $75/month; or for 10 years will cost $55/month.

        iii. Podwinski would take all steps necessary to apply for, obtain, pay premiums on, and provide proof of this term life insurance policy. Tomek and Delozier would be the designated beneficiaries of any benefits payable under the policy. Any premiums paid would be credited 50% against what Podwinski owes Tomek and 50% against what Podwinski owes Delozier as premiums are paid under the terms of the parties' settlement.

    d. Down payment

        i. Podwinski agrees to make a down payment of $500 toward settlement.

3. From e-mail sent by Michael W. Milone on 3/27/2020

    a. Down payment

        i. Tomek and Delozier are willing to accept a down payment of $500 toward settlement

        ii. If Amanda and Brian Podwinski receive a significant tax refund for tax year 2019 based on Angel Investment Tax Credits, Tomek and Delozier request Amanda contribute some reasonable percentage of that refund toward the settlement down payment. Tomek and Delozier acknowledge that any tax refund attributable to Podwinski's labor in tax year 2019 is likely property of the bankruptcy estate that must be administered by the trustee.

    b. Payment Structure

        i. Tomek and Delozier propose a balloon payment structure. That structure mirrors what Podwinski initially proposed:

           1. $250/month each to Tomek and Delozier for the 12 months following stipulation approval by the Court to allow Podwinski to get a new business venture going (total $500/month)

           2. $750/month each to Tomek and Delozier for 24 months after the first year;

           3. $1,000.00/month each to Tomek and Delozier until we reach a designated balloon payment date

           4. Tomek and Delozier then suggest a 10 to 20-year balloon date – for example, a balloon payment could be scheduled for

*For settlement purposes only under* Neb. Rev. Stat. § 27-408

  f. Payment Structure
    i. Podwinski proposes to pay:
      1. $250/month each to Tomek and Delozier for the 12 months following stipulation approval by the Court to allow Podwinski to get a new business venture going (total $500/month).
      2. $750/month each to Tomek and Delozier for 24 months after the first year.
      3. $1,000.00/month each to Tomek and Delozier for remainder of term to pay debt and accrued interest.
      4. The total payment term is estimated at 30 years.
      5. Podwinski would agree to provide wage documentation, financial statements, and tax returns for himself personally as well as any business in which he owns a majority stake
      6. If feasible, Podwinski would agree to further contribute a percentage of any net revenue available from his future business operations to further pay down amounts owed under the settlement agreement

2. From notes on the phone call between Michael W. Milone and John Lentz around 2/13/2020 and e-mail replies by John Lentz on 2/25/20 and 3/20/2020
  a. Tax documentation
    i. Podwinski produces to Tomek and Delozier a full copy of the joint 2019 tax return with all supporting documentation once it is prepared and filed. Tomek and Delozier acknowledge it may take until October 2020 or longer for this production to occur.
      1. Tomek and Delozier are allowed to see whether and in what amount Podwinski received an Angel Investment Tax Credit for tax year 2019.
    ii. Podwinski agrees to provide his tax returns and supporting documentation for each future tax year through completion of the terms of the settlement agreement. This production in future years excludes producing any of Amanda Podwinski's tax information or supporting documents.
  b. Blue Blood Brewing Ownership
    i. Podwinski confirms his percentage ownership in Blue Blood through the date he filed his bankruptcy petition and explains whether he has diluted or added to that percentage based on his contributions of cash or property over time. This information would be used to verify Tomek and Delozier are dealing with Blue Blood's true owner and that Podwinski had the authority to file the bankruptcy in the first place.

*For settlement purposes only under* Neb. Rev. Stat. § 27-408

    b. The Bankruptcy Court would enter a confessed/stipulated judgment stating the Tomek Debt and the Delozier Debt are non-dischargeable in bankruptcy.

        i. This may be accomplished by making a general reference to non-dischargeability under 11 U.S.C. § 523(a)(4) for breach of fiduciary duty.

    c. The parties' agreement will contain confidentiality provisions limiting disclosure of the settlement terms, underlying events involved in the bankruptcy case, and any fraud allegations.

    d. Liens on Podwinski Real Property

        i. Podwinksi agrees not to avoid/strip Tomek's lien on his interest in his home. Tomek will maintain a lien on Podwinski's interest in the home as a security mechanism for settlement payments through completion of the settlement agreement.

        ii. Podwinski agrees to a lien against his interest in his home by Delozier as part of reducing Delozier's debt to judgment. Podwinski agrees not to avoid/strip Delozier's lien on his interest in his home. Delozier will maintain a lien on Podwinski's interest in his home as a security mechanism for settlement payments through completion of the settlement agreement.

        iii. Neither Tomek nor Delozier will execute against Podwinski's interest in his home as long as Podwinski makes timely settlement payments and does not default under the parties' settlement agreement.

        iv. Amanda Podwinski does not agree to the entry or placement of any liens on her interest in the home. Amanda Podwinski does not agree to subordinate her interests in the home to Tomek or Delozier's liens.

        v. Podwinski will take all necessary steps to avoid/strip the judgment liens asserted by Ironhide Construction and Ponte Investments to effectuate settlement and protect Tomek and Delozier's settlement positions. Ironhide has not objected to avoidance of its lien, so all that remains is obtaining an order avoiding Ponte's lien.

    e. Podwinski's Future Business

        i. Podwinski is working to rehabilitate Barrel Aged Labs and turn it into a viable business.

        ii. Podwinski would grant Tomek and Delozier liens against Barrel Aged Labs' equipment, inventory, etc. to further secure Tomek and Delozier's settlement positions. Tomek and Delozier would take these security interest as soon as practicable if Podwinski is able to rehabilitate Barrel Aged Labs.

*For settlement purposes only under* Neb. Rev. Stat. § 27-408

| | |
|---|---|
| **To:** | John Lentz, counsel for Brian Podwinski |
| **Copy to:** | Chuck Tomek; Tadd Delozier; David J. Koukol |
| **From:** | Michael W. Milone; KOUKOL & JOHNSON, LLC |
| **Date:** | April 22, 2020 |
| **Re:** | Brian Podwinski/Blue Blood Ch. 7 - Neb. Bk. No. 19-41937 – Compilation of Current Settlement Terms for Review by Parties and Counsel |

1. From e-mail sent by Michael W. Milone on 1/24/2020 and e-mail reply by John Lentz on 2/11/2020
    a. Full repayment of the debts owed to Chuck Tomek ("Tomek") and Tadd Delozier ("Delozier").
        i. Tomek Debt
            1. Already reduced to judgment in the District Court of Lancaster County on 8/16/2019 in the amount of $134,125.00 plus post-judgment interest at 4.095% annually, with post-judgment interest accruing from date of judgment through final payment.
            2. Brian Podwinski ("Podwinski") would agree to reaffirm this debt and take all steps necessary for reaffirmation in the bankruptcy court.
        ii. Delozier Debt
            1. Not reduced to judgment at the time Podwinski filed his bankruptcy petition.
            2. Would be reduced to a confessed/stipulated judgment in the principal amount of $250,000, plus pre-judgment interest at loan rate of 6.5% annually, plus post-judgment interest at judgment rate of 4.095% annually, with post-judgment interest accruing from the date the Court approves the parties' stipulation through final payment.
            3. Podwinski would agree to pay this amount going forward and take all steps necessary to approve that agreement in the bankruptcy court if required.
            4. This amount would be adjusted to account for any payments Podwinski claims he made toward the Delozier Debt before settlement. I'm unaware of any such payments right now.

**Michael Milone**

| | |
|---|---|
| **From:** | John Lentz <john@lepantandlentz.com> |
| **Sent:** | Thursday, May 14, 2020 4:22 PM |
| **To:** | Michael Milone |
| **Cc:** | David Koukol |
| **Subject:** | RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment |

Michael & David,

I'm just following up-letting you know that I am still waiting on Brian to approve the list of terms-I believe the terms have all been agreed to through months of emails, but I want to get his approval prior to telling you that we have a deal and let's do a stip.



# John A. Lentz

Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

---

## STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing

or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Wednesday, April 22, 2020 1:20 PM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

John,

As promised, attached you'll find my compilation of the settlement terms we've been discussing these last 3 months.
Since it seems like we are very close and there is only a little left to work out, I'm providing the attached hoping we can use it to finish this settlement up.
I'm mindful that we have a hearing on your motion to avoid Mr. Tomek's lien coming up shortly, and I'd propose continuing that for 30 to 60 days to accommodate settlement.
I don't think Judge Saladino will have any problem with that, as Ponte will get to keep his existing hearing date and it will mean less for the Judge to deal with.

Please let me know what you think when you get a chance. I did include a fair bit of detail, so it may take some time to work through.
I will be reviewing the attached with my clients to confirm this represents the deal we've all been discussing, though I don't have any doubts as I write this.
If we're successful in working out remaining details soon, it should be pretty easy to turn this compilation into a formal settlement document.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

## Michael Milone

| | |
|---|---|
| **From:** | John Lentz <john@lepantandlentz.com> |
| **Sent:** | Tuesday, June 02, 2020 12:10 PM |
| **To:** | Michael Milone |
| **Cc:** | David Koukol |
| **Subject:** | RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment |

I've requested confirmation a few times (or more), but I will re-check with Brian as to where he's at on reviewing your list of terms. To my knowledge, it included the email string, so I believe he's not necessarily concerned with that rather than the feasibility.

Nevertheless, I will inform him I need an answer soon, or there's not going to be a deal to consider/review.



## John A. Lentz

Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

---

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing

or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Tuesday, June 2, 2020 12:06 PM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

John,

My clients are growing restless and want me to ask you when we can expect to get things moving toward final settlement.
Let me know when you can.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

---

**From:** Michael Milone
**Sent:** Friday, May 15, 2020 7:33 AM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

John,

Fair enough.
I'll let my guys know.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.

It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law. If you have received it by mistake, please delete it from your system and notify the sender immediately. You may not copy or disclose its contents to anyone.

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Thursday, May 14, 2020 4:22 PM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

Michael & David,

I'm just following up-letting you know that I am still waiting on Brian to approve the list of terms-I believe the terms have all been agreed to through months of emails, but I want to get his approval prior to telling you that we have a deal and let's do a stip.



# John A. Lentz

Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

---

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing

or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Wednesday, April 22, 2020 1:20 PM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

John,

As promised, attached you'll find my compilation of the settlement terms we've been discussing these last 3 months.
Since it seems like we are very close and there is only a little left to work out, I'm providing the attached hoping we can use it to finish this settlement up.
I'm mindful that we have a hearing on your motion to avoid Mr. Tomek's lien coming up shortly, and I'd propose continuing that for 30 to 60 days to accommodate settlement.
I don't think Judge Saladino will have any problem with that, as Ponte will get to keep his existing hearing date and it will mean less for the Judge to deal with.

Please let me know what you think when you get a chance. I did include a fair bit of detail, so it may take some time to work through.
I will be reviewing the attached with my clients to confirm this represents the deal we've all been discussing, though I don't have any doubts as I write this.
If we're successful in working out remaining details soon, it should be pretty easy to turn this compilation into a formal settlement document.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

**Michael Milone**

| | |
|---|---|
| **From:** | John Lentz <john@lepantandlentz.com> |
| **Sent:** | Wednesday, June 17, 2020 9:41 AM |
| **To:** | Michael Milone |
| **Cc:** | David Koukol |
| **Subject:** | RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment; Additional Thoughts |

Brian is good with:

1.     As to payments, Brian is concerned with ability to make payments. Brian has no issue in paying as soon as he can, but he is concerned with ability to pay, hence the Jan, 2021 payment request. Can we put in the agreement that Brian will make payments as soon as often as he can, but deadline will be Jan. 1, 2021 for a first payment? He has a leasing co. that his wife is jointly liable on that will have to be taken care of. There's equipment that can be sold, but not until the BK is over. Hence the need for some sort of future payment longer than Oct, 2020. He also doesn't want to commit to something he may not be able to do as his financial condition is very uncertain at this time. I understand your client's need to start seeing money trickle in, but in the grand scheme of things, if the debt is not discharged, it's not discharged and frankly, the further that first payment is out, the more likely the default. So, even though I understand your clients need to start seeing money coming in, the alternative is we have a nice week-long trial in about 6 months and best case scenario, your clients get a judgment they can try to start executing on (which based on schedules, it doesn't sound like there's much to take). So, the timeline is similar, if not longer if we take to trial and each of our clients "roll the dice."

Brian has also requested the amortization be set up to where if he makes early payments, those get applied to the next payment due. I forget the term as to interest accrual/payments (and don't have time to look up), but let's say Brian starts making $100/month to each of your clients starting October, 2020-those payments should be applied to the first payment due of Jan, 2021 and so forth. This will allow Brian to make smaller payments as available so that he both gets money to your clients sooner, and is able to satisfy the payment requirements under the settlement ahead of time.

Brian wants this to be resolved and paid as soon as he can, he just really does not want to commit to something that may not be feasible and given the instability of his current finances, he's trying to avoid any possible default in the future.

In addition, the paying of the life insurance premiums go towards a credit of repayment, so he's already theoretically started payment.

2.     Brian's getting a copy and has already requested info from the agent as to the life insurance policy and I will provide as soon as I receive.

3.     Brian is fine with the $750 buyout of Barrel Aged Labs after all payments are made to Tadd.



# John A. Lentz

Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

## www.JohnLentz.com

---

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Wednesday, June 17, 2020 8:36 AM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment; Additional Thoughts

John,

I discussed the points below with my clients, and here is an outline of our responses:

1. Down payment can occur September 1, 2020. That's no problem.
But Chuck and Tadd would like payments to begin October 1, 2020. If that's not possible for some reason,

2

I'd like to know why.

I'm aware that Brian is actively advertising some of his woodworking projects on social media, which I assume he is then selling to folks in the community for profit.

He confirmed his plans to continue doing this work in my debtor's examination of him, and his wife is still employed with a six-figure salary.

I don't mean to be too simplistic or harsh here, but these folks still live in a $600,000 house and are very well off compared to most in bankruptcy.

I'm unclear why there is a real need to wait to start settlement payments until January 20201.

2. On the insurance policy, please send me at least a declaration page and certificate of insurance.

I've had insurance companies say in the past that they will only honor what is in the written policy itself, so if you can get that for me that would be useful too.

Ultimately, I need to be able to verify the policy terms/exclusions, coverage amounts, named beneficiaries, and any additional insureds.

So whatever you can provide me showing those things helps.

3. I recall that Tadd is the only party I represent who owns any membership interest in Barrel Aged Labs, LLC.

My understanding is Tadd does not have a problem releasing his membership interest in that entity once all settlement terms are fulfilled.

But that may be 10+ years in the future, so who knows where things will stand at that point, even assuming there are no settlement defaults.

I note, however, that Tadd paid to reinstate Barrel Aged Labs when it lapsed for failure to pay assessments and file a biennial report with the Secretary of State.

I think it's only fair that Tadd be reimbursed for his work to reinstate the company Brian now wants to run in the future as a going concern.

I'd set a nominal value on that of $750 for time and cost; I would expect that money to be paid through the settlement structure if Brian wants Tadd's membership interest released later.

Please let me know your thoughts and let's cover anything else we need to work out soon.

Our July discharge objection deadline is looming and Chuck and Tadd want this done. I'm sure Brian wants that too.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com



KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.

---

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Tuesday, June 16, 2020 8:42 AM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

Michael,

Sounds like Brian's good with the terms as outlined, just a few considerations/suggestions for stip:

1. Can payments begin Jan, 2021?  He will have the down payments by September 1, 2020
2. His life insurance is $143.99/month and is in effect currently.  I've requested docs
3. Brian wants any/all shares held by Delozier/Tomek to be transferred over to him in Barrel Aged Labs after all payments contemplated are made



## John A. Lentz

Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

---

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party.  Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Tuesday, June 2, 2020 12:06 PM
**To:** John Lentz <john@lepantandlentz.com>

Cc: David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

John,

My clients are growing restless and want me to ask you when we can expect to get things moving toward final settlement.
Let me know when you can.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com



CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

---

**From:** Michael Milone
**Sent:** Friday, May 15, 2020 7:33 AM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

John,

Fair enough.
I'll let my guys know.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com



CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

---

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Thursday, May 14, 2020 4:22 PM
**To:** Michael Milone <mmilone@westomahalaw.com>

Cc: David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

Michael & David,

I'm just following up-letting you know that I am still waiting on Brian to approve the list of terms-I believe the terms have all been agreed to through months of emails, but I want to get his approval prior to telling you that we have a deal and let's do a stip.

 ## John A. Lentz

Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

---

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Wednesday, April 22, 2020 1:20 PM
**To:** John Lentz <john@lepantandlentz.com>

Cc: David Koukol <dkoukol@westomahalaw.com>
**Subject:** Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

John,

As promised, attached you'll find my compilation of the settlement terms we've been discussing these last 3 months.
Since it seems like we are very close and there is only a little left to work out, I'm providing the attached hoping we can use it to finish this settlement up.
I'm mindful that we have a hearing on your motion to avoid Mr. Tomek's lien coming up shortly, and I'd propose continuing that for 30 to 60 days to accommodate settlement.
I don't think Judge Saladino will have any problem with that, as Ponte will get to keep his existing hearing date and it will mean less for the Judge to deal with.

Please let me know what you think when you get a chance. I did include a fair bit of detail, so it may take some time to work through.
I will be reviewing the attached with my clients to confirm this represents the deal we've all been discussing, though I don't have any doubts as I write this.
If we're successful in working out remaining details soon, it should be pretty easy to turn this compilation into a formal settlement document.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

**Michael Milone**

| | |
|---|---|
| **From:** | Michael Milone |
| **Sent:** | Wednesday, June 17, 2020 8:36 AM |
| **To:** | John Lentz |
| **Cc:** | David Koukol |
| **Subject:** | RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment; Additional Thoughts |

John,

I discussed the points below with my clients, and here is an outline of our responses:

1. Down payment can occur September 1, 2020. That's no problem.
But Chuck and Tadd would like payments to begin October 1, 2020. If that's not possible for some reason, I'd like to know why.
I'm aware that Brian is actively advertising some of his woodworking projects on social media, which I assume he is then selling to folks in the community for profit.
He confirmed his plans to continue doing this work in my debtor's examination of him, and his wife is still employed with a six-figure salary.
I don't mean to be too simplistic or harsh here, but these folks still live in a $600,000 house and are very well off compared to most in bankruptcy.
I'm unclear why there is a real need to wait to start settlement payments until January 20201.

2. On the insurance policy, please send me at least a declaration page and certificate of insurance.
I've had insurance companies say in the past that they will only honor what is in the written policy itself, so if you can get that for me that would be useful too.
Ultimately, I need to be able to verify the policy terms/exclusions, coverage amounts, named beneficiaries, and any additional insureds.
So whatever you can provide me showing those things helps.

3. I recall that Tadd is the only party I represent who owns any membership interest in Barrel Aged Labs, LLC.
My understanding is Tadd does not have a problem releasing his membership interest in that entity once all settlement terms are fulfilled.
But that may be 10+ years in the future, so who knows where things will stand at that point, even assuming there are no settlement defaults.
I note, however, that Tadd paid to reinstate Barrel Aged Labs when it lapsed for failure to pay assessments and file a biennial report with the Secretary of State.
I think it's only fair that Tadd be reimbursed for his work to reinstate the company Brian now wants to run in the future as a going concern.
I'd set a nominal value on that of $750 for time and cost; I would expect that money to be paid through the settlement structure if Brian wants Tadd's membership interest released later.

Please let me know your thoughts and let's cover anything else we need to work out soon.
Our July discharge objection deadline is looming and Chuck and Tadd want this done. I'm sure Brian wants that too.

Best,

Michael W. Milone

*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com



**KOUKOL & JOHNSON, LLC**
**ATTORNEYS AT LAW**

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.

---

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Tuesday, June 16, 2020 8:42 AM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

Michael,

Sounds like Brian's good with the terms as outlined, just a few considerations/suggestions for stip:

1. Can payments begin Jan, 2021?  He will have the down payments by September 1, 2020
2. His life insurance is $143.99/month and is in effect currently.  I've requested docs
3. Brian wants any/all shares held by Delozier/Tomek to be transferred over to him in Barrel Aged Labs after all payments contemplated are made



# John A. Lentz

Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

---

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use,

reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Tuesday, June 2, 2020 12:06 PM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

John,

My clients are growing restless and want me to ask you when we can expect to get things moving toward final settlement.
Let me know when you can.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

---

**From:** Michael Milone
**Sent:** Friday, May 15, 2020 7:33 AM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

John,

Fair enough.
I'll let my guys know.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Thursday, May 14, 2020 4:22 PM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

Michael & David,

I'm just following up-letting you know that I am still waiting on Brian to approve the list of terms-I believe the terms have all been agreed to through months of emails, but I want to get his approval prior to telling you that we have a deal and let's do a stip.

 ## John A. Lentz

Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

---

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended

4

recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Wednesday, April 22, 2020 1:20 PM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

John,

As promised, attached you'll find my compilation of the settlement terms we've been discussing these last 3 months.
Since it seems like we are very close and there is only a little left to work out, I'm providing the attached hoping we can use it to finish this settlement up.
I'm mindful that we have a hearing on your motion to avoid Mr. Tomek's lien coming up shortly, and I'd propose continuing that for 30 to 60 days to accommodate settlement.
I don't think Judge Saladino will have any problem with that, as Ponte will get to keep his existing hearing date and it will mean less for the Judge to deal with.

Please let me know what you think when you get a chance. I did include a fair bit of detail, so it may take some time to work through.
I will be reviewing the attached with my clients to confirm this represents the deal we've all been discussing, though I don't have any doubts as I write this.
If we're successful in working out remaining details soon, it should be pretty easy to turn this compilation into a formal settlement document.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com



KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

**Michael Milone**

| | |
|---|---|
| **From:** | Michael Milone |
| **Sent:** | Thursday, June 18, 2020 11:46 AM |
| **To:** | John Lentz |
| **Cc:** | David Koukol |
| **Subject:** | RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment; Additional Thoughts |

John,

It appears the last remaining issue is payment start timing.
My clients are willing to accept settlement payments starting November 1, 2020.
I am skeptical they will agree to allow payments to start later than that date.
Please let me know if that works and we have a deal.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Wednesday, June 17, 2020 9:41 AM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment; Additional Thoughts

Brian is good with:

1.  As to payments, Brian is concerned with ability to make payments. Brian has no issue in paying as soon as he can, but he is concerned with ability to pay, hence the Jan, 2021 payment request. Can we put in the agreement that Brian will make payments as soon as often as he can, but deadline will be Jan. 1, 2021 for a first payment? He has a leasing co. that his wife is jointly liable on that will have to be taken care of. There's equipment that can be sold, but not until the BK is over. Hence the need for some sort of future payment longer than Oct, 2020. He also doesn't want to commit to something he may not be able to do as his financial condition is very uncertain at this time. I understand your client's need to start seeing money trickle in, but in the grand scheme of things, if the debt is not discharged, it's not discharged and frankly, the further that first payment is out, the more likely the default. So, even though I understand your clients need to start seeing money coming in, the alternative is we have a nice week-long trial in about 6 months and best case scenario, your clients get a judgment they can try to start executing on (which based on schedules,

1

it doesn't sound like there's much to take). So, the timeline is similar, if not longer if we take to trial and each of our clients "roll the dice."

Brian has also requested the amortization be set up to where if he makes early payments, those get applied to the next payment due. I forget the term as to interest accrual/payments (and don't have time to look up), but let's say Brian starts making $100/month to each of your clients starting October, 2020-those payments should be applied to the first payment due of Jan, 2021 and so forth. This will allow Brian to make smaller payments as available so that he both gets money to your clients sooner, and is able to satisfy the payment requirements under the settlement ahead of time.

Brian wants this to be resolved and paid as soon as he can, he just really does not want to commit to something that may not be feasible and given the instability of his current finances, he's trying to avoid any possible default in the future.

In addition, the paying of the life insurance premiums go towards a credit of repayment, so he's already theoretically started payment.

2.     Brian's getting a copy and has already requested info from the agent as to the life insurance policy and I will provide as soon as I receive.

3.     Brian is fine with the $750 buyout of Barrel Aged Labs after all payments are made to Tadd.

 **John A. Lentz**

Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately

notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party.  Any person who is not the addressee should seek specific advice from an independent tax advisor.

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Wednesday, June 17, 2020 8:36 AM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment; Additional Thoughts

John,

I discussed the points below with my clients, and here is an outline of our responses:

1. Down payment can occur September 1, 2020. That's no problem.
But Chuck and Tadd would like payments to begin October 1, 2020. If that's not possible for some reason, I'd like to know why.
I'm aware that Brian is actively advertising some of his woodworking projects on social media, which I assume he is then selling to folks in the community for profit.
He confirmed his plans to continue doing this work in my debtor's examination of him, and his wife is still employed with a six-figure salary.
I don't mean to be too simplistic or harsh here, but these folks still live in a $600,000 house and are very well off compared to most in bankruptcy.
I'm unclear why there is a real need to wait to start settlement payments until January 20201.

2. On the insurance policy, please send me at least a declaration page and certificate of insurance.
I've had insurance companies say in the past that they will only honor what is in the written policy itself, so if you can get that for me that would be useful too.
Ultimately, I need to be able to verify the policy terms/exclusions, coverage amounts, named beneficiaries, and any additional insureds.
So whatever you can provide me showing those things helps.

3. I recall that Tadd is the only party I represent who owns any membership interest in Barrel Aged Labs, LLC.
My understanding is Tadd does not have a problem releasing his membership interest in that entity once all settlement terms are fulfilled.
But that may be 10+ years in the future, so who knows where things will stand at that point, even assuming there are no settlement defaults.
I note, however, that Tadd paid to reinstate Barrel Aged Labs when it lapsed for failure to pay assessments and file a biennial report with the Secretary of State.
I think it's only fair that Tadd be reimbursed for his work to reinstate the company Brian now wants to run in the future as a going concern.
I'd set a nominal value on that of $750 for time and cost; I would expect that money to be paid through the settlement structure if Brian wants Tadd's membership interest released later.

Please let me know your thoughts and let's cover anything else we need to work out soon.
Our July discharge objection deadline is looming and Chuck and Tadd want this done. I'm sure Brian
wants that too.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com



KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.

---

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Tuesday, June 16, 2020 8:42 AM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

Michael,

Sounds like Brian's good with the terms as outlined, just a few considerations/suggestions for stip:

1. Can payments begin Jan, 2021?  He will have the down payments by September 1, 2020
2. His life insurance is $143.99/month and is in effect currently.  I've requested docs
3. Brian wants any/all shares held by Delozier/Tomek to be transferred over to him in Barrel Aged Labs
   after all payments contemplated are made



## John A. Lentz

Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

---

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United
States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary
products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the

4

restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party.  Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Tuesday, June 2, 2020 12:06 PM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

John,

My clients are growing restless and want me to ask you when we can expect to get things moving toward final settlement.
Let me know when you can.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

---

**From:** Michael Milone
**Sent:** Friday, May 15, 2020 7:33 AM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

John,

Fair enough.
I'll let my guys know.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Thursday, May 14, 2020 4:22 PM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

Michael & David,

I'm just following up-letting you know that I am still waiting on Brian to approve the list of terms-I believe the
terms have all been agreed to through months of emails, but I want to get his approval prior to telling you that
we have a deal and let's do a stip.

 # John A. Lentz
Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

---

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United
States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary
products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the
restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this

electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Wednesday, April 22, 2020 1:20 PM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

John,

As promised, attached you'll find my compilation of the settlement terms we've been discussing these last 3 months.
Since it seems like we are very close and there is only a little left to work out, I'm providing the attached hoping we can use it to finish this settlement up.
I'm mindful that we have a hearing on your motion to avoid Mr. Tomek's lien coming up shortly, and I'd propose continuing that for 30 to 60 days to accommodate settlement.
I don't think Judge Saladino will have any problem with that, as Ponte will get to keep his existing hearing date and it will mean less for the Judge to deal with.

Please let me know what you think when you get a chance. I did include a fair bit of detail, so it may take some time to work through.
I will be reviewing the attached with my clients to confirm this represents the deal we've all been discussing, though I don't have any doubts as I write this.
If we're successful in working out remaining details soon, it should be pretty easy to turn this compilation into a formal settlement document.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730

mmilone@westomahalaw.com | www.westomahalaw.com


KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

**Michael Milone**

| | |
|---|---|
| **From:** | John Lentz <john@lepantandlentz.com> |
| **Sent:** | Thursday, June 18, 2020 3:11 PM |
| **To:** | Michael Milone |
| **Cc:** | David Koukol |
| **Subject:** | RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment; Additional Thoughts |

Brian would be agreeable to November start, however, he is still very concerned about a default. As I believe I mentioned, he may be looking at a fairly hefty tax bill from IRS, but he doesn't know right now.

Is there any way we can work in a contingency for default? In other words, if he's making a good faith effort towards paying, but based on his income/etc., he's unable to pay, he's given a period of time to cure?

I don't even know off-hand how we'd phrase it, but his utmost concern with timing is a possible default and the looming IRS potential liability.



# John A. Lentz
Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

## STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Thursday, June 18, 2020 11:46 AM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment; Additional Thoughts

John,

It appears the last remaining issue is payment start timing.
My clients are willing to accept settlement payments starting November 1, 2020.
I am skeptical they will agree to allow payments to start later than that date.
Please let me know if that works and we have a deal.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com



KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.

---

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Wednesday, June 17, 2020 9:41 AM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment; Additional Thoughts

Brian is good with:

1.  As to payments, Brian is concerned with ability to make payments. Brian has no issue in paying as soon as he can, but he is concerned with ability to pay, hence the Jan, 2021 payment request. Can we put in the agreement that Brian will make payments as soon as often as he can, but deadline will be Jan. 1, 2021 for a first payment? He has a leasing co. that his wife is jointly liable on that will have to be taken care of. There's equipment that can be sold, but not until the BK is over. Hence the need for some sort of future payment longer than Oct, 2020. He also doesn't want to commit to something he may not be able to do as his financial condition is very uncertain at this time. I understand your client's need to start seeing money trickle in, but in the grand scheme of

things, if the debt is not discharged, it's not discharged and frankly, the further that first payment is out, the more likely the default. So, even though I understand your clients need to start seeing money coming in, the alternative is we have a nice week-long trial in about 6 months and best case scenario, your clients get a judgment they can try to start executing on (which based on schedules, it doesn't sound like there's much to take). So, the timeline is similar, if not longer if we take to trial and each of our clients "roll the dice."

Brian has also requested the amortization be set up to where if he makes early payments, those get applied to the next payment due. I forget the term as to interest accrual/payments (and don't have time to look up), but let's say Brian starts making $100/month to each of your clients starting October, 2020-those payments should be applied to the first payment due of Jan, 2021 and so forth. This will allow Brian to make smaller payments as available so that he both gets money to your clients sooner, and is able to satisfy the payment requirements under the settlement ahead of time.

Brian wants this to be resolved and paid as soon as he can, he just really does not want to commit to something that may not be feasible and given the instability of his current finances, he's trying to avoid any possible default in the future.

In addition, the paying of the life insurance premiums go towards a credit of repayment, so he's already theoretically started payment.

2.     Brian's getting a copy and has already requested info from the agent as to the life insurance policy and I will provide as soon as I receive.

3.     Brian is fine with the $750 buyout of Barrel Aged Labs after all payments are made to Tadd.

 ## John A. Lentz

Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it

3

is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Wednesday, June 17, 2020 8:36 AM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment; Additional Thoughts

John,

I discussed the points below with my clients, and here is an outline of our responses:

1. Down payment can occur September 1, 2020. That's no problem.
But Chuck and Tadd would like payments to begin October 1, 2020. If that's not possible for some reason, I'd like to know why.
I'm aware that Brian is actively advertising some of his woodworking projects on social media, which I assume he is then selling to folks in the community for profit.
He confirmed his plans to continue doing this work in my debtor's examination of him, and his wife is still employed with a six-figure salary.
I don't mean to be too simplistic or harsh here, but these folks still live in a $600,000 house and are very well off compared to most in bankruptcy.
I'm unclear why there is a real need to wait to start settlement payments until January 20201.

2. On the insurance policy, please send me at least a declaration page and certificate of insurance.
I've had insurance companies say in the past that they will only honor what is in the written policy itself, so if you can get that for me that would be useful too.
Ultimately, I need to be able to verify the policy terms/exclusions, coverage amounts, named beneficiaries, and any additional insureds.
So whatever you can provide me showing those things helps.

3. I recall that Tadd is the only party I represent who owns any membership interest in Barrel Aged Labs, LLC.
My understanding is Tadd does not have a problem releasing his membership interest in that entity once all settlement terms are fulfilled.
But that may be 10+ years in the future, so who knows where things will stand at that point, even assuming there are no settlement defaults.
I note, however, that Tadd paid to reinstate Barrel Aged Labs when it lapsed for failure to pay assessments and file a biennial report with the Secretary of State.
I think it's only fair that Tadd be reimbursed for his work to reinstate the company Brian now wants to

4

run in the future as a going concern.

I'd set a nominal value on that of $750 for time and cost; I would expect that money to be paid through the settlement structure if Brian wants Tadd's membership interest released later.

Please let me know your thoughts and let's cover anything else we need to work out soon.

Our July discharge objection deadline is looming and Chuck and Tadd want this done. I'm sure Brian wants that too.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com



KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.

---

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Tuesday, June 16, 2020 8:42 AM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

Michael,

Sounds like Brian's good with the terms as outlined, just a few considerations/suggestions for stip:

1. Can payments begin Jan, 2021? He will have the down payments by September 1, 2020
2. His life insurance is $143.99/month and is in effect currently. I've requested docs
3. Brian wants any/all shares held by Delozier/Tomek to be transferred over to him in Barrel Aged Labs after all payments contemplated are made



## John A. Lentz
Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

---

STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Tuesday, June 2, 2020 12:06 PM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

John,

My clients are growing restless and want me to ask you when we can expect to get things moving toward final settlement.
Let me know when you can.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com



KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

**From:** Michael Milone
**Sent:** Friday, May 15, 2020 7:33 AM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

John,

Fair enough.
I'll let my guys know.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

---

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Thursday, May 14, 2020 4:22 PM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

Michael & David,

I'm just following up-letting you know that I am still waiting on Brian to approve the list of terms-I believe the terms have all been agreed to through months of emails, but I want to get his approval prior to telling you that we have a deal and let's do a stip.

 **John A. Lentz**
Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

---

STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Wednesday, April 22, 2020 1:20 PM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

John,

As promised, attached you'll find my compilation of the settlement terms we've been discussing these last 3 months.
Since it seems like we are very close and there is only a little left to work out, I'm providing the attached hoping we can use it to finish this settlement up.
I'm mindful that we have a hearing on your motion to avoid Mr. Tomek's lien coming up shortly, and I'd propose continuing that for 30 to 60 days to accommodate settlement.
I don't think Judge Saladino will have any problem with that, as Ponte will get to keep his existing hearing date and it will mean less for the Judge to deal with.

Please let me know what you think when you get a chance. I did include a fair bit of detail, so it may take some time to work through.
I will be reviewing the attached with my clients to confirm this represents the deal we've all been discussing, though I don't have any doubts as I write this.
If we're successful in working out remaining details soon, it should be pretty easy to turn this compilation into a formal settlement document.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC

12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

**Michael Milone**

| | |
|---|---|
| **From:** | John Lentz <john@lepantandlentz.com> |
| **Sent:** | Friday, June 19, 2020 7:26 AM |
| **To:** | Michael Milone |
| **Cc:** | David Koukol |
| **Subject:** | RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment; Additional Thoughts |

Thanks-we could include a provision similar to the time/notice typically stated in a stip for relief from stay although in this situation, it's not technically a "drop dead" clause, it would at least set a term of default that gives my client a chance to catch up.

I don't think Brian's trying to play games. I think he is legitimately concerned about the possibility of default since there are so many unknowns for him at this time.



# John A. Lentz

Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

---

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the

purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Friday, June 19, 2020 7:23 AM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment; Additional Thoughts

John,

I'm willing to try a contingency for default and cure.
The cure periods I've seen usually run from 10 to 30 days to cure after notice.

We can discuss how much time/what that might look like.
Let me run it by my clients and get back to you.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.

---

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Thursday, June 18, 2020 3:11 PM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment; Additional Thoughts

Brian would be agreeable to November start, however, he is still very concerned about a default. As I believe I mentioned, he may be looking at a fairly hefty tax bill from IRS, but he doesn't know right now.

Is there any way we can work in a contingency for default? In other words, if he's making a good faith effort towards paying, but based on his income/etc., he's unable to pay, he's given a period of time to cure?

I don't even know off-hand how we'd phrase it, but his utmost concern with timing is a possible default and the looming IRS potential liability.



# John A. Lentz

Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

---

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Thursday, June 18, 2020 11:46 AM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment; Additional Thoughts

John,

It appears the last remaining issue is payment start timing.
My clients are willing to accept settlement payments starting November 1, 2020.
I am skeptical they will agree to allow payments to start later than that date.
Please let me know if that works and we have a deal.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.

---

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Wednesday, June 17, 2020 9:41 AM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment; Additional Thoughts

Brian is good with:

1.    As to payments, Brian is concerned with ability to make payments.  Brian has no issue in paying as soon as he can, but he is concerned with ability to pay, hence the Jan, 2021 payment request. Can we put in the agreement that Brian will make payments as soon as often as he can, but deadline will be Jan. 1, 2021 for a first payment?  He has a leasing co. that his wife is jointly liable on that will have to be taken care of.  There's equipment that can be sold, but not until the BK is over.  Hence the need for some sort of future payment longer than Oct, 2020.  He also doesn't want to commit to something he may not be able to do as his financial condition is very uncertain at this time.  I understand your client's need to start seeing money trickle in, but in the grand scheme of things, if the debt is not discharged, it's not discharged and frankly, the further that first payment is out, the more likely the default.  So, even though I understand your clients need to start seeing money coming in, the alternative is we have a nice week-long trial in about 6 months and best case scenario, your clients get a judgment they can try to start executing on (which based on schedules, it doesn't sound like there's much to take).  So, the timeline is similar, if not longer if we take to trial and each of our clients "roll the dice."

Brian has also requested the amortization be set up to where if he makes early payments, those get applied to the next payment due.  I forget the term as to interest accrual/payments (and don't have time to look up), but let's say Brian starts making $100/month to each of your clients starting October, 2020-those payments should be applied to the first payment due of Jan, 2021 and so forth.  This will allow Brian to make smaller payments as available so that he both gets money to your clients sooner, and is able to satisfy the payment requirements under the settlement ahead of time.

Brian wants this to be resolved and paid as soon as he can, he just really does not want to commit to something that may not be feasible and given the instability of his current finances, he's trying to avoid any possible default in the future.

In addition, the paying of the life insurance premiums go towards a credit of repayment, so he's already theoretically started payment.

4

2.      Brian's getting a copy and has already requested info from the agent as to the life insurance policy and I will provide as soon as I receive.

3.      Brian is fine with the $750 buyout of Barrel Aged Labs after all payments are made to Tadd.

 **John A. Lentz**

Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

---

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Wednesday, June 17, 2020 8:36 AM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment; Additional Thoughts

John,

I discussed the points below with my clients, and here is an outline of our responses:

1. Down payment can occur September 1, 2020. That's no problem.
But Chuck and Tadd would like payments to begin October 1, 2020. If that's not possible for some reason, I'd like to know why.
I'm aware that Brian is actively advertising some of his woodworking projects on social media, which I assume he is then selling to folks in the community for profit.
He confirmed his plans to continue doing this work in my debtor's examination of him, and his wife is still employed with a six-figure salary.
I don't mean to be too simplistic or harsh here, but these folks still live in a $600,000 house and are very well off compared to most in bankruptcy.
I'm unclear why there is a real need to wait to start settlement payments until January 20201.

2. On the insurance policy, please send me at least a declaration page and certificate of insurance.
I've had insurance companies say in the past that they will only honor what is in the written policy itself, so if you can get that for me that would be useful too.
Ultimately, I need to be able to verify the policy terms/exclusions, coverage amounts, named beneficiaries, and any additional insureds.
So whatever you can provide me showing those things helps.

3. I recall that Tadd is the only party I represent who owns any membership interest in Barrel Aged Labs, LLC.
My understanding is Tadd does not have a problem releasing his membership interest in that entity once all settlement terms are fulfilled.
But that may be 10+ years in the future, so who knows where things will stand at that point, even assuming there are no settlement defaults.
I note, however, that Tadd paid to reinstate Barrel Aged Labs when it lapsed for failure to pay assessments and file a biennial report with the Secretary of State.
I think it's only fair that Tadd be reimbursed for his work to reinstate the company Brian now wants to run in the future as a going concern.
I'd set a nominal value on that of $750 for time and cost; I would expect that money to be paid through the settlement structure if Brian wants Tadd's membership interest released later.

Please let me know your thoughts and let's cover anything else we need to work out soon.
Our July discharge objection deadline is looming and Chuck and Tadd want this done. I'm sure Brian wants that too.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Tuesday, June 16, 2020 8:42 AM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

Michael,

Sounds like Brian's good with the terms as outlined, just a few considerations/suggestions for stip:

1. Can payments begin Jan, 2021?  He will have the down payments by September 1, 2020
2. His life insurance is $143.99/month and is in effect currently.  I've requested docs
3. Brian wants any/all shares held by Delozier/Tomek to be transferred over to him in Barrel Aged Labs after all payments contemplated are made



# John A. Lentz
Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

## www.JohnLentz.com

---

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO, and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing

or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Tuesday, June 2, 2020 12:06 PM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

John,

My clients are growing restless and want me to ask you when we can expect to get things moving toward final settlement.
Let me know when you can.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

---

**From:** Michael Milone
**Sent:** Friday, May 15, 2020 7:33 AM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

John,

Fair enough.
I'll let my guys know.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.

It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law. If you have received it by mistake, please delete it from your system and notify the sender immediately. You may not copy or disclose its contents to anyone.

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Thursday, May 14, 2020 4:22 PM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

Michael & David,

I'm just following up-letting you know that I am still waiting on Brian to approve the list of terms-I believe the terms have all been agreed to through months of emails, but I want to get his approval prior to telling you that we have a deal and let's do a stip.



## John A. Lentz

Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

---

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing

or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Wednesday, April 22, 2020 1:20 PM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

John,

As promised, attached you'll find my compilation of the settlement terms we've been discussing these last 3 months.
Since it seems like we are very close and there is only a little left to work out, I'm providing the attached hoping we can use it to finish this settlement up.
I'm mindful that we have a hearing on your motion to avoid Mr. Tomek's lien coming up shortly, and I'd propose continuing that for 30 to 60 days to accommodate settlement.
I don't think Judge Saladino will have any problem with that, as Ponte will get to keep his existing hearing date and it will mean less for the Judge to deal with.

Please let me know what you think when you get a chance. I did include a fair bit of detail, so it may take some time to work through.
I will be reviewing the attached with my clients to confirm this represents the deal we've all been discussing, though I don't have any doubts as I write this.
If we're successful in working out remaining details soon, it should be pretty easy to turn this compilation into a formal settlement document.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com



KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

**Michael Milone**

| | |
|---|---|
| **From:** | Michael Milone |
| **Sent:** | Friday, June 19, 2020 7:23 AM |
| **To:** | John Lentz |
| **Cc:** | David Koukol |
| **Subject:** | RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment; Additional Thoughts |

John,

I'm willing to try a contingency for default and cure.
The cure periods I've seen usually run from 10 to 30 days to cure after notice.

We can discuss how much time/what that might look like.
Let me run it by my clients and get back to you.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Thursday, June 18, 2020 3:11 PM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment; Additional Thoughts

Brian would be agreeable to November start, however, he is still very concerned about a default. As I believe I mentioned, he may be looking at a fairly hefty tax bill from IRS, but he doesn't know right now.

Is there any way we can work in a contingency for default? In other words, if he's making a good faith effort towards paying, but based on his income/etc., he's unable to pay, he's given a period of time to cure?

I don't even know off-hand how we'd phrase it, but his utmost concern with timing is a possible default and the looming IRS potential liability.



# John A. Lentz

Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

## www.JohnLentz.com

---

## STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Thursday, June 18, 2020 11:46 AM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment; Additional Thoughts

John,

It appears the last remaining issue is payment start timing.
My clients are willing to accept settlement payments starting November 1, 2020.
I am skeptical they will agree to allow payments to start later than that date.
Please let me know if that works and we have a deal.

Best,

<u>Michael W. Milone</u>
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
<u>mmilone@westomahalaw.com</u> | <u>www.westomahalaw.com</u>



KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.

---

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Wednesday, June 17, 2020 9:41 AM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment; Additional Thoughts

Brian is good with:

1.    As to payments, Brian is concerned with ability to make payments.  Brian has no issue in paying as soon as he can, but he is concerned with ability to pay, hence the Jan, 2021 payment request. Can we put in the agreement that Brian will make payments as soon as often as he can, but deadline will be Jan. 1, 2021 for a first payment?  He has a leasing co. that his wife is jointly liable on that will have to be taken care of.  There's equipment that can be sold, but not until the BK is over.  Hence the need for some sort of future payment longer than Oct, 2020.  He also doesn't want to commit to something he may not be able to do as his financial condition is very uncertain at this time.  I understand your client's need to start seeing money trickle in, but in the grand scheme of things, if the debt is not discharged, it's not discharged and frankly, the further that first payment is out, the more likely the default.  So, even though I understand your clients need to start seeing money coming in, the alternative is we have a nice week-long trial in about 6 months and best case scenario, your clients get a judgment they can try to start executing on (which based on schedules, it doesn't sound like there's much to take).  So, the timeline is similar, if not longer if we take to trial and each of our clients "roll the dice."

    Brian has also requested the amortization be set up to where if he makes early payments, those get applied to the next payment due.  I forget the term as to interest accrual/payments (and don't have time to look up), but let's say Brian starts making $100/month to each of your clients starting October, 2020-those payments should be applied to the first payment due of Jan, 2021 and so forth.  This will allow Brian to make smaller payments as available so that he both gets money to your clients sooner, and is able to satisfy the payment requirements under the settlement ahead of time.

    Brian wants this to be resolved and paid as soon as he can, he just really does not want to commit to something that may not be feasible and given the instability of his current finances, he's trying to avoid any possible default in the future.

    In addition, the paying of the life insurance premiums go towards a credit of repayment, so he's already theoretically started payment.

2.      Brian's getting a copy and has already requested info from the agent as to the life insurance policy and I will provide as soon as I receive.

3.      Brian is fine with the $750 buyout of Barrel Aged Labs after all payments are made to Tadd.



# John A. Lentz

Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

---

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Wednesday, June 17, 2020 8:36 AM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment; Additional Thoughts

John,

I discussed the points below with my clients, and here is an outline of our responses:

1. Down payment can occur September 1, 2020. That's no problem.
But Chuck and Tadd would like payments to begin October 1, 2020. If that's not possible for some reason, I'd like to know why.
I'm aware that Brian is actively advertising some of his woodworking projects on social media, which I assume he is then selling to folks in the community for profit.
He confirmed his plans to continue doing this work in my debtor's examination of him, and his wife is still employed with a six-figure salary.
I don't mean to be too simplistic or harsh here, but these folks still live in a $600,000 house and are very well off compared to most in bankruptcy.
I'm unclear why there is a real need to wait to start settlement payments until January 20201.

2. On the insurance policy, please send me at least a declaration page and certificate of insurance.
I've had insurance companies say in the past that they will only honor what is in the written policy itself, so if you can get that for me that would be useful too.
Ultimately, I need to be able to verify the policy terms/exclusions, coverage amounts, named beneficiaries, and any additional insureds.
So whatever you can provide me showing those things helps.

3. I recall that Tadd is the only party I represent who owns any membership interest in Barrel Aged Labs, LLC.
My understanding is Tadd does not have a problem releasing his membership interest in that entity once all settlement terms are fulfilled.
But that may be 10+ years in the future, so who knows where things will stand at that point, even assuming there are no settlement defaults.
I note, however, that Tadd paid to reinstate Barrel Aged Labs when it lapsed for failure to pay assessments and file a biennial report with the Secretary of State.
I think it's only fair that Tadd be reimbursed for his work to reinstate the company Brian now wants to run in the future as a going concern.
I'd set a nominal value on that of $750 for time and cost; I would expect that money to be paid through the settlement structure if Brian wants Tadd's membership interest released later.

Please let me know your thoughts and let's cover anything else we need to work out soon.
Our July discharge objection deadline is looming and Chuck and Tadd want this done. I'm sure Brian wants that too.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Tuesday, June 16, 2020 8:42 AM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

Michael,

Sounds like Brian's good with the terms as outlined, just a few considerations/suggestions for stip:

1. Can payments begin Jan, 2021?  He will have the down payments by September 1, 2020
2. His life insurance is $143.99/month and is in effect currently.  I've requested docs
3. Brian wants any/all shares held by Delozier/Tomek to be transferred over to him in Barrel Aged Labs after all payments contemplated are made



**John A. Lentz**

Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

---

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing

or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from
an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Tuesday, June 2, 2020 12:06 PM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

John,

My clients are growing restless and want me to ask you when we can expect to get things moving toward
final settlement.
Let me know when you can.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

---

**From:** Michael Milone
**Sent:** Friday, May 15, 2020 7:33 AM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

John,

Fair enough.
I'll let my guys know.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.

It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law. If you have received it by mistake, please delete it from your system and notify the sender immediately. You may not copy or disclose its contents to anyone.

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Thursday, May 14, 2020 4:22 PM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

Michael & David,

I'm just following up-letting you know that I am still waiting on Brian to approve the list of terms-I believe the terms have all been agreed to through months of emails, but I want to get his approval prior to telling you that we have a deal and let's do a stip.

 # John A. Lentz

Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

---

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing

or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Wednesday, April 22, 2020 1:20 PM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

John,

As promised, attached you'll find my compilation of the settlement terms we've been discussing these last 3 months.
Since it seems like we are very close and there is only a little left to work out, I'm providing the attached hoping we can use it to finish this settlement up.
I'm mindful that we have a hearing on your motion to avoid Mr. Tomek's lien coming up shortly, and I'd propose continuing that for 30 to 60 days to accommodate settlement.
I don't think Judge Saladino will have any problem with that, as Ponte will get to keep his existing hearing date and it will mean less for the Judge to deal with.

Please let me know what you think when you get a chance. I did include a fair bit of detail, so it may take some time to work through.
I will be reviewing the attached with my clients to confirm this represents the deal we've all been discussing, though I don't have any doubts as I write this.
If we're successful in working out remaining details soon, it should be pretty easy to turn this compilation into a formal settlement document.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

**Michael Milone**

| | |
|---|---|
| **From:** | John Lentz <john@lepantandlentz.com> |
| **Sent:** | Wednesday, June 24, 2020 7:08 AM |
| **To:** | Michael Milone |
| **Cc:** | David Koukol |
| **Subject:** | RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment; Additional Thoughts |

Michael,

We have evidence due this Friday and hearing next week on Debtor's motion to avoid Tomek's lien. I can prepare evidence for the hearing, but I'd rather not waste any time if we have a deal, part of which is the retention of Tomek's lien. Can you let me know if your clients have accepted the terms tentatively? We can wait until next week and just call the matter in as settled, however, I also either (1) don't want to prepare evidence I don't have to, or (2) not prepare evidence I may have to.

Thanks-



# John A. Lentz

Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

---

## STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

1

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Friday, June 19, 2020 7:23 AM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment; Additional Thoughts

John,

I'm willing to try a contingency for default and cure.
The cure periods I've seen usually run from 10 to 30 days to cure after notice.

We can discuss how much time/what that might look like.
Let me run it by my clients and get back to you.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com



KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.

---

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Thursday, June 18, 2020 3:11 PM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment; Additional Thoughts

Brian would be agreeable to November start, however, he is still very concerned about a default. As I believe I mentioned, he may be looking at a fairly hefty tax bill from IRS, but he doesn't know right now.

Is there any way we can work in a contingency for default? In other words, if he's making a good faith effort towards paying, but based on his income/etc., he's unable to pay, he's given a period of time to cure?

I don't even know off-hand how we'd phrase it, but his utmost concern with timing is a possible default and the looming IRS potential liability.



# John A. Lentz

Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

---

## STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Thursday, June 18, 2020 11:46 AM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment; Additional Thoughts

John,

It appears the last remaining issue is payment start timing.
My clients are willing to accept settlement payments starting November 1, 2020.

I am skeptical they will agree to allow payments to start later than that date.
Please let me know if that works and we have a deal.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.

---

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Wednesday, June 17, 2020 9:41 AM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment; Additional Thoughts

Brian is good with:

1.    As to payments, Brian is concerned with ability to make payments. Brian has no issue in paying as soon as he can, but he is concerned with ability to pay, hence the Jan, 2021 payment request. Can we put in the agreement that Brian will make payments as soon as often as he can, but deadline will be Jan. 1, 2021 for a first payment? He has a leasing co. that his wife is jointly liable on that will have to be taken care of. There's equipment that can be sold, but not until the BK is over. Hence the need for some sort of future payment longer than Oct, 2020. He also doesn't want to commit to something he may not be able to do as his financial condition is very uncertain at this time. I understand your client's need to start seeing money trickle in, but in the grand scheme of things, if the debt is not discharged, it's not discharged and frankly, the further that first payment is out, the more likely the default. So, even though I understand your clients need to start seeing money coming in, the alternative is we have a nice week-long trial in about 6 months and best case scenario, your clients get a judgment they can try to start executing on (which based on schedules, it doesn't sound like there's much to take). So, the timeline is similar, if not longer if we take to trial and each of our clients "roll the dice."

Brian has also requested the amortization be set up to where if he makes early payments, those get applied to the next payment due. I forget the term as to interest accrual/payments (and don't have time to look up), but let's say Brian starts making $100/month to each of your clients starting October, 2020-those payments should be applied to the first payment due of Jan, 2021 and so forth. This will allow Brian to make smaller payments as available so that he both gets money to your clients sooner, and is able to satisfy the payment requirements under the settlement ahead of time.

Brian wants this to be resolved and paid as soon as he can, he just really does not want to commit to something that may not be feasible and given the instability of his current finances, he's trying to avoid any possible default in the future.

In addition, the paying of the life insurance premiums go towards a credit of repayment, so he's already theoretically started payment.

2.      Brian's getting a copy and has already requested info from the agent as to the life insurance policy and I will provide as soon as I receive.

3.      Brian is fine with the $750 buyout of Barrel Aged Labs after all payments are made to Tadd.



## John A. Lentz

Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

---

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party.  Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Wednesday, June 17, 2020 8:36 AM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>

**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment; Additional Thoughts

John,

I discussed the points below with my clients, and here is an outline of our responses:

1. Down payment can occur September 1, 2020. That's no problem.
But Chuck and Tadd would like payments to begin October 1, 2020. If that's not possible for some reason, I'd like to know why.
I'm aware that Brian is actively advertising some of his woodworking projects on social media, which I assume he is then selling to folks in the community for profit.
He confirmed his plans to continue doing this work in my debtor's examination of him, and his wife is still employed with a six-figure salary.
I don't mean to be too simplistic or harsh here, but these folks still live in a $600,000 house and are very well off compared to most in bankruptcy.
I'm unclear why there is a real need to wait to start settlement payments until January 20201.

2. On the insurance policy, please send me at least a declaration page and certificate of insurance.
I've had insurance companies say in the past that they will only honor what is in the written policy itself, so if you can get that for me that would be useful too.
Ultimately, I need to be able to verify the policy terms/exclusions, coverage amounts, named beneficiaries, and any additional insureds.
So whatever you can provide me showing those things helps.

3. I recall that Tadd is the only party I represent who owns any membership interest in Barrel Aged Labs, LLC.
My understanding is Tadd does not have a problem releasing his membership interest in that entity once all settlement terms are fulfilled.
But that may be 10+ years in the future, so who knows where things will stand at that point, even assuming there are no settlement defaults.
I note, however, that Tadd paid to reinstate Barrel Aged Labs when it lapsed for failure to pay assessments and file a biennial report with the Secretary of State.
I think it's only fair that Tadd be reimbursed for his work to reinstate the company Brian now wants to run in the future as a going concern.
I'd set a nominal value on that of $750 for time and cost; I would expect that money to be paid through the settlement structure if Brian wants Tadd's membership interest released later.

Please let me know your thoughts and let's cover anything else we need to work out soon.
Our July discharge objection deadline is looming and Chuck and Tadd want this done. I'm sure Brian wants that too.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com


KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Tuesday, June 16, 2020 8:42 AM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

Michael,

Sounds like Brian's good with the terms as outlined, just a few considerations/suggestions for stip:

1. Can payments begin Jan, 2021?  He will have the down payments by September 1, 2020
2. His life insurance is $143.99/month and is in effect currently.  I've requested docs
3. Brian wants any/all shares held by Delozier/Tomek to be transferred over to him in Barrel Aged Labs after all payments contemplated are made



## John A. Lentz
Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Tuesday, June 2, 2020 12:06 PM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

John,

My clients are growing restless and want me to ask you when we can expect to get things moving toward final settlement.
Let me know when you can.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com



CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

---

**From:** Michael Milone
**Sent:** Friday, May 15, 2020 7:33 AM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

John,

Fair enough.
I'll let my guys know.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730

mmilone@westomahalaw.com | www.westomahalaw.com



KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

---

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Thursday, May 14, 2020 4:22 PM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

Michael & David,

I'm just following up-letting you know that I am still waiting on Brian to approve the list of terms-I believe the terms have all been agreed to through months of emails, but I want to get his approval prior to telling you that we have a deal and let's do a stip.



# John A. Lentz

Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

## www.JohnLentz.com

---

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Wednesday, April 22, 2020 1:20 PM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

John,

As promised, attached you'll find my compilation of the settlement terms we've been discussing these last 3 months.
Since it seems like we are very close and there is only a little left to work out, I'm providing the attached hoping we can use it to finish this settlement up.
I'm mindful that we have a hearing on your motion to avoid Mr. Tomek's lien coming up shortly, and I'd propose continuing that for 30 to 60 days to accommodate settlement.
I don't think Judge Saladino will have any problem with that, as Ponte will get to keep his existing hearing date and it will mean less for the Judge to deal with.

Please let me know what you think when you get a chance. I did include a fair bit of detail, so it may take some time to work through.
I will be reviewing the attached with my clients to confirm this represents the deal we've all been discussing, though I don't have any doubts as I write this.
If we're successful in working out remaining details soon, it should be pretty easy to turn this compilation into a formal settlement document.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com


KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

## Michael Milone

| | |
|---|---|
| **From:** | Michael Milone |
| **Sent:** | Wednesday, June 24, 2020 4:02 PM |
| **To:** | John Lentz |
| **Cc:** | David Koukol |
| **Subject:** | Podwinski BK - Tentative Settlement |

John,

Based on my discussions with my clients this afternoon, I believe we are tentatively settled.

On that basis, I think we can inform the court at or before our hearing next week and ask for some time to accommodate finishing touches.

What do you think? Will that work?

**Michael Milone**

| | |
|---|---|
| **From:** | John Lentz <john@lepantandlentz.com> |
| **Sent:** | Wednesday, June 24, 2020 5:19 PM |
| **To:** | Michael Milone |
| **Cc:** | David Koukol |
| **Subject:** | RE: Podwinski BK - Tentative Settlement |

Michael,

I do not enjoy this, but I just noticed that your clients' deadline to file their complaints was June 21, 2020 by order granting the unopposed motion to extend time on March 20, 2020. I did not keep track of that deadline, because frankly, it is your clients' deadline. I reviewed the docket this afternoon only to discover this. I believe the deadlines imposed by 4007(c) are very strict given case law, which I did some brief research on:

*Grand v. Harbaugh* (In re Harbaugh), 301 BR 317 (8th Cir. BAP 2003)
*In re Earlywine*, 2016 Bankr. LEXIS 1832, No. 15-01359 (Bankr. S.D. Iowa, April 25, 2016)
*Bel Fury Inv. Group, LLC v. Kacin*, (In re Kacin), 2010 Bankr. LEXIS 1868, No. 09-82566 (Bankr. D. Neb. June 8, 2010)
*Hruza v. Holt*, (In re Holt), 1997 Bankr. LEXIS 2415, No. 96-82049 (Bankr. D. Neb. May 1, 1997)
*In re Julien*, 2012 Bankr. LEXIS 2764, No. 10-82442 (Bankr. D. Neb. June 18, 2012)
*Mitchell v. Begelow*, (In re Mitchell), 2008 Bankr. LEXIS 1, No. 05-05637 (Bankr. N. D. Iowa January 3, 2008)

I had a duty to inform my client of this fact and therefore, after considering the circumstances, he is no longer interested in settling the matter with either Delozier or Tomek. Thus, we will need to proceed on the Motion to Avoid Lien of Tomek. If you need time on the motion/hearing I think I can get my client to agree to that, but from what I can tell the deadlines imposed under 4007 are strictly enforced. I will do some more research to see if there's any variation when a prior motion to extend deadline was approved, but I believe the argument would be the same.



# John A. Lentz

Attorney
**Lepant & Lentz, PC, LLO**

Phone: 402-421-9676
Fax: 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

## www.JohnLentz.com

**STATEMENT OF INTENDED USE:**

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the

restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com  and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party.  Any person who is not the addressee should seek specific advice from an independent tax advisor.

From: Michael Milone <mmilone@westomahalaw.com>
Sent: Wednesday, June 24, 2020 4:02 PM
To: John Lentz <john@lepantandlentz.com>
Cc: David Koukol <dkoukol@westomahalaw.com>
Subject: Podwinski BK - Tentative Settlement


John,

Based on my discussions with my clients this afternoon, I believe we are tentatively settled.

On that basis, I think we can inform the court at or before our hearing next week and ask for some time to accommodate finishing touches.

What do you think? Will that work?

## Michael Milone

| | |
|---|---|
| **From:** | Michael Milone |
| **Sent:** | Wednesday, June 24, 2020 5:43 PM |
| **To:** | John Lentz |
| **Cc:** | David Koukol |
| **Subject:** | Re: Podwinski BK - Tentative Settlement |

John,

I really cannot believe what I just read.
You know full well we had this case essentially settled weeks ago and now you want to renege?
After I repeatedly and obviously relied on your client's representations about settling and agreeing to non-dischargeability?
While I am out of the office no less?


Unbelievable.
I'm speechless.
You can expect a motion to extend the deadline on all legal bases immediately.
I will also request an emergency hearing if necessary.

I'm disappointed it has come to this.
Please call my cell at 402-680-5586 when you can to discuss when you can.

---

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Wednesday, June 24, 2020 5:18:43 PM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Podwinski BK - Tentative Settlement

Michael,

I do not enjoy this, but I just noticed that your clients' deadline to file their complaints was June 21, 2020 by order granting the unopposed motion to extend time on March 20, 2020. I did not keep track of that deadline, because frankly, it is your clients' deadline. I reviewed the docket this afternoon only to discover this. I believe the deadlines imposed by 4007(c) are very strict given case law, which I did some brief research on:

*Grand v. Harbaugh* (In re Harbaugh), 301 BR 317 (8th Cir. BAP 2003)
*In re Earlywine*, 2016 Bankr. LEXIS 1832, No. 15-01359 (Bankr. S.D. Iowa, April 25, 2016)
*Bel Fury Inv. Group, LLC v. Kacin*, (In re Kacin), 2010 Bankr. LEXIS 1868, No. 09-82566 (Bankr. D. Neb. June 8, 2010)
*Hruza v. Holt*, (In re Holt), 1997 Bankr. LEXIS 2415, No. 96-82049 (Bankr. D. Neb. May 1, 1997)
*In re Julien*, 2012 Bankr. LEXIS 2764, No. 10-82442 (Bankr. D. Neb. June 18, 2012)
*Mitchell v. Begelow*, (In re Mitchell), 2008 Bankr. LEXIS 1, No. 05-05637 (Bankr. N. D. Iowa January 3, 2008)

I had a duty to inform my client of this fact and therefore, after considering the circumstances, he is no longer interested in settling the matter with either Delozier or Tomek. Thus, we will need to proceed on the Motion to Avoid Lien of Tomek. If you need time on the motion/hearing I think I can get my client to agree to that, but from what I can tell the deadlines imposed under 4007 are strictly enforced. I will do some more research

1

to see if there's any variation when a prior motion to extend deadline was approved, but I believe the argument would be the same.



# John A. Lentz

Attorney
**Lepant & Lentz, PC, LLO**

**Phone:** 402-421-9676
**Fax:** 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

---

## STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Wednesday, June 24, 2020 4:02 PM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** Podwinski BK - Tentative Settlement

John,

Based on my discussions with my clients this afternoon, I believe we are tentatively settled.

On that basis, I think we can inform the court at or before our hearing next week and ask for some time to accommodate finishing touches.

What do you think? Will that work?

## Michael Milone

| | |
|---|---|
| **From:** | Michael Milone |
| **Sent:** | Wednesday, July 15, 2020 3:24 PM |
| **To:** | John Lentz |
| **Cc:** | David Koukol; Tyler Masterson |
| **Subject:** | Podwinski BK - Settlement Agreement and Consent Judgments for Signature |
| **Attachments:** | Agreement - StipulatedSettlementFinal 7-15-20.pdf; Judgment - ConsentDelozier-Podwinski 7-15-20.pdf; Judgment - ConsentTomek-Podwinski 7-15-20.pdf |

John,

Attached please find the settlement agreement and consent judgments I prepared based on our deal. Though I understand Brian has stated he no longer wants to settle, as you know I contend we have an enforceable settlement and intend to proceed that way.
I based the attached documents on the terms you stated Brian agreed to, along with the suggestions you provided for a stipulation to approve the deal.

Before the parties spend any more time and money on potential litigation and appeals in bankruptcy and state court, I'd ask Brian to consider signing these.
If Brian will not agree, please let me know who will be taking over further litigation in Brian's bankruptcy case, as I suspect my office to call you as a witness in the future.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com



KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | BK No. 19-41937-TLS |
| Brian C. Podwinski, | **Motion to Extend Time For Filing Objection to Dischargeability and Adversary Action** |
| Ch. 7 Debtor. | |

Creditors and interested parties Charles S. Tomek and Tadd Delozier move the Court under 11 U.S.C. § 105, its inherent equitable authority, and applicable law for an Order extending the time in which they may object to discharge, challenge the dischargeability of specific debts, and pursue an adversary action in this bankruptcy filed by Brian C. Podwinski ("Mr. Podwinski" or "Debtor") (collectively "the parties").

### Factual and Procedural Background

1. Mr. Podwinski filed a voluntary petition for Chapter 7 bankruptcy on November 21, 2019.

2. Tomek has at least one secured claim reduced to judgment against Debtor that should be considered in these proceedings.

3. Delozier has at least one unsecured claim not yet reduced to judgment against Debtor that should be considered in these proceedings.

4. The total balance due to Tomek and Delozier is approximately $400,000.

5. The deadline to object to dischargeability was initially set by the Court to expire on March 23, 2020.

6. Tomek and Delozier previously asked for and received an unopposed extension of the adversary action deadline on March 20, 2020 to pursue settlement negotiations.

7. Debtor and Debtor's counsel did not oppose the first extension of the adversary action deadline on March 20, 2020 and repeatedly indicated their willingness to settle with Tomek and Delozier.

8. The Court ultimately extended the adversary action deadline to June 21, 2020.

9. The parties and their counsel used the Court's extension to negotiate a full settlement with specific, enforceable terms including: payment, payment timing, security for payment, non-dischargeability, and other enforcement terms to be contained in a written settlement agreement.

10. Those terms were reduced to writing and circulated among the parties and counsel on April 22, 2020 for approval.

11. The parties and their counsel treated the case as settled from approximately April 22, 2020 through the present; approximately the last two months have been spent finalizing miscellaneous default provisions related to settlement.

12. On June 16, 2020, Debtor and Debtor's counsel confirmed via e-mail to Tomek, Delozier, and their counsel that "Brian's good with the terms as outlined" noting only "just a few considerations/suggestions for a stip."

13. This June 16, 2020 e-mail from Debtor and Debtor's counsel induced Tomek, Delozier, and their counsel not to pursue or further consider filing an adversary action based on the parties repeated settlement assurances.

14. Because the parties had settled their positions and disputes with one another, Tomek, Delozier, and their counsel did not believe it was appropriate to file an adversary action and complaint to determine the non-dischargeability of Debtor's debts by June 21, 2020.

15. On June 24, 2020, at approximately 4:00 p.m., Tomek, Delozier, and their counsel confirmed their agreement on final settlement terms via e-mail to Debtor and Debtor's counsel via e-mail.

16. On June 24, 2020, at approximately 5:43 p.m., *after* Tomek, Delozier, and their counsel *had confirmed final settlement* to Debtor and Debtor's counsel, Debtor's counsel reneged on the parties' settlement and stated they would no longer settle because the extended adversary action deadline expired on June 21, 2020.

17. Debtor and Debtor's counsel are barred from opposing this extension of the adversary action deadline by the terms of the parties' enforceable settlement; specifically, Debtor and Debtor's counsel *have already agreed* that the Court should determine Debtor's debts to Tomek and Delozier to be non-dischargeable.

18. Debtor and Debtor's counsel are barred from opposing this extension of the adversary action deadline by the doctrine of promissory estoppel because Debtor and Debtor's counsel's actions reasonably and foreseeably induced Tomek, Delozier, and their counsel to rely on the parties' settlement, forebear filing an

adversary complaint, and injustice can only be avoided by enforcing the parties'

settlement.[1]

19. Debtor and Debtor's counsel are barred from opposing this extension of the

adversary action deadline by the doctrine of equitable estoppel because of the

parties' full negotiation of an enforceable settlement, on which Tomek and

Delozier reasonably relied without knowledge of Debtor's apparent intentions to

renege in bad faith.[2]

20. Equitable estoppel is interposed to prevent injury, fraud, injustice, and

inequitable consequences by denying to a person the right to repudiate his acts,

admissions, or representations, when they have been relied on by persons to

whom they were directed and whose conduct they were intended to and did

influence."[3]

21. Equitable estoppel rests largely on the facts and circumstances of the particular

case and will be applied where the wisdom and justice of the principle are

founded upon equity, morality, and justice in accordance with good conscience,

honesty, and reason. A person is held to a representation made or a position

---

[1] See, e.g., *Weitz Co., LLC v. Hands, Inc.*, 294 Neb. 215, 226, 882 N.W.2d 659, 668 (2016); *Blinn v. Beatrice Community Hosp. and Health Center, Inc.*, 270 Neb. 809, 821-22, 708 N.W.2d 235, 246-47 (2006) (citations omitted).

[2] See, e.g., *Mays v. Midnite Dreams*, 300 Neb. 485, 494 (2018) ("The doctrine of equitable estoppel is based upon the principle that one who has previously taken a position with reference to a transaction and thereby obtained a benefit from the other party cannot thereafter take an inconsistent position which would result in prejudice to the party who relied on the original position."); *Olsen v. Olsen*, 265 Neb. 299, 307, 657 N.W.2d 1, 8 (2003) (Equitable estoppel applies when one lulls his or her adversary into a false sense of security, thereby causing that person to subject his or her claim to the bar of the statute of limitations, and then pleads the very delay caused by his or her conduct as a defense to the action when it is filed.)

[3] *Weiner v. Hazer*, 230 Neb. 53, 57, 430 N.W.2d 269, 271-72 (1988) (citations and edits omitted).

assumed where otherwise inequitable consequences would result to another who has in good faith relied thereon under the circumstances of the case.[4]

22. In fact, the Nebraska Supreme Court has long held that a plaintiff's reliance on a defendant's repeated settlement assurances, with later resort to the statute of limitations as a defense, amounts to "trickery and dishonesty" that is barred by equitable estoppel.[5]

23. Debtor's repeated settlement assurances to Tomek, Delozier, and their counsel constitute good cause for an extension of the adversary action deadline and enforcement of the parties' settlement.

24. Granting this extension will help the parties determine whether any adversary proceedings should occur or whether settlement is still possible despite Debtor's conduct.

25. Because good cause for a brief extension exists, and Debtor is not prejudiced by such an extension, this Court should grant this motion in the interest of justice.

**Requests for Relief**

Tomek and Delozier request this Court: set this matter for an immediate, expedited hearing, extend the time in which they may object to discharge, challenge the dischargeability of specific debts, and pursue an adversary action against the Debtor in this bankruptcy by no more than 14 days from the date of the order granting this motion. and for such other and further relief as is just.

---

[4] See *State Farm Mut. Auto Ins. Co. v. Budd*, 185 Neb. 343, 346, 175 N.W.2d 621, 624 (1970), overruled on other grounds by *Aken v. Nebraska Methodist Hosp.*, 511 N.W.2d 762 (Neb. 1994).
[5] See *Id.*

Date: June 24, 2020

Charles S. Tomek and Tadd Delozier,
Creditors and Interested Parties.

By:    /s/ Michael W. Milone
Michael W. Milone #25800
David J. Koukol #18102
KOUKOL & JOHNSON, LLC
12020 Shamrock Plz., Suite 333
Omaha, NE 68154
Email: mmilone@westomahalaw.com
Phone: (402) 934-9499, ext. 211
Fax: (402) 934-7730
Counsel for Tomek and Delozier

## Certificate of Service

I hereby certify that on June 25, 2020, I electronically filed the foregoing Unopposed Motion and this certificate of service with the Clerk of the Bankruptcy Court using the CM/ECF system, which sent notification of such filings to the following: Chapter 7 Trustee James Overcash; U.S. Trustee Jerry Jensen; Debtor's attorney John A. Lentz; and all parties registered to use the CM/ECF system. I further certify that I sent notice of this filing by first class mail to: Brian Podwinski, 15600 South 76th Street, Roca, Nebraska 68430.

/s/ Michael W. Milone

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | BK No. 19-41937-TLS |
| Brian C. Podwinski, | **Amended Motion to Extend Time For Filing Objection to Dischargeability and Adversary Action** |
| Ch. 7 Debtor. | |

Creditors and interested parties Charles S. Tomek and Tadd Delozier move the Court under 11 U.S.C. § 105, its inherent equitable authority, and applicable law for an Order extending the time in which they may object to discharge, challenge the dischargeability of specific debts, and pursue an adversary action in this bankruptcy filed by Brian C. Podwinski ("Mr. Podwinski" or "Debtor") (collectively "the parties").

**Factual and Procedural Background**

1. Mr. Podwinski filed a voluntary petition for Chapter 7 bankruptcy on November 21, 2019.

2. Tomek has at least one secured claim reduced to judgment against Debtor that should be considered in these proceedings.

3. Delozier has at least one unsecured claim not yet reduced to judgment against Debtor that should be considered in these proceedings.

4. The total balance due to Tomek and Delozier is approximately $400,000.

5. The deadline to object to dischargeability was initially set by the Court to expire on March 23, 2020.

6.  Tomek and Delozier previously asked for and received an unopposed extension of the adversary action deadline on March 20, 2020 to pursue settlement negotiations.

7.  Debtor and Debtor's counsel did not oppose the first extension of the adversary action deadline on March 20, 2020 and repeatedly indicated their willingness to settle with Tomek and Delozier.

8.  The Court ultimately extended the adversary action deadline to June 21, 2020.

9.  The parties and their counsel used the Court's extension to negotiate a full settlement with specific, enforceable terms including: payment, payment timing, security for payment, non-dischargeability, and other enforcement terms to be contained in a written settlement agreement.

10. Those terms were reduced to writing and circulated among the parties and counsel on April 22, 2020 for approval.

11. The parties and their counsel treated the case as settled from approximately April 22, 2020 through the present; approximately the last two months have been spent finalizing miscellaneous default provisions related to settlement.

12. On June 16, 2020, Debtor and Debtor's counsel confirmed via e-mail to Tomek, Delozier, and their counsel that "Brian's good with the terms as outlined" noting only "just a few considerations/suggestions for a stip."

13. This June 16, 2020 e-mail from Debtor and Debtor's counsel induced Tomek, Delozier, and their counsel not to pursue or further consider filing an adversary action based on the parties repeated settlement assurances.

14. Because the parties had settled their positions and disputes with one another, Tomek, Delozier, and their counsel did not believe it was appropriate to file an adversary action and complaint to determine the non-dischargeability of Debtor's debts by June 21, 2020.

15. On June 24, 2020, at approximately 4:00 p.m., Tomek, Delozier, and their counsel confirmed their agreement on final settlement terms via e-mail to Debtor and Debtor's counsel via e-mail.

16. On June 24, 2020, at approximately 5:43 p.m., *after* Tomek, Delozier, and their counsel *had confirmed final settlement* to Debtor and Debtor's counsel, Debtor's counsel reneged on the parties' settlement and stated they would no longer settle because the extended adversary action deadline expired on June 21, 2020.

17. Debtor and Debtor's counsel are barred from opposing this extension of the adversary action deadline by the terms of the parties' enforceable settlement; specifically, Debtor and Debtor's counsel *have already agreed* that the Court should determine Debtor's debts to Tomek and Delozier to be non-dischargeable.

18. Debtor and Debtor's counsel are barred from opposing this extension of the adversary action deadline by the doctrine of promissory estoppel because Debtor and Debtor's counsel's actions reasonably and foreseeably induced Tomek, Delozier, and their counsel to rely on the parties' settlement, forebear filing an

adversary complaint, and injustice can only be avoided by enforcing the parties' settlement.[1]

19. Debtor and debtor's counsel are barred from opposing this extension of the adversary action deadline by the doctrines of waiver and forfeiture because of the parties' full negotiation of an enforceable settlement, including their agreement that Debtor's debts to Tomek and Delozier are non-dischargeable *both before and after* the deadline had expired.[2]

20. Debtor and Debtor's counsel are barred from opposing this extension of the adversary action deadline by the doctrine of equitable tolling because they misled or concealed from Tomek, Delozier, and their counsel their intentions to renege on the parties' settlement while diligently attempting to execute that settlement.[3]

21. Debtor and Debtor's counsel are barred from opposing this extension of the adversary action deadline by the doctrine of equitable estoppel because of the parties' full negotiation of an enforceable settlement, on which Tomek and Delozier reasonably relied without knowledge of Debtor's apparent intentions to renege in bad faith.[4]

---

[1] See, e.g., *Weitz Co., LLC v. Hands, Inc.*, 294 Neb. 215, 226, 882 N.W.2d 659, 668 (2016); *Blinn v. Beatrice Community Hosp. and Health Center, Inc.*, 270 Neb. 809, 821-22, 708 N.W.2d 235, 246-47 (2006) (citations omitted).

[2] See *Kontrick v. Ryan*, 540 U.S. 443, 124 S. Ct. 906 (2004).

[3] See, e.g., *In re Estate of Fuchs*, 297 Neb. 667, 679 (2017) (collecting cases); see also *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014); *Menominee Tribe of Wis. v. United States*, 577 U. S. __, __ (2016) (slip op., at 5); and *Burnett v. New York Central R. Co.*, 380 U. S. 424 (1965).

[4] See, e.g., *Mays v. Midnite Dreams*, 300 Neb. 485, 494 (2018) ("The doctrine of equitable estoppel is based upon the principle that one who has previously taken a position with reference to a transaction and thereby obtained a benefit from the other party cannot thereafter take an inconsistent position which would result in prejudice to the party who relied on the original

22. Equitable estoppel is interposed to prevent injury, fraud, injustice, and inequitable consequences by denying to a person the right to repudiate his acts, admissions, or representations, when they have been relied on by persons to whom they were directed and whose conduct they were intended to and did influence."[5]

23. Equitable estoppel rests largely on the facts and circumstances of the particular case and will be applied where the wisdom and justice of the principle are founded upon equity, morality, and justice in accordance with good conscience, honesty, and reason. A person is held to a representation made or a position assumed where otherwise inequitable consequences would result to another who has in good faith relied thereon under the circumstances of the case.[6]

24. In fact, the Nebraska Supreme Court has long held that a plaintiff's reliance on a defendant's repeated settlement assurances, with later resort to the statute of limitations as a defense, amounts to "trickery and dishonesty" that is barred by equitable estoppel.[7]

25. Debtor's repeated settlement assurances to Tomek, Delozier, and their counsel constitute good cause for an extension of the adversary action deadline and enforcement of the parties' settlement.

---

position."); *Olsen v. Olsen*, 265 Neb. 299, 307, 657 N.W.2d 1, 8 (2003) (Equitable estoppel applies when one lulls his or her adversary into a false sense of security, thereby causing that person to subject his or her claim to the bar of the statute of limitations, and then pleads the very delay caused by his or her conduct as a defense to the action when it is filed.)

[5] *Weiner v. Hazer*, 230 Neb. 53, 57, 430 N.W.2d 269, 271-72 (1988) (citations and edits omitted).
[6] See *State Farm Mut. Auto Ins. Co. v. Budd*, 185 Neb. 343, 346, 175 N.W.2d 621, 624 (1970), overruled on other grounds by *Aken v. Nebraska Methodist Hosp.*, 511 N.W.2d 762 (Neb. 1994).
[7] See *Id.*

26. Granting this extension will help the parties determine whether any adversary proceedings should occur or whether settlement is still possible despite Debtor's conduct.

27. Because good cause for a brief extension exists, and Debtor is not prejudiced by such an extension, this Court should grant this motion in the interest of justice.

### Requests for Relief

Tomek and Delozier request this Court: set this matter for an immediate, expedited hearing, extend the time in which they may object to discharge, challenge the dischargeability of specific debts, and pursue an adversary action against the Debtor in this bankruptcy by no more than 14 days from the date of the order granting this motion. and for such other and further relief as is just.

Date: June 25, 2020

> Charles S. Tomek and Tadd Delozier,
> Creditors and Interested Parties.

> By:   /s/ Michael W. Milone
>       Michael W. Milone #25800
>       David J. Koukol #18102
>       KOUKOL & JOHNSON, LLC
>       12020 Shamrock Plz., Suite 333
>       Omaha, NE 68154
>       Email: mmilone@westomahalaw.com
>       Phone: (402) 934-9499, ext. 211
>       Fax: (402) 934-7730
>       Counsel for Tomek and Delozier

### Certificate of Service

I hereby certify that on June 25, 2020, I electronically filed the foregoing Unopposed Motion and this certificate of service with the Clerk of the Bankruptcy Court using the CM/ECF system, which sent notification of such filings to the following: Chapter 7 Trustee James Overcash; U.S. Trustee Jerry Jensen; Debtor's attorney John A. Lentz; and all parties registered to use the CM/ECF system. I further certify that I sent notice of this filing by first class mail to: Brian Podwinski, 15600 South 76th Street, Roca, Nebraska 68430.

/s/ Michael W. Milone

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | BK No. 19-41937-TLS |
| Brian C. Podwinski, | **Motion to Approve Compromise and Enforce Settlement** |
| Ch. 7 Debtor. | |

Creditors and interested parties Charles S. Tomek and Tadd Delozier move the Court under 11 U.S.C. § 105, Fed. R. Bankr. P. 9019, Neb. R. Bankr. P. 9019-1, this Court's its inherent equitable authority, and applicable law for an Order approving the compromise and enforcing the settlement between Tomek, Delozier, and the Debtor (collectively "the parties").

**Factual and Procedural Background**

1. Mr. Podwinski filed a voluntary petition for Chapter 7 bankruptcy on November 21, 2019.

2. Over the past 90 days, the parties and their counsel have negotiated a full settlement with specific, enforceable terms including: payment, payment timing, security for payment, non-dischargeability, and other enforcement terms to be contained in a written settlement agreement.

3. Those terms were reduced to writing and circulated among the parties and counsel on April 22, 2020 for approval. A copy of these settlement terms are attached as Exhibit A and incorporated here.

4. The parties and their counsel treated the case as settled from approximately April 22, 2020 through the present.

5. On June 16, 2020, Debtor and Debtor's counsel confirmed via e-mail to Tomek, Delozier, and their counsel that "Brian's good with the terms as outlined" noting only "just a few considerations/suggestions for a stip." A copy of Debtor's written approval of the settlement terms through counsel is attached as exhibit B and incorporated here.

6. This June 16, 2020 e-mail from Debtor and Debtor's counsel induced Tomek, Delozier, and their counsel not to pursue or further consider filing an adversary action based on the parties repeated settlement assurances.

7. Because the parties had settled and all that remained was to incorporate the terms into a stipulated judgment, in reliance on the June 16 e-mail Tomek, Delozier, and their counsel did not believe it was appropriate to file an adversary action and complaint to determine the non-dischargeability of Debtor's debts or a motion to further extend the existing deadline by June 21, 2020.

8. Debtor and Debtor's counsel have attempted to renege on the parties' settlement and stated they would no longer settle because the extended adversary action deadline between the parties expired on June 21, 2020.

9. Debtor and Debtor's counsel are barred from opposing this motion by the terms of the parties' enforceable settlement; specifically, Debtor and Debtor's counsel *have already agreed* that the Court should determine Debtor's debts to Tomek and Delozier to be non-dischargeable, among other terms.

10. Debtor and Debtor's counsel are barred from opposing this motion by the doctrine of promissory estoppel because Debtor and Debtor's counsel's actions

reasonably and foreseeably induced Tomek, Delozier, and their counsel to rely on

the parties' settlement, forebear filing an adversary complaint or motion to

extend the deadline, and injustice can only be avoided by enforcing the parties'

settlement.[1]

11. Debtor and debtor's counsel are barred from opposing this motion by the

doctrines of waiver and forfeiture because of the parties' full negotiation of an

enforceable settlement, including their agreement that Debtor's debts to Tomek

and Delozier are non-dischargeable *both before and after* the adversary action

deadline had expired.[2]

12. Debtor and Debtor's counsel are barred from opposing this motion by the

doctrine of equitable tolling because they misled or concealed from Tomek,

Delozier, and their counsel their intentions to renege on the parties' settlement

while Tomek, Delozier, and their counsel diligently attempted to execute that

settlement.[3]

13. Debtor and Debtor's counsel are barred from opposing this motion by the

doctrine of equitable estoppel because of the parties' full negotiation of an

enforceable settlement, on which Tomek and Delozier reasonably relied without

knowledge of Debtor's apparent intentions to renege in bad faith.[4]

---

[1] See, e.g., *Weitz Co., LLC v. Hands, Inc.*, 294 Neb. 215, 226, 882 N.W.2d 659, 668 (2016); *Blinn v. Beatrice Community Hosp. and Health Center, Inc.*, 270 Neb. 809, 821-22, 708 N.W.2d 235, 246-47 (2006) (citations omitted).
[2] See *Kontrick v. Ryan*, 540 U.S. 443, 124 S. Ct. 906 (2004).
[3] See, e.g., *In re Estate of Fuchs*, 297 Neb. 667, 679 (2017) (collecting cases); see also *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014); *Menominee Tribe of Wis. v. United States*, 577 U. S. __, __ (2016) (slip op., at 5); and *Burnett v. New York Central R. Co.*, 380 U. S. 424 (1965).
[4] See, e.g., *Mays v. Midnite Dreams*, 300 Neb. 485, 494 (2018) ("The doctrine of equitable estoppel is based upon the principle that one who has previously taken a position with reference to a

14. Equitable estoppel is interposed to prevent injury, fraud, injustice, and inequitable consequences by denying to a person the right to repudiate his acts, admissions, or representations, when they have been relied on by persons to whom they were directed and whose conduct they were intended to and did influence."[5]

15. Equitable estoppel rests largely on the facts and circumstances of the particular case and will be applied where the wisdom and justice of the principle are founded upon equity, morality, and justice in accordance with good conscience, honesty, and reason. A person is held to a representation made or a position assumed where otherwise inequitable consequences would result to another who has in good faith relied thereon under the circumstances of the case.[6]

16. The Nebraska Supreme Court has long held that a plaintiff's reliance on a defendant's repeated settlement assurances, with later resort to the statute of limitations as a defense, amounts to "trickery and dishonesty" that is barred by equitable estoppel.[7]

17. Debtor's repeated settlement assurances to Tomek, Delozier, and their counsel constitute good cause for the Court to approve the parties' compromise and order

---

transaction and thereby obtained a benefit from the other party cannot thereafter take an inconsistent position which would result in prejudice to the party who relied on the original position."); *Olsen v. Olsen*, 265 Neb. 299, 307, 657 N.W.2d 1, 8 (2003) (Equitable estoppel applies when one lulls his or her adversary into a false sense of security, thereby causing that person to subject his or her claim to the bar of the statute of limitations, and then pleads the very delay caused by his or her conduct as a defense to the action when it is filed.)

[5] *Weiner v. Hazer*, 230 Neb. 53, 57, 430 N.W.2d 269, 271-72 (1988) (citations and edits omitted).
[6] See *State Farm Mut. Auto Ins. Co. v. Budd*, 185 Neb. 343, 346, 175 N.W.2d 621, 624 (1970), overruled on other grounds by *Aken v. Nebraska Methodist Hosp.*, 511 N.W.2d 762 (Neb. 1994).
[7] See *Id.*

enforcement of the parties' settlement; this should include entry of a judgment of

non-dischargeability under the terms agreed to by the Debtor and his counsel.

18. Because good cause for granting this Motion exists, and Debtor is not prejudiced

by enforcement of the terms it agreed to, this Court should grant this Motion in

the interest of justice.

### Requests for Relief

Tomek and Delozier request this Court enter an order for the following relief:

A. Set this matter for hearing as provided by law;

B. Approve the compromise and enforce the settlement between Tomek, Delozier,

and Debtor;

C. Enter a judgment of non-dischargeability, and enter judgment on all other

matters contained in the parties written settlement terms; and

D. Grant such other and further relief as is just.

Date: June 25, 2020

Charles S. Tomek and Tadd Delozier,
Creditors and Interested Parties.

By:    /s/ Michael W. Milone
Michael W. Milone #25800
David J. Koukol #18102
KOUKOL & JOHNSON, LLC
12020 Shamrock Plz., Suite 333
Omaha, NE 68154
Email: mmilone@westomahalaw.com
Phone: (402) 934-9499, ext. 211
Fax: (402) 934-7730
Counsel for Tomek and Delozier

## Notice of Objection Deadline to Motion to Approve Compromise and Enforce Settlement

You and each of you are hereby notified that Charles S. Tomek and Tadd Delozier, creditors and interested parties in the above-captioned case, have filed a Motion to Approve Compromise and Enforce Settlement with the U.S. Bankruptcy Court for the District of Nebraska. You are further advised this Notice is being furnished to you pursuant to Nebraska Rule of Bankruptcy Procedure 9013-1 and that any objection, resistance, or request for hearing with respect to the above-referenced pleading must be filed on or before July 16, 2020 with the Clerk of Bankruptcy Court, Roman L. Hruska Courthouse, 111 South 18th Plaza, Suite 1125, Omaha, NE 68102, with a copy to Michael W. Milone and David J. Koukol, 12020 Shamrock Plaza, Suite 333, Omaha, NE 68154. Notice is further given that if the resistance period expires without the filing of any resistance or request for hearing, the Court will consider entering an Order granting the relief sought without further notice of hearing, pursuant to Neb. R. Bankr. P. 9013-1(I). If a timely resistance or request for hearing is filed and served, the Clerk will schedule a hearing. Any objection or resistance shall set forth the specific factual and legal basis on which it is based and conclude with a particular request for relief. The parties will be required to exchange declarations and documentary evidence before the hearing in accordance with Neb. R. Bankr. P. 9017-1, if a hearing is scheduled.

## Certificate of Service

I hereby certify that on June 25, 2020, I electronically filed the foregoing and this certificate of service with the Clerk of the Bankruptcy Court using the CM/ECF system, which sent notification of such filings to the following: Chapter 7 Trustee James Overcash; U.S. Trustee Jerry Jensen; Debtor's attorney John A. Lentz; and all parties registered to use the CM/ECF system. I further certify that I sent notice of this filing by first class mail to: Brian Podwinski, 15600 South 76th Street, Roca, Nebraska 68430; and the existing creditors and interested parties on the matrix filed with the bankruptcy court.

/s/ Michael W. Milone

*For settlement purposes only under* Neb. Rev. Stat. § 27-408

| | |
|---|---|
| **To:** | John Lentz, counsel for Brian Podwinski |
| **Copy to:** | Chuck Tomek; Tadd Delozier; David J. Koukol |
| **From:** | Michael W. Milone; KOUKOL & JOHNSON, LLC |
| **Date:** | April 22, 2020 |
| **Re:** | Brian Podwinski/Blue Blood Ch. 7 - Neb. Bk. No. 19-41937 – Compilation of Current Settlement Terms for Review by Parties and Counsel |

---

1. From e-mail sent by Michael W. Milone on 1/24/2020 and e-mail reply by John Lentz on 2/11/2020
   a. Full repayment of the debts owed to Chuck Tomek ("Tomek") and Tadd Delozier ("Delozier").
      i. Tomek Debt
         1. Already reduced to judgment in the District Court of Lancaster County on 8/16/2019 in the amount of $134,125.00 plus post-judgment interest at 4.095% annually, with post-judgment interest accruing from date of judgment through final payment.
         2. Brian Podwinski ("Podwinski") would agree to reaffirm this debt and take all steps necessary for reaffirmation in the bankruptcy court.
      ii. Delozier Debt
         1. Not reduced to judgment at the time Podwinski filed his bankruptcy petition.
         2. Would be reduced to a confessed/stipulated judgment in the principal amount of $250,000, plus pre-judgment interest at loan rate of 6.5% annually, plus post-judgment interest at judgment rate of 4.095% annually, with post-judgment interest accruing from the date the Court approves the parties' stipulation through final payment.
         3. Podwinski would agree to pay this amount going forward and take all steps necessary to approve that agreement in the bankruptcy court if required.
         4. This amount would be adjusted to account for any payments Podwinski claims he made toward the Delozier Debt before settlement. I'm unaware of any such payments right now.

Page **1** of **5**

EXHIBIT A

*For settlement purposes only under* Neb. Rev. Stat. § 27-408

    b. The Bankruptcy Court would enter a confessed/stipulated judgment stating the Tomek Debt and the Delozier Debt are non-dischargeable in bankruptcy.

        i. This may be accomplished by making a general reference to non-dischargeability under 11 U.S.C. § 523(a)(4) for breach of fiduciary duty.

    c. The parties' agreement will contain confidentiality provisions limiting disclosure of the settlement terms, underlying events involved in the bankruptcy case, and any fraud allegations.

    d. Liens on Podwinski Real Property

        i. Podwinksi agrees not to avoid/strip Tomek's lien on his interest in his home. Tomek will maintain a lien on Podwinski's interest in the home as a security mechanism for settlement payments through completion of the settlement agreement.

        ii. Podwinski agrees to a lien against his interest in his home by Delozier as part of reducing Delozier's debt to judgment. Podwinski agrees not to avoid/strip Delozier's lien on his interest in his home. Delozier will maintain a lien on Podwinski's interest in his home as a security mechanism for settlement payments through completion of the settlement agreement.

        iii. Neither Tomek nor Delozier will execute against Podwinski's interest in his home as long as Podwinski makes timely settlement payments and does not default under the parties' settlement agreement.

        iv. Amanda Podwinski does not agree to the entry or placement of any liens on her interest in the home. Amanda Podwinski does not agree to subordinate her interests in the home to Tomek or Delozier's liens.

        v. Podwinski will take all necessary steps to avoid/strip the judgment liens asserted by Ironhide Construction and Ponte Investments to effectuate settlement and protect Tomek and Delozier's settlement positions. Ironhide has not objected to avoidance of its lien, so all that remains is obtaining an order avoiding Ponte's lien.

    e. Podwinski's Future Business

        i. Podwinski is working to rehabilitate Barrel Aged Labs and turn it into a viable business.

        ii. Podwinski would grant Tomek and Delozier liens against Barrel Aged Labs' equipment, inventory, etc. to further secure Tomek and Delozier's settlement positions. Tomek and Delozier would take these security interest as soon as practicable if Podwinski is able to rehabilitate Barrel Aged Labs.

*For settlement purposes only under* Neb. Rev. Stat. § 27-408

     f. Payment Structure
        i. Podwinski proposes to pay:
           1. $250/month each to Tomek and Delozier for the 12 months following stipulation approval by the Court to allow Podwinski to get a new business venture going (total $500/month).
           2. $750/month each to Tomek and Delozier for 24 months after the first year.
           3. $1,000.00/month each to Tomek and Delozier for remainder of term to pay debt and accrued interest.
           4. The total payment term is estimated at 30 years.
           5. Podwinski would agree to provide wage documentation, financial statements, and tax returns for himself personally as well as any business in which he owns a majority stake
           6. If feasible, Podwinski would agree to further contribute a percentage of any net revenue available from his future business operations to further pay down amounts owed under the settlement agreement

2. From notes on the phone call between Michael W. Milone and John Lentz around 2/13/2020 and e-mail replies by John Lentz on 2/25/20 and 3/20/2020
     a. Tax documentation
        i. Podwinski produces to Tomek and Delozier a full copy of the joint 2019 tax return with all supporting documentation once it is prepared and filed. Tomek and Delozier acknowledge it may take until October 2020 or longer for this production to occur.
           1. Tomek and Delozier are allowed to see whether and in what amount Podwinski received an Angel Investment Tax Credit for tax year 2019.
        ii. Podwinski agrees to provide his tax returns and supporting documentation for each future tax year through completion of the terms of the settlement agreement. This production in future years excludes producing any of Amanda Podwinski's tax information or supporting documents.
     b. Blue Blood Brewing Ownership
        i. Podwinski confirms his percentage ownership in Blue Blood through the date he filed his bankruptcy petition and explains whether he has diluted or added to that percentage based on his contributions of cash or property over time. This information would be used to verify Tomek and Delozier are dealing with Blue Blood's true owner and that Podwinski had the authority to file the bankruptcy in the first place.

*For settlement purposes only under* Neb. Rev. Stat. § 27-408

      c.  Life Insurance

           i.  Podwinski obtains a term life insurance policy covering 20 to 30 years as a further security mechanism for ensuring payment of settlement funds.

          ii.  Podwinski estimates insurance for $350,000 for 20 years will cost him $75/month; or for 10 years will cost $55/month.

        iii.  Podwinski would take all steps necessary to apply for, obtain, pay premiums on, and provide proof of this term life insurance policy. Tomek and Delozier would be the designated beneficiaries of any benefits payable under the policy. Any premiums paid would be credited 50% against what Podwinski owes Tomek and 50% against what Podwinski owes Delozier as premiums are paid under the terms of the parties' settlement.

      d.  Down payment

           i.  Podwinski agrees to make a down payment of $500 toward settlement.

   3.  From e-mail sent by Michael W. Milone on 3/27/2020

      a.  Down payment

           i.  Tomek and Delozier are willing to accept a down payment of $500 toward settlement

          ii.  If Amanda and Brian Podwinski receive a significant tax refund for tax year 2019 based on Angel Investment Tax Credits, Tomek and Delozier request Amanda contribute some reasonable percentage of that refund toward the settlement down payment. Tomek and Delozier acknowledge that any tax refund attributable to Podwinski's labor in tax year 2019 is likely property of the bankruptcy estate that must be administered by the trustee.

      b.  Payment Structure

           i.  Tomek and Delozier propose a balloon payment structure. That structure mirrors what Podwinski initially proposed:

               1.  $250/month each to Tomek and Delozier for the 12 months following stipulation approval by the Court to allow Podwinski to get a new business venture going (total $500/month)

               2.  $750/month each to Tomek and Delozier for 24 months after the first year;

               3.  $1,000.00/month each to Tomek and Delozier until we reach a designated balloon payment date

               4.  Tomek and Delozier then suggest a 10 to 20-year balloon date – for example, a balloon payment could be scheduled for

*For settlement purposes only under* Neb. Rev. Stat. § 27-408

June 1, 2035 or something similar if settlement is confirmed on June 1, 2020.

5.  On the balloon payment date, Podwinski would be responsible for paying the remaining balances due to Mr. Tomek and Mr. Delozier in full through whatever means he has available.

6.  Podwinski accepts the proposed balloon payment structure. Tomek and Delozier are open to further discussing the details of this balloon payment structure.

**Michael Milone**

| | |
|---|---|
| From: | John Lentz <john@lepantandlentz.com> |
| Sent: | Tuesday, June 16, 2020 8:42 AM |
| To: | Michael Milone |
| Cc: | David Koukol |
| Subject: | RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment |

Michael,

Sounds like Brian's good with the terms as outlined, just a few considerations/suggestions for stip:

1. Can payments begin Jan, 2021? He will have the down payments by September 1, 2020
2. His life insurance is $143.99/month and is in effect currently. I've requested docs
3. Brian wants any/all shares held by Delozier/Tomek to be transferred over to him in Barrel Aged Labs after all payments contemplated are made

*L&L*  **John A. Lentz**

Attorney
**Lepant & Lentz, PC, LLO**

Phone: 402-421-9676
Fax: 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67ᵗʰ St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and

EXHIBIT B

destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Tuesday, June 2, 2020 12:06 PM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

John,

My clients are growing restless and want me to ask you when we can expect to get things moving toward final settlement.
Let me know when you can.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

---

**From:** Michael Milone
**Sent:** Friday, May 15, 2020 7:33 AM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

John,

Fair enough.
I'll let my guys know.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154

2

Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com

 KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

**From:** John Lentz <john@lepantandlentz.com>
**Sent:** Thursday, May 14, 2020 4:22 PM
**To:** Michael Milone <mmilone@westomahalaw.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** RE: Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

Michael & David,

I'm just following up-letting you know that I am still waiting on Brian to approve the list of terms-I believe the terms have all been agreed to through months of emails, but I want to get his approval prior to telling you that we have a deal and let's do a stip.

 **John A. Lentz**

Attorney
**Lepant & Lentz, PC, LLO**

Phone: 402-421-9676
Fax: 402-608-2821

650 J St., STE 215B
Lincoln, NE 68508

2111 S. 67th St., STE 300
Omaha, NE 68106

**www.JohnLentz.com**

---

### STATEMENT OF INTENDED USE:

CONFIDENTIALITY NOTICE: This message is covered by the Electronic Communications Privacy Act, Title 18, United States Code, 2510-2521. This E-mail, along with any documents, files, or attachments, are copyrighted and are proprietary products of Lepant & Lentz, PC, LLO., and may contain information that is confidential, privileged, subject to the restrictions of the Gramm-Leach-Bliley Act, or otherwise protected from disclosure. The information contained in this electronic message is or may be protected by the attorney-client privilege, the work product doctrine, joint defense privileges, trade secret protections, and/or other applicable protections from disclosure. There is not any intent on the part of the sender to waive any above described evidentiary or other common law privilege (including the attorney-client privilege) that may attach to this communication. Although this e-mail message and any attachments are believed to be free of any virus or other defect that might negatively affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Lepant & Lentz, PC, LLO for any loss or damage arising in any way in the event that such a virus or defect exists. Any unauthorized use, reproduction, or transfer of this message or attachments, in any medium, is strictly prohibited. If you are not the intended recipient, you are hereby notified that any disclosure, copying, printing, reading, distribution or use of any information contained in or attached to this E-mail is STRICTLY PROHIBITED. If you received this E-mail in error, please immediately notify the Firm by E-mail to office@lepantandlentz.com and/or by telephone call to John A. Lentz at 402-421-9676, and

3

destroy the original E-mail and its attachments, without reading, printing, or saving it in any manner. Your cooperation is appreciated. Thank you.

IRS CIRCULAR 230 NOTICE: IRS Circular 230 regulates written tax communications between tax advisors and clients. We are required to inform you that any tax advice contained in this communication cannot be used for the purpose of avoiding tax penalties. Tax advice contained in this communication cannot be used for promotion, marketing or recommending a transaction to another party. Any person who is not the addressee should seek specific advice from an independent tax advisor.

---

**From:** Michael Milone <mmilone@westomahalaw.com>
**Sent:** Wednesday, April 22, 2020 1:20 PM
**To:** John Lentz <john@lepantandlentz.com>
**Cc:** David Koukol <dkoukol@westomahalaw.com>
**Subject:** Brian Podwinski Bankruptcy - Compilation of Settlement Terms for Review and Comment

John,

As promised, attached you'll find my compilation of the settlement terms we've been discussing these last 3 months.
Since it seems like we are very close and there is only a little left to work out, I'm providing the attached hoping we can use it to finish this settlement up.
I'm mindful that we have a hearing on your motion to avoid Mr. Tomek's lien coming up shortly, and I'd propose continuing that for 30 to 60 days to accommodate settlement.
I don't think Judge Saladino will have any problem with that, as Ponte will get to keep his existing hearing date and it will mean less for the Judge to deal with.

Please let me know what you think when you get a chance. I did include a fair bit of detail, so it may take some time to work through.
I will be reviewing the attached with my clients to confirm this represents the deal we've all been discussing, though I don't have any doubts as I write this.
If we're successful in working out remaining details soon, it should be pretty easy to turn this compilation into a formal settlement document.

Best,

Michael W. Milone
*Senior Associate Attorney* | KOUKOL & JOHNSON, LLC
12020 Shamrock Plaza, Suite 333 | Omaha, NE 68154
Phone: 402-934-9499 | Fax: 402-934-7730
mmilone@westomahalaw.com | www.westomahalaw.com



KOUKOL & JOHNSON, LLC
ATTORNEYS AT LAW

CONFIDENTIALITY: This message, including any attachment, is confidential.
It also may be protected by an evidentiary privilege, the work product doctrine, or other applicable law.
If you have received it by mistake, please delete it from your system and notify the sender immediately.
You may not copy or disclose its contents to anyone.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:      )         Case No. BK 19-41937
                             )
BRIAN C PODWINSKI,     )
                             )
                             )
       Debtor(s).       )         Chapter 7

## OBJECTION TO AMENDED MOTION TO EXTEND TIME FOR FILING OBJECTION TO DISCHARGEABILITY AND ADVERSARY ACTION BY CREDITORS TOMEK & DELOZIER

COME(S) NOW the Debtor(s), by and through his attorney, John A. Lentz, and hereby resists the Amended Motion to Extend Time for Filing Objection to Dischargeability and Adversary Action ("Motion to Extend") by Charles S. Tomek and Tadd Delozier ("Creditors") for the following reasons and each of them:

1.     Debtor admits that he consented to an initial extension of the deadline for Creditors to file a complaint objecting to discharge, which extended the deadline from March 23, 2020 to June 21, 2020.

2.     Debtor admits this extension was to allow the parties to discuss a possible settlement of Creditors' intention to file a complaint objecting to discharge.

3.     Debtor admits he and Creditors had several discussions related to settlement, however, he disputes Creditors' assertion that a full and complete settlement was arrived at between the parties.

4.     Debtor would state that Creditors' "reduction to writing" of the terms was a list prepared by Creditors' counsel of terms that had been discussed. No drafted agreement was ever prepared by either Creditors' attorneys or Debtor's counsel. Neither party signed any agreement and it was not a fully formed agreement at the time.

5.     Debtor would state that the parties were still negotiating terms of settlement until and through Creditors' extended deadline to file their complaint on June 21, 2020.

6.     Creditors argue in their motion that Debtor's statement concerning terms being acceptable, with some considerations/suggestions for actual settlement induced Creditors' counsel to refrain from protecting Creditors' interest by filing either an additional motion to extend deadline, or filing a complaint. However, deadlines and the filing of a complaint, or abandonment thereof was never a term discussed by the parties. In addition, in an email dated June 17, 2020, counsel for Creditors informed Debtor's counsel the deadline to file complaint was in July, stating "Our July discharge objection deadline is looming and Chuck and Tadd want this done. I'm sure Brian wants that too." Debtor's counsel assumed this was accurate since it was Creditors' deadline to keep track of.

7.     To now state that the missed deadline was purposeful is disingenuous and an outright misrepresentation to this Court.

8.     As of June 19, 2020, Creditors and Debtor were still negotiating possible repayment terms and possible repercussions in the event of default. Debtor continued discussions

upon the mistaken assertion by Creditors' counsel that the deadline to object to discharge was in July, but was not aware that was a false assertion.

9.    On June 24, 2020, Debtor's counsel and Creditors' counsel discussed the status of settlement in the context of an upcoming hearing set for later that week concerning Debtor's Motion to Avoid Lien of Tomek. Creditors' counsel indicated "Based on my discussions with my clients this afternoon, I believe we are **tentatively** settled." At this time, no drafted settlement agreement had been proposed and no particular language reviewed other than general terms.

10.    Debtor discovered that Creditors had missed their deadline on June 24, 2020 and promptly notified Creditors' counsel that Debtor did not desire to continue settlement negotiations as a result of Creditors' abandonment of their potential claim(s).

11.    The deadline imposed by Rule 4007(c) is strictly construed and permits an extension of time only when the request is filed before the time has expired. *See e.g.*:

> *Grand v. Harbaugh* (In re Harbaugh), 301 BR 317 (8th Cir. BAP 2003);
>
> *In re Earlywine*, 2016 Bankr. LEXIS 1832, No. 15-01359 (Bankr. S.D. Iowa, April 25, 2016);
>
> *Bel Fury Inv. Group, LLC v. Kacin*, (In re Kacin), 2010 Bankr. LEXIS 1868, No. 09-82566 (Bankr. D. Neb. June 8, 2010)
>
> *Hruza v. Holt*, (In re Holt), 1997 Bankr. LEXIS 2415, No. 96-82049 (Bankr. D. Neb. May 1, 1997);
>
> *In re Julien*, 2012 Bankr. LEXIS 2764, No. 10-82442 (Bankr. D. Neb. June 18, 2012);
>
> *Mitchell v. Begelow*, (In re Mitchell), 2008 Bankr. LEXIS 1, No. 05-05637 (Bankr. N. D. Iowa January 3, 2008);

12.    No impairment prevented Creditors from preserving their ability to file a Complaint or an additional extension of the deadline under Rule 4007(c). No negotiation was had as to Creditors impairing their ability to file a timely complaint or filing a timely request to extend deadline.

13.    Many courts have found that there is no equitable exception, or it is a very limited tolling and which requires extraordinary circumstances to deviate from the strictly enforced deadline under Rule 4007(c). *See e.g.*,:

> *Anwar v. Johnnson*, 720 F. 3d. 1183 (9th Cir, 2013);
>
> *Seyedan v. Beauty Illusions, Inc.* (In re Kanaan), 217 Bankr. LEXIS 295, No 16-10443 (Bankr. C.D. Cal. February 1, 2017) ;
>
> *Martin v. Thompson* (In re Thompson), 2018 Bankr. LEXIS 2429, No. 18-1018 (Bankr. E.D. Tenn. August 15, 2018);
>
> *United Cmty. Bank v. Harper*, (In re Harper), 489 B.R. 251 (Bankr. N.D. Ga. 2013);
>
> *Deere & Co. v. Grabowski*, (In re Grabowski), 2016 Bankr. LEXIS 2015, No. 15-40381 (Bankr. S.D. Ill. May 16, 2016)
>
> *In re Bressler*, 600 B.R. 739 (Bankr. S.D. N.Y. 2019).

14.    Creditors can point to no extraordinary circumstance that prevent them from preserving their pursuit respect to dischargeability.

15.    The goals of the Bankruptcy Code concerning Debtor's fresh start place the burden of diligence upon Creditors under the very unambiguous Rule 4007(c).

WHEREFORE Debtor(s) pray that Creditors' Motion to Extend be denied.

By:     /s/ John A. Lentz
John A. Lentz, #24420
Lepant & Lentz, PC, LLO
650 J Street, Suite 215B
Lincoln, NE 68508
(402) 421-9676
john@lepantandlentz.com
Attorney for Debtor(s)

## CERTIFICATE OF SERVICE

The undersigned relies on the ECF system to provide notice of the foregoing to the Office of the United States Trustee, John Stalnaker, Chapter 7 Trustee and counsel for Creditors, Charles S. Tomek and Tadd Delozier.

/s/ John A. Lentz
John A. Lentz

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | Case No. BK 19-419637 |
| | ) | |
| BRIAN C PODWINSKI, | ) | |
| | ) | |
| | ) | |
| Debtor(s). | ) | Chapter 13 |

## OBJECTION TO MOTION TO APPROVE COMPROMISE AND ENFORCE SETTLEMENT

COME(S) NOW the Debtor(s), by and through his attorney, John A. Lentz, and hereby resists the Motion to Approve Compromise and Enforce Settlement ("Motion to Compromise") for the following reasons *in addition to Debtor's Objection to Amended Motion to Extend Time for Filing Objection to Dischargeability and Adversary Action* filed by Charles S. Tomek and Tadd Delozier ("Creditors"), and each of them:

1. As noted in Debtor's other objection, Creditors failed to preserve their ability to file a complaint objecting to discharge, and failed to request an extension prior to the dischargeability deadline, which is strictly enforced, under Rule 4007(c).

2. Creditor's lack of diligence is not due to any extraordinary circumstance that prevented them from preserving their claims and there is limited, or no equitable exception to Rule 4007(c)'s deadline.

3. Creditors would have this Court believe that they intentionally did not file a motion to extend deadline or file a complaint to preserve their claim due to the alleged "full settlement with specific, enforceable terms." However, this proposition is disingenuous. There were no terms related to the filing of an extension or complaint, or agreements as to not filing such items in any settlement negotiations. In an email dated June 17, 2020, counsel for Creditors informed Debtor's counsel that the deadline to object to discharge was extended to July. The undersigned believed Creditors' counsel knew his deadlines and relied upon this material statement until June 24th when he discovered this was in fact not the case and discussed with Debtor, who immediately caused undersigned to inform Creditors' counsel that Debtor no longer wished to negotiate a settlement due to the passing of the deadline.

4. The assertion in an email dated June 17th made by counsel for Creditors as to the deadline was mistaken and Debtor relied upon this assertion in continuing to negotiate after June 21, 2020. This mistake is material in that the deadline imposed by Rule 4007(c) is strictly enforced. Such mistake would allow Debtor to rescind any alleged agreement, however, Debtor still would argue no fully enforceable agreement was ever arrived at.

5. Under contract law, this mistake was either mutual or it was unilateral:
   a. If mutual mistake, then both parties must be mistaken as to a material fact. A "hard and fast" deadline under the Bankruptcy Code is material to settlement regarding Creditors' rights which expired upon the deadline of June 21, 2020. Thus, Debtor could and did rescind;

b.    If the mistake was unilateral, Creditors induced Debtor to believe the deadline was not until July by their counsel's assertion, to which Debtor was not aware was mistaken until June 24, 2020 and Debtor immediately ceased any further settlement discussion after learning of the deadline passing.

6.    Prior to Debtor withdrawing from settlement discussion, on June 24, 2020, Creditors' counsel indicated that it appeared "we are **tentatively** settled."

7.    No proposed agreement had been provided to counsel or Debtor of the alleged "full settlement with specific, enforceable terms" prior to Debtor's withdrawal from negotiation.

8.    As of June 19, 2020, the parties were still negotiating possible repayment terms and repercussions in the event of default. Debtor continued to act in good faith to find a settlement and received no response to some of his concerns until after the deadline on the 21st of June.

9.    Because as of June 21, 2020, Creditors' time to file either a complaint objecting to discharge or another extension of that deadline, lapsed, there was no matter in controversy of which to settle upon, irrespective of any prior negotiations between the parties.

10.    In addition to the uncertainty of counsel for Creditors' assertion that "we are **tentatively** settled," as of June 21, 2020,  and due to various options proposed back and forth, it is anybody's guess what the actual term Creditors agreed to given the fact that Debtor never received an actual legally binding document to which he was asked to bind himself. Debtor was still concerned with the following items that, to the best of his belief were not agreed upon by the parties:

a.    Term of payback was unclear and Creditors' desire for a shorter term with balloon payment was not yet determined. Repayment start date was still an open question;

b.    Payment start date;

c.    Cure provision affording flexibility due to some large tax debt contemplated to be owed by Debtor to IRS.

11.    Debtor has never and would never admit to the debts owed to Creditors as being non-dischargeable for any reason under 11 U.S.C. §523. This was indicated early on and Debtor remained consistent in the assertion that he did not commit any acts that would lead a trier of fact to determine the debts were nondischargeable if a trial were had. Instead, even though the claims by Creditors were for a substantial amount of money, Debtor did not wish to risk the possibility of losing at trial, incurring more expenses for his own attorney and risk incurring more expenses of counsel for Creditors. Debtor was and still is in a bad financial position and could not and can not afford the costs to defend himself in an adversary.

12.    As indicated in Debtor's other objection to Creditors' motion, Many courts have found that there is either no equitable exception, or is very limited which requires extraordinary circumstances to toll or deviate from the deadline set by Rule 4007(c).

13.    Nothing in the settlement negotiations or otherwise caused a situation where Creditors could not preserve their claims by filing either a motion to extend deadline or a complaint to determine dischargeability.

14.    Debtor and his counsel never misled Creditors or their counsel about deadlines. Rather, Creditors' counsel misled Debtor and his counsel.

WHEREFORE Debtor(s) pray that Creditors' Motion to Approve Compromise and Enforce Settlement be denied.

By:    /s/ John A. Lentz
       John A. Lentz, #24420
       Lepant & Lentz, PC, LLO
       650 J Street, Suite 215B
       Lincoln, NE 68508
       (402) 421-9676
       john@lepantandlentz.com
       Attorney for Debtor(s)

## CERTIFICATE OF SERVICE

The undersigned relies on the ECF system to provide notice of the foregoing to the Office of the United States Trustee, John Stalnaker, Chapter 7 Trustee and counsel for Creditors Charles S. Tomek and Tadd Delozier.

       /s/ John A. Lentz
       John A. Lentz

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| In re: | BK No. 19-41937-TLS |
|---|---|
| Brian C. Podwinski, | **Stipulated Settlement Agreement** |
| Ch. 7 Debtor. | |

This Stipulated Settlement Agreement ("the Agreement") is made by and between Charles Tomek ("Tomek"), Tadd Delozier ("Delozier"), and Brian C. Podwinski ("Podwinski") (collectively "the parties"). Tomek and Delozier are both creditors of Podwinski as debtor in the above-captioned bankruptcy case in the United States Bankruptcy Court for the District of Nebraska at BK No. 19-41937 ("the Case"). The parties have negotiated a settlement of their positions relative to the Case; that settlement is memorialized for the Bankruptcy Court's approval and enforcement as described in this Agreement.

The parties agree as follows:

1. *Consideration.*

    a.  Podwinski acknowledges that Tomek holds a judgment against him in the District Court of Lancaster County at Case No. CI 19-1765 entered on August 16, 2019 in the amount of $134,125.00, plus post-judgment interest accruing at 4.095% annually, with post-judgment interest accruing from date of judgment through final payment. Podwinski now consents to entry of a judgment against him in the amount of $134,125.00 plus post-judgment interest accruing at 4.095% annually from the date of entry of the judgment through final payment in favor of Tomek ("Judgment 1"). A copy of Judgment 1, attached here as Exhibit A, will be filed in the Case or an adversary proceeding within the Case as required by the Bankruptcy Court. Podwinski acknowledges the Bankruptcy Court will enter a confessed, stipulated judgment against him finding that Judgment 1 is non-dischargeable under 11 U.S.C. § 523(a)(4) for breach of fiduciary duty related to his operation of Barrel Aged Labs, LLC. Podwinski agrees a factual basis exists for a finding of non-dischargeability on Judgment 1. Podwinski does not dispute the accuracy of this factual basis and stipulates that it is sufficient to make Judgment 1 non-dischargeable in the Case and any bankruptcy proceedings he may file in the future. Podwinski stipulates that he will not attempt to challenge the non-

dischargeability of Judgment 1 in the Case or any bankruptcy or other proceedings he may file now or in the future. Podwinski agrees that he will cooperate with any procedure in the Case, adversary bankruptcy proceedings, or other proceedings required to recognize the non-dischargeability of Judgment 1. Podwinski agrees he will take all steps necessary for the Bankruptcy Court to enter Judgment 1 according to this Agreement.

b.   Podwinski acknowledges that Delozier filed a claim against him in the District Court of Lancaster County at Case No. CI 19-2282 on July 17, 2019 seeking judgment in the amount of $250,000, plus pre-judgment interest, post-judgment interest, costs, attorney fees, and other relief. Podwinski now consents to entry of a judgment against him in the amount of $250,000 plus pre-judgment interest at the rate of 6.5% accruing from April 20, 2018 through entry of judgment, plus post-judgment interest accruing at 4.095% annually from the date of entry of the judgment through final payment in favor of Delozier ("Judgment 2"). A copy of Judgment 2, attached here as Exhibit B, will be filed in the Case or an adversary proceeding within the Case as required by the Bankruptcy Court. Podwinski acknowledges the Bankruptcy Court will enter a confessed, stipulated judgment against him finding that Judgment 2 is non-dischargeable under 11 U.S.C. § 523(a)(4) for breach of fiduciary duty related to his operation of Barrel Aged Labs, LLC. Podwinski agrees a factual basis exists for a finding of non-dischargeability on Judgment 2. Podwinski does not dispute the accuracy of this factual basis and stipulates that it is sufficient to make Judgment 2 non-dischargeable in the Case and any bankruptcy proceedings he may file in the future. Podwinski stipulates that he will not attempt to challenge the non-dischargeability of Judgment 2 in the Case or any bankruptcy or other proceedings he may file now or in the future. Podwinski agrees that he will cooperate with any procedure in the Case, adversary bankruptcy proceedings, or other proceedings required to recognize the non-dischargeability of Judgment 2. Podwinski agrees he will take all steps necessary for the Bankruptcy Court to enter Judgment 2 according to this Agreement.

c.   For Judgment 1, Podwinski will pay Tomek on the following terms:

   i.   On November 1, 2020 by 5:00 p.m. C.S.T., Podwinski will pay $250 to Tomek as a down payment toward Judgment 1.
   ii.  Starting November 1, 2020 by 5:00 p.m. C.S.T., Podwinski will pay Tomek $250 per month through November 1, 2021 by 5:00 p.m. C.S.T.;
   iii. Starting December 1, 2021 by 5:00 p.m. C.S.T., Podwinski will

> > pay Tomek $750 per month through December 1, 2023 by 5:00 p.m. C.S.T.
> >
> > iv. Starting January 1, 2024 by 5:00 p.m. C.S.T., Podwinski will pay Tomek $1,000 per month through January 1, 2039 by 5:00 p.m. C.S.T.
> >
> > v. By February 1, 2039, Podwinski will then pay the remaining balance on Judgment 1 to Tomek in a single, lump sum payment through whatever financial means he has available.

    d.    For Judgment 2, Podwinski will pay Delozier on the following terms:

> > i. On November 1, 2020 by 5:00 p.m. C.S.T., Podwinski will pay $250 to Delozier as a down payment toward Judgment 2.
> >
> > ii. Starting November 1, 2020 by 5:00 p.m. C.S.T., Podwinski will pay Delozier $250 per month through November 1, 2021 by 5:00 p.m. C.S.T.;
> >
> > iii. Starting December 1, 2021 by 5:00 p.m. C.S.T., Podwinski will pay Delozier $750 per month through December 1, 2023 by 5:00 p.m. C.S.T.
> >
> > iv. Starting January 1, 2024 by 5:00 p.m. C.S.T., Podwinski will pay Delozier $1,000 per month through January 1, 2039 by 5:00 p.m. C.S.T.
> >
> > v. By February 1, 2039, Podwinski will then pay the remaining balance on Judgment 2 to Delozier, plus an additional sum of $750 to buyout Delozier's interest in Barrel Aged Labs, LLC, in a single, lump sum payment through whatever financial means he has available.

    e.    All payments required under this Agreement shall be made in cash or certified funds and delivered to Tomek and Delozier's legal counsel at KOUKOL & JOHNSON, LLC, c/o David J. Koukol, 12020 Shamrock Plaza, Suite 333, Omaha, Nebraska 68154, or such other person or location as may be designated in writing by Tomek, Delozier, and a member of KOUKOL & JOHNSON, LLC.

    f.    If Judgment 1 is timely paid under the terms of this Agreement, then Tomek will promptly file a satisfaction of Judgment 1. If Judgment 2 is timely paid under the terms of this Agreement, then Delozier will promptly file a satisfaction of Judgment 2.

    g.    Podwinski acknowledges the lien against his interest in the Property in favor of Tomek based on Tomek's pre-existing judgment against him. Podwinski agrees not to avoid or strip Tomek's lien on his interest in his home located at 15600 South 76th Street, Roca, Nebraska 68430

("the Property"). Podwinski acknowledges Tomek will maintain a lien on his interest in the Property as security for the payments due to Tomek through completion of all terms of this Agreement. Podwinski further agrees to entry of a lien against his interest in the Property in favor of Delozier. Podwinski agrees not to avoid or strip Delozier's lien on his interest in the Property. Podwinski acknowledges Delozier will maintain a lien on his interest in the Property as security for the payments due to Delozier through completion of all terms of this Agreement. Neither Tomek nor Delozier will execute against Podwinski's interest in the Property as long as Podwinski makes timely payments and does not default under the terms of this Agreement. Amanda Podwinski's interest in the Property is not subject to any liens mentioned in this paragraph; Amanda Podwinski does not subordinate her interest in the Property to Tomek or Delozier.

h.   Podwinski acknowledges he is working to rehabilitate Barrel Aged Labs, LLC as a viable business. Podwinski will grant Tomek and Delozier liens against Barrel Aged Labs' equipment, inventory, and personal property to further secure Tomek and Delozier's positions under this Agreement when Barrel Aged Labs acquires such items. Tomek and Delozier will take these security interests in the personal property of Barrel Aged Labs as soon as practicable if Podwinski is able to rehabilitate Barrel Aged Labs.

i.   Podwinski will produce to Tomek and Delozier a full copy of the joint 2019 tax return of Brian and Amanda Podwinski with all supporting documentation once it is prepared and filed. Podwinski will permit Tomek and Delozier to review his tax information and documents to determine whether and in what amount Podwinski received an Angel Investment Tax Credit for tax year 2019. Podwinski further agrees to provide his tax returns and supporting documentation for each future tax year through completion of the terms of this Agreement. Production of tax documents and information by Podwinski in future years excludes production of any of Amanda Podwinski's tax information or supporting documents. If Amanda and Brian Podwinski receive a significant tax refund for tax year 2019 based on Angel Investment Tax Credits, Tomek and Delozier request Amanda contribute some reasonable percentage of that refund toward settlement.

j.   Podwinski will confirm to Tomek and Delozier his percentage ownership in Blue Blood Brewing Company, Inc., through the date he filed his bankruptcy petition in the Case and explain whether he has diluted or added to that percentage based on his contributions of cash

or property over time.

k.      Podwinski will obtain a term life insurance policy covering at least 20 years of his life as further security for ensuring payment of settlement funds owed to Tomek and Delozier under this Agreement. Podwinski will take all steps necessary to apply for, obtain, pay premiums on, and provide proof of this term life insurance policy to Tomek and Delozier. Tomek and Delozier will be the designated beneficiaries of any benefits payable under the policy Podwinski obtains under this paragraph. Any premiums Podwinski pays will be credited 50% against what Podwinski owes Tomek and 50% against what Podwinski owes Delozier as premiums are paid under the terms of this Agreement.

l.      Podwinski will be in default of this Agreement if he fails to comply with any of its terms. Upon any default, Tomek or Delozier may at their option give Podwinski notice of the default by first-class mail addressed to 15600 South 76th Street, Roca, Nebraska 68430. Podwinski may cure the default within 20 days of the date upon which Tomek or Delozier mailed him notice of the default. Podwinski shall only be entitled to cure a default under this Agreement once; no further cure period for any further default is permitted. If Podwinski fails to timely or properly cure any default under this Agreement, then Tomek and Delozier shall be entitled to declare the entire amount of Judgment 1, Judgment 2, or both immediately due and shall be entitled to immediate collection of Judgment 1, Judgment 2, or both as allowed by law, less any payments made as of the date of default.

2.  *Confidentiality.* This Agreement may be specifically enforced, may be filed and approved within the Case, and may be used as evidence in an action relating to breach or enforcement of this Agreement. But otherwise, the existence and terms of this Agreement shall be kept confidential by the parties, their representatives, attorneys, and agents. The parties agree to not disclose the terms of this Agreement to anyone, except for the parties' attorneys, the parties' accountants for tax purposes, or if required by law or court order. The parties may, without violating this Agreement, respond to inquiries regarding the outcome of the Case by stating that the matter has been resolved through settlement by the entry of Judgment 1 or Judgment 2. The parties agree and acknowledge that any violation of this confidentiality section will be a material breach of this Agreement.

3.  *Entire Agreement.* This Agreement constitutes the entire understanding between the parties with respect to the subject matter hereof and supersedes all negotiations, representations, prior discussions, and preliminary agreements between the parties relating to the subject matter of this Agreement. All parties

have had an opportunity to review this Agreement with the assistance of counsel of their choosing. This Agreement shall be construed as if drafted by all parties.

4. *Cooperation.* Each party hereto agrees to execute and deliver such additional documents and instruments and to perform such additional acts as any party may reasonably request or as may be reasonably necessary or appropriate to effectuate, consummate or perform any of the terms, provisions, or conditions of this Agreement.

5. *Benefit.* This Agreement shall inure to and bind the successors, assigns, heirs, devises, executors, administrators, and personal representatives, of the respective parties hereto. Judgment 1 and Judgment 2 entered as a result of this Agreement shall be assignable.

6. *Waiver.* Any waiver by any party hereto of any breach of any kind or character whatsoever by any other party, whether such waiver be direct or implied, shall not be construed as a continuing waiver of, or consent to, any subsequent breach of this Agreement on the part of the other party or parties. No course of dealing or performance between the parties hereto, nor any delay in exercising any rights or remedies hereunder or otherwise, shall operate as a waiver of any of the rights or remedies of any party hereto.

7. *Severability.* The provisions of this Agreement are severable. Should any provision hereof be void, voidable, or unenforceable under any applicable law, such void, voidable, or unenforceable provision shall not affect or invalidate any other provision of this Agreement. This Agreement shall continue to govern the relative rights and duties of the parties as though the void, voidable or unenforceable provision were not a part hereof. In addition, it is the intention and agreement of the parties that all the terms and conditions hereof be enforced to the fullest extent permitted by law.

8. *Survival.* All representations, covenants, and other agreements of the parties hereto shall survive the execution, delivery and termination of this Agreement and shall, notwithstanding the execution, delivery, and termination of this Agreement, continue in full force and effect.

9. *Governing Law.* This Agreement shall be deemed to have been executed in the State of Nebraska, and shall be interpreted, construed, and enforced in accordance with and governed by the laws of the State of Nebraska without giving effect to any conflict of laws provisions. If any dispute or lawsuit arises related to the interpretation, construction or enforcement of this Agreement, such dispute or lawsuit must be brought in either the District Court of Lancaster County, Nebraska or the United States Bankruptcy Court for the District of Nebraska.

10. *Modification.* This Agreement may not be modified except by an instrument in writing signed by all the parties hereto.

11. *Authorization.* The parties represent that they are fully authorized to execute this Agreement by any businesses, persons, or other entities for which they may be acting as agents. By signing below, each party represents and warrants that he or she is authorized to sign on behalf of the corporation, partnership, limited liability company, or other entity signing below.

12. *Faxed or Electronic Signatures.* The parties will treat faxed or electronic signatures on or to this Agreement as original signatures.

13. *Counterparts.* The parties may choose to execute this Agreement in any number of counterparts. If the parties choose to execute this Agreement in any number of counterparts, the parties will treat each counterpart as if the counterpart is the original Agreement.

*In witness whereof,* the parties have executed this Agreement as of the dates hereinafter set forth.

[*Signatures contained on the following page*]

By: _____

Charles Tomek

State of _____    )
                                      ) ss.
County of _____     )

The foregoing document was subscribed and sworn to before me on the _____ day of _____, 2020, by Charles Tomek.

_____

Notary Public

_____

Tadd Delozier

State of _____    )
                                      ) ss.
County of _____     )

The foregoing document was subscribed and sworn to before me on the _____ day of _____, 2020, by Tadd Delozier.

_____

Notary Public

_____

Brian C. Podwinski

State of _____    )
                                      ) ss.
County of _____     )

The foregoing document was subscribed and sworn to before me on the _____ day of _____, 2019, by Brian C. Podwinski.

_____

Notary Public

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| In re: | BK No. 19-41937-TLS |
|---|---|
| Brian C. Podwinski, | **Consent Judgment Pursuant to Settlement Agreement** |
| Ch. 7 Debtor. | |

Brian C. Podwinski ("Podwinski"), pursuant to a Stipulated Settlement Agreement ("the Agreement") entered into with Charles Tomek ("Tomek"), Tadd Delozier ("Delozier") (collectively "the parties"), hereby consents to the entry of a judgment against him and in favor of Tadd Delozier, in the amount of $250,000 plus pre-judgment interest at the rate of 6.5% accruing from April 20, 2018 through entry of judgment, plus post-judgment interest accruing at 4.095% annually from the date of entry of the judgment through final payment in favor of Delozier ("Judgment"). Podwinski acknowledges this confessed, stipulated judgment against him is non-dischargeable under 11 U.S.C. § 523(a)(4) for breach of fiduciary duty related to his operation of Barrel Aged Labs, LLC. Podwinski agrees a factual basis exists for a finding of non-dischargeability on the Judgment. Podwinski does not dispute the accuracy of this factual basis and stipulates that it is sufficient to make the Judgment non-dischargeable in this bankruptcy case and any bankruptcy proceedings he may file in the future. Podwinski stipulates that he will not attempt to challenge the non-dischargeability of the Judgment in this case or any bankruptcy or other proceedings he may file now or in the future. Podwinski agrees that he will cooperate with any procedure in this case, adversary bankruptcy proceedings, or other proceedings required to recognize the non-dischargeability of the Judgment. Podwinski agrees he will take all steps necessary for this Court to enter the Judgment against him.

Dated: _____, 2020.


_____
Brian C. Podwinski, Debtor.

## Judgment

This matter is before the Court upon the submission of a Consent Judgment given by debtor Brian C. Podwinski pursuant to a Stipulated Settlement Agreement reached between the parties. The Court being duly advised in the premises finds that the consent judgment against Podwinski shall be entered as requested.

*It is therefore ordered as follows*:

1. Judgment is entered against Podwinski and in favor of Tomek in the amount of $250,000 plus pre-judgment interest at the rate of 6.5% accruing from April 20, 2018 through entry of judgment, plus post-judgment interest accruing at 4.095% annually from the date of entry of the judgment through final payment in favor of Delozier.

1. The judgment against Podwinski is non-dischargeable under 11 U.S.C. § 523(a)(4) for breach of fiduciary duty related to his operation of Barrel Aged Labs, LLC. A factual basis exists for a finding of non-dischargeability on this Judgment. Podwinski does not dispute the accuracy of this factual basis and the Court finds it is sufficient to make the Judgment non-dischargeable in this bankruptcy case and any future bankruptcy proceedings he may file.

2. Podwinski shall not attempt to challenge the non-dischargeability of the Judgment in this case or any bankruptcy or other proceedings he may file now or in the future.

3. Podwinski shall cooperate with any procedure in this case, adversary bankruptcy proceedings, or other proceedings required to recognize the non-dischargeability of the Judgment.

4. Podwinski will pay Delozier the amount owed on the Judgment on the following terms:

    a.    On November 1, 2020 by 5:00 p.m. C.S.T., Podwinski will pay $250 to Delozier as a down payment toward the Judgment.

    b.    Starting November 1, 2020 by 5:00 p.m. C.S.T., Podwinski will pay Delozier $250 per month through November 1, 2021 by 5:00 p.m. C.S.T.;

    c.    Starting December 1, 2021 by 5:00 p.m. C.S.T., Podwinski will pay Delozier $750 per month through December 1, 2023 by 5:00 p.m. C.S.T.

    d.    Starting January 1, 2024 by 5:00 p.m. C.S.T., Podwinski will pay Delozier $1,000 per month through January 1, 2039 by 5:00 p.m. C.S.T.

    e.    By February 1, 2039, Podwinski will then pay the remaining balance on the Judgment to Delozier, plus an additional sum of $750 to buyout Delozier's interest in Barrel Aged Labs, LLC, in a single, lump sum payment through whatever financial means he has available.

5. All payments required under this Judgment shall be made in cash or certified funds and delivered to Tomek's legal counsel at KOUKOL & JOHNSON, LLC, c/o David J. Koukol, 12020 Shamrock Plaza, Suite 333, Omaha, Nebraska 68154, or such other person or location as may be designated in writing by Delozier and a member of KOUKOL & JOHNSON, LLC.

6. If the Judgment is timely paid, then Delozier will promptly file a satisfaction of the Judgment in this Court.

7. Podwinski agrees to entry of a lien against his interest in his home located at 15600 South 76th Street, Roca, Nebraska 68430 ("the Property") in favor of Delozier. Podwinski agrees not to avoid or strip Delozier's lien on his interest in the Property. Podwinski acknowledges Delozier will maintain a lien on his interest in the Property as security for the payments due to Delozier through completion of all terms of this Agreement.

8. Delozier shall not execute against Podwinski's interest in the Property as long as Podwinski makes timely payments and does not default under the terms of the parties' Agreement.

9. Podwinski will produce to Delozier a full copy of the joint 2019 tax return of Brian and Amanda Podwinski with all supporting documentation once it is prepared and filed with the IRS. Podwinski will permit Delozier to review his tax information and documents to determine whether and in what amount Podwinski received an Angel Investment Tax Credit for tax year 2019. Podwinski will further provide his tax returns and supporting documentation to Delozier for each future tax year through completion of the terms of the parties' Agreement.

10. Podwinski will confirm to Delozier his percentage ownership in Blue Blood Brewing Company, Inc., through the date he filed his bankruptcy petition in this case and explain whether he has diluted or added to that percentage based on his contributions of cash or property over time.

11. Podwinski will obtain a term life insurance policy covering at least 20 years of his life as further security for ensuring payment of settlement funds owed to Delozier under the parties' Agreement. Podwinski will take all steps necessary to apply for, obtain, pay premiums on, and provide proof of this term life insurance policy to Delozier. Delozier will be a designated beneficiary of any benefits payable under the policy Podwinski obtains under this paragraph, and any premiums Podwinski pays will be credited against what Podwinski owes Delozier under the terms of the parties' Agreement.

12. Podwinski will be in default of the parties' Agreement if he fails to comply with any of its terms. Upon any default, Delozier may at his option give Podwinski notice of the default by first-class mail addressed to 15600 South 76th Street, Roca, Nebraska 68430. Podwinski may cure the default within 20 days of the date upon which Delozier mailed him notice of the default. Podwinski shall only be entitled to cure a default under the parties' Agreement once; no further cure period for any further default is permitted. If Podwinski fails to timely or properly cure any default under the parties' Agreement, then Delozier shall be entitled to declare the entire amount of his Judgment immediately due and shall be entitled to immediate collection of the Judgment as allowed by law, less any

payments made as of the date of default.

Dated this _____ day of _____, 2020.

By the Court:

_____
Thomas L. Saladino
Bankruptcy Judge, District of Nebraska

*Approved as to form and content by:*

By: /s/ Michael W. Milone
Michael W. Milone #25800
David J. Koukol #18102
KOUKOL & JOHNSON, LLC
12020 Shamrock Plz., Suite 333
Omaha, NE 68154
Email: mmilone@westomahalaw.com
Phone: (402) 934-9499, ext. 211
Fax: (402) 934-7730
Counsel for Charles Tomek

By _____
John A. Lentz
LEPANT & LENTZ
650 J Street, Suite #215B
Lincoln, Nebraska 68508
Phone: (402) 421-9676
Email: john@lepantandlentz.com
Counsel for Brian Podwinski

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| In re: | BK No. 19-41937-TLS |
|---|---|
| Brian C. Podwinski, | **Consent Judgment Pursuant to Settlement Agreement** |
| Ch. 7 Debtor. | |

Brian C. Podwinski ("Podwinski"), pursuant to a Stipulated Settlement Agreement ("the Agreement") entered into with Charles Tomek ("Tomek"), Tadd Delozier ("Delozier") (collectively "the parties"), hereby consents to the entry of a judgment against him and in favor of Charles Tomek, in the amount of $134,125.00 plus post-judgment interest accruing at 4.095% annually from the date of entry of the judgment through final payment in favor of Tomek ("Judgment"). Podwinski acknowledges this confessed, stipulated judgment against him is non-dischargeable under 11 U.S.C. § 523(a)(4) for breach of fiduciary duty related to his operation of Barrel Aged Labs, LLC. Podwinski agrees a factual basis exists for a finding of non-dischargeability on the Judgment. Podwinski does not dispute the accuracy of this factual basis and stipulates that it is sufficient to make the Judgment non-dischargeable in this bankruptcy case and any bankruptcy proceedings he may file in the future. Podwinski stipulates that he will not attempt to challenge the non-dischargeability of the Judgment in this case or any bankruptcy or other proceedings he may file now or in the future. Podwinski agrees that he will cooperate with any procedure in this case, adversary bankruptcy proceedings, or other proceedings required to recognize the non-dischargeability of the Judgment. Podwinski agrees he will take all steps necessary for this Court to enter the Judgment against him.

Dated: _____, 2020.


_____
Brian C. Podwinski, Debtor.

### Judgment

This matter is before the Court upon the submission of a Consent Judgment given by debtor Brian C. Podwinski pursuant to a Stipulated Settlement Agreement reached between the parties. The Court being duly advised in the premises finds that the consent judgment against Podwinski shall be entered as requested.

*It is therefore ordered as follows*:

1. Judgment is entered against Podwinski and in favor of Tomek in the amount of $134,125.00 plus post-judgment interest accruing at 4.095% annually from the date of entry of this judgment through final payment in favor of Tomek.

1. The judgment against Podwinski is non-dischargeable under 11 U.S.C. § 523(a)(4) for breach of fiduciary duty related to his operation of Barrel Aged Labs, LLC. A factual basis exists for a finding of non-dischargeability on this Judgment. Podwinski does not dispute the accuracy of this factual basis and the Court finds it is sufficient to make the Judgment non-dischargeable in this bankruptcy case and any future bankruptcy proceedings he may file.

2. Podwinski shall not attempt to challenge the non-dischargeability of the Judgment in this case or any bankruptcy or other proceedings he may file now or in the future.

3. Podwinski shall cooperate with any procedure in this case, adversary bankruptcy proceedings, or other proceedings required to recognize the non-dischargeability of the Judgment.

4. Podwinski will pay Tomek the amount owed on the Judgment on the following terms:

   a. On November 1, 2020 by 5:00 p.m. C.S.T., Podwinski will pay $250 to Tomek as a down payment toward the Judgment.

   b. Starting November 1, 2020 by 5:00 p.m. C.S.T., Podwinski will pay Tomek $250 per month through November 1, 2021 by 5:00 p.m. C.S.T.;

   c. Starting December 1, 2021 by 5:00 p.m. C.S.T., Podwinski will pay

Tomek $750 per month through December 1, 2023 by 5:00 p.m. C.S.T.

d.  Starting January 1, 2024 by 5:00 p.m. C.S.T., Podwinski will pay Tomek $1,000 per month through January 1, 2039 by 5:00 p.m. C.S.T.

e.  By February 1, 2039, Podwinski will then pay the remaining balance on the Judgment to Tomek in a single, lump sum payment through whatever financial means he has available.

5. All payments required under this Judgment shall be made in cash or certified funds and delivered to Tomek's legal counsel at KOUKOL & JOHNSON, LLC, c/o David J. Koukol, 12020 Shamrock Plaza, Suite 333, Omaha, Nebraska 68154, or such other person or location as may be designated in writing by Tomek and a member of KOUKOL & JOHNSON, LLC.

6. If the Judgment is timely paid, then Tomek will promptly file a satisfaction of the Judgment in this Court.

7. Tomek's prior judgment lien on Podwinski's interest in his home located at 15600 South 76th Street, Roca, Nebraska 68430 ("the Property") shall remain in place as security for the payments due to Tomek through completion of all terms of the parties' Agreement.

8. Tomek shall not execute against Podwinski's interest in the Property as long as Podwinski makes timely payments and does not default under the terms of the parties' Agreement.

9. Podwinski will produce to Tomek a full copy of the joint 2019 tax return of Brian and Amanda Podwinski with all supporting documentation once it is prepared and filed with the IRS. Podwinski will permit Tomek to review his tax information and documents to determine whether and in what amount Podwinski received an Angel Investment Tax Credit for tax year 2019. Podwinski will further provide his tax returns and supporting documentation to Tomek for each future tax year through completion of the terms of the parties' Agreement.

10. Podwinski will confirm to Tomek his percentage ownership in Blue Blood Brewing Company, Inc., through the date he filed his bankruptcy petition in this

case and explain whether he has diluted or added to that percentage based on his contributions of cash or property over time.

11. Podwinski will obtain a term life insurance policy covering at least 20 years of his life as further security for ensuring payment of settlement funds owed to Tomek under the parties' Agreement. Podwinski will take all steps necessary to apply for, obtain, pay premiums on, and provide proof of this term life insurance policy to Tomek. Tomek will be a designated beneficiary of any benefits payable under the policy Podwinski obtains under this paragraph, and any premiums Podwinski pays will be credited against what Podwinski owes Tomek under the terms of the parties' Agreement.

12. Podwinski will be in default of the parties' Agreement if he fails to comply with any of its terms. Upon any default, Tomek may at his option give Podwinski notice of the default by first-class mail addressed to 15600 South 76th Street, Roca, Nebraska 68430. Podwinski may cure the default within 20 days of the date upon which Tomek mailed him notice of the default. Podwinski shall only be entitled to cure a default under the parties' Agreement once; no further cure period for any further default is permitted. If Podwinski fails to timely or properly cure any default under the parties' Agreement, then Tomek shall be entitled to declare the entire amount of his Judgment immediately due and shall be entitled to immediate collection of the Judgment as allowed by law, less any payments made as of the date of default.

Dated this _____ day of _____, 2020.

By the Court:

_____

Thomas L. Saladino
Bankruptcy Judge, District of Nebraska

*Approved as to form and content by:*

By: /s/ Michael W. Milone

By _____

Michael W. Milone #25800

John A. Lentz

David J. Koukol #18102

LEPANT & LENTZ

KOUKOL & JOHNSON, LLC

650 J Street, Suite #215B

12020 Shamrock Plz., Suite 333

Lincoln, Nebraska 68508

Omaha, NE 68154

Phone: (402) 421-9676

Email: mmilone@westomahalaw.com

Email: john@lepantandlentz.com

Phone: (402) 934-9499, ext. 211

Counsel for Brian Podwinski

Fax: (402) 934-7730

Counsel for Charles Tomek